IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| HOLLY ANN SACKS, Individually and | § | |
| as Representative of the Estate of | § | |
| RICHARD TODD SACKS, MELVIN | § | |
| PHILLIP SACKS, and MARILYN | § | |
| PROCTOR, | § | |
| Plaintiffs | § | |
| | § | |
| V. | § | No.  5:04CV73 |
| | § | |
| FOUR SEASONS HOTEL LIMITED | § | |
| and FOUR SEASONS PUNTA MITA, | § | |
| S.A. de C.V., | § | |
| Defendants | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the

Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges dated January

15, 1994, Defendants Four Seasons Hotels Limited and Four Seasons Punta Mita, S.A. de C.V.'s

Rule 12(b)(6) Motion to Dismiss (Docket Entry # 6) was referred to the Honorable Caroline M.

Craven for the purpose of making a report and recommendation.  The Court, after reviewing the

motion and the response, recommends Defendants' motion be **DENIED.**

## I. BACKGROUND

Holly Ann Sacks, Individually and as Representative of the Estate of Richard Todd Sacks,

Melvin Phillip Sacks, and Marilyn Proctor ("Plaintiffs") bring this diversity cause of action against

Four Seasons Hotels Limited and Four Seasons Punta Mita, S.A. de C.V. ("Defendants"), alleging

on or about June 6, 2003, Plaintiff Holly Ann Sacks and Richard Todd Sacks checked into the Four

Seasons Resort, Punta Mita, Mexico ("the resort").  Plaintiffs assert wrongful death and survival

causes of action against Defendants arising from the death of Richard Sacks (the "decedent") on June 8, 2003, while the Sacks were staying in the resort.  According to the Original Complaint, the decedent called the resort's front desk and asked for medical assistance, and Defendants' agents, servants, and employees were negligent in that they did not respond properly to the decedent's request for assistance and his medical emergency.

## II.  DEFENDANTS' 12 (b)(6) MOTION TO DISMISS

Defendants' motion to dismiss consists of one paragraph in their Original Answer. Defendants assert Plaintiffs cannot prove any set of facts that would entitle them to relief, and the Court should therefore dismiss their action.  In response, Plaintiffs first focus on the liberal pleading standard of FED. R. CIV. P. 8(a), arguing the function of a complaint is to give the defendant fair notice of the plaintiff's claims and the grounds upon which the plaintiff relies.  Plaintiffs assert their Original Complaint meets the pleading requirements of Rule 8(a) and states claims of negligence in the context of both wrongful death and survival causes of action.  To the extent Defendants desire more detailed facts as to the specific manner in which they are claimed to have been negligent, Plaintiffs contend Defendants can obtain such factual details through the discovery process.

## III.  RULE 12(b)(6) STANDARD

FED. R. CIV. P. 12(b)(6) authorizes a dismissal of a complaint for "failure to state a claim upon which relief can be granted."  A 12(b)(6) motion should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. *Capital Parks, Inc. v. Southeastern Advertising and Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994).

A court need not, however, accept as true allegations that are conclusory in nature. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982).

## V. DISCUSSION

"The notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *McManus v. Fleetwood Enterprises, Inc.*, 320 F.3d 545, 551 (5th Cir. 2003), *quoting St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir. 2000). "The plaintiff need not correctly specify the legal theory, so long as the plaintiff alleges facts upon which relief can be granted." *McManus*, 320 F.3d at 551.

Assuming the allegations in the Original Complaint are true, Defendants were negligent (1) in failing to respond properly to the decedent's request for assistance and/or his ongoing medical emergency; (2) in failing to have in place and/or failing to follow reasonable policies and procedures to ensure the safety of guests; and (3) in failing to maintain on the premises appropriate equipment with which to respond to the decedent's potentially life-threatening condition. Plaintiffs further allege the decedent died as a result of the negligence of Defendants. Given the liberal pleading standard of Rule 8(a) and viewing Plaintiffs' Original Complaint in the light most favorable to Plaintiffs, the Court cannot say it appears beyond doubt that Plaintiffs could prove no set of facts in support of their claim that would entitle them to relief. Accordingly, the Court recommends Defendants' Rule 12(b)(6) motion to dismiss be denied. Based on the foregoing, it is

**RECOMMENDED** that Defendants Four Seasons Hotels Limited and Four Seasons Punta Mita, S.A. de C.V.'s Rule 12(b)(6) Motion to Dismiss (Docket Entry # 6) be **DENIED**.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A.

636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED** this 21st day of October, 2004.

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

4