IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| 1. HOLLY ANN SACKS, Individually and and as Representative of the Estate of RICHARD TODD SACKS, 2. MELVIN PHILLIP SACKS, and 3. MARILYN PROCTOR, § § § § § | | |
| Plaintiffs, § | CIVIL ACTION NO. 5-04-073 | |
| § | JURY | |
| VS. § | | |
| § | | |
| 1. FOUR SEASONS HOTELS LIMITED § and 2. FOUR SEASONS PUNTA MITA, § S.A. de C.V., § § | | |
| Defendants. § | | |

## RENEWED MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b) OF THE COURT'S DENIAL OF DEFENDANTS' FORUM NON CONVENIENS MOTION TO DISMISS

Defendants Four Seasons Hotels Limited ("FSHL") and Four Seasons Punta Mita, S.A. de C.V. (hereinafter collectively referred to as "Defendants"), respectfully request entry of an order certifying – pursuant to 28 U.S.C. § 1292(b) – the following issue for immediate appeal: denial of Defendants' *forum non conveniens* motion to dismiss.

**I.    INTRODUCTION.**

Defendants filed their initial *forum non conveniens* motion in July 2005. Plaintiffs requested leave of court to conduct certain discovery – including several depositions of Defendants employees – claiming that the discovery was necessary for them to respond to Defendants' motion. Magistrate Craven granted Plaintiffs leave to conduct the discovery. After completion of the discovery, Plaintiffs filed their response brief on November 18, 2005 and Defendants filed their reply brief on February 1, 2006. Magistrate Craven heard oral arguments

on the motion on February 21, 2006.[1] On March 7, 2006, Magistrate Craven filed her R&R, recommending denying Defendants' *forum non conveniens* motion to dismiss. Defendants filed timely objections to the R&R on March 21, 2005. On March 24, 2005, after conducting a *de novo* review, Judge Folsom overruled Defendants' objections and adopted the R&R without presenting any further detailed analysis or discussion.

Judge Folsom did not *sua sponte* certify the foregoing issues for appeal. Therefore, Defendants filed their original motion to certify on April 3, 2006. Plaintiffs filed a motion to strike Defendants' motion on technical grounds. This Court granted the motion to strike on April 20, 2006. Therefore, Defendants file this renewed motion to certify at this time.

Judge Folsom's March 24, 2005 order on Defendants' FNC motion involves controlling questions of law as to which there are substantial ground for difference of opinion. Further, an immediate appeal may materially advance the ultimate termination of the litigation. For all the reasons stated herein, this Court must certify the FNC issues for immediate appeal.

## II. LEGAL STANDARD FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b).

This Court's order denying Defendants' FNC motion is appealable on an interlocutory basis only under the authority of 28 U.S.C. § 1292(b). Defendants are requesting certification.

## III. THE ORDER DENYING DEFENDANTS' FORUM NON CONVENIENS MOTION TO DISMISS MUST BE CERTIFIED FOR IMMEDIATE APPEAL.

A leading Fifth Circuit case regarding interlocutory appeals upon denial of a forum non conveniens motion to dismiss is *Gonzalez v. Naviera Neptuno A.A.*, 832 F.2d 876 (5th Cir. 1987). In *Gonzalez*, Peruvians brought a wrongful death action against a Peruvian shipping company under the Jones Act and maritime law. The shipping company filed a forum non conveniens

---

[1] A copy of the transcript from the oral argument is attached hereto as **Exhibit 1**. This transcript was not yet available at the time Defendants filed their objections to the R&R.

motion to dismiss. The trial court denied the motion and refused to certify the issue for interlocutory appeal. *Id.* at 877-878. Following a trial, the defendant appealed the trial court's denial of the FNC motion. The Fifth Circuit reversed and remanded, finding that the case should have been dismissed on FNC grounds. *Id.* at 881-882. In reversing the trial court's denial of the FNC motion to dismiss, the Fifth Circuit noted that "trial judges should be hospitable to applications for interlocutory appeals under 28 U.S.C. § 1292(b)" after granting or denying a FNC motion to dismiss. *Id.* at 881. The court went on to state "pretrial certification of this issue not only obviates a possible useless trial, but affords an effective review by this court." *Id.*

In a similar case, the Fifth Circuit – upon a petition for writ of mandamus – requested that the Eastern District of Texas certify for interlocutory appeal its denial of a defendant's FNC motion to dismiss. *McClelland Engineers, Inc. v. Munusamy*, 784 F.2d 1313, 1314-1316 (5th Cir. 1986) (overruled on other grounds in *In re AIR CRASH DISASTER NEAR NEW ORLEANS, LOUISIANA ON JULY 9, 1982*, 821 F.2d 1147 (5th Cir. 1987). *McClelland* involved three personal injury admiralty cases – consolidated for purposes of resolving the *forum non conveniens* issues – involving persons that were injured outside the boarders of the United States, yet all filed lawsuits in the United States. *Id.* at 1315.

Based on the foregoing, the Fifth Circuit recognizes the importance of accepting an interlocutory appeal of a trial court's order on a FNC motion to dismiss. Defendants discuss, in turn below, the individual issues for which there are substantial ground for difference of opinion.

    a. **Nayarit, Mexico is an "Available" Alternative Forum in This Case.**

        i. **This Court's Finding that Nayarit, Mexico is Not an "Available" Alternative Forum in This Case is in Direct Conflict With Established Fifth Circuit Precedent And This Issue Involves a Controlling Question of Law as to Which There is Substantial Ground For Difference of Opinion.**

125052-2          3

The Fifth Circuit has held that a defendant's submission to the jurisdiction of an alternative forum renders that forum "available" for purposes of *forum non conveniens*; therefore, no more analysis of this issue is required.[2] *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1245 (5th Cir. 1983). Pursuant to this binding Fifth Circuit precedent, Defendants submitted themselves to the jurisdiction of the courts of Nayarit, Mexico. *See Defendants' FNC Reply Brief*, pp. 1 and 15. This stipulation solidified Nayarit, Mexico as an "Available" alternative forum, without the need for any further inquiry. Therefore, this Court's finding that Nayarit, Mexico was not an "Available" alternative forum in this case is in direct conflict with binding Fifth Circuit precedent.

### ii. This Court's Finding that Nayarit, Mexico is Not "Available" Due to The Nayarit Statute of Limitations is in Direct Conflict With The Record And This Issue Involves a Controlling Question of Law as to Which There is Substantial Ground For Difference of Opinion.

Plaintiffs argue – using their expert's affidavit as support – that Article 1145 of the Civil Code for the State of Nayarit prohibits them from re-filing this case in Nayarit if this Court dismisses this case on *forum non conveniens* grounds. However, such an argument, as accepted by this Court, ignores the provision of Nayarit law that tolls the statute of limitations when a lawsuit is originally timely-filed in one jurisdiction, but later re-filed in another jurisdiction for procedural reasons such as transfer or *forum non conveniens*. See Section IV, Article 148 of the CCPN attached as Exhibit C to Defendants' FNC Reply Brief. Dr. Pereznieto admitted during his deposition that Nayarit law includes a provision for tolling of the statute of limitations. See pp. 139-140 of Exhibit A to Defendants' FNC Reply Brief. Both of Defendants' Nayarit law experts agreed on the tolling. See ¶ 8 of Exhibit B to Defendants' FNC Reply Brief; see also

---

[2] This basic tenet of the forum non conveniens doctrine is also recognized by U.S. Circuit Courts of Appeal throughout the United States. *Kamel v. Hill-Rom Co. Inc.*, 108 F.3d 799, 803 (7th Cir. 1997); *Schertenleib v. Traum*, 589 F.2d 1156, 1160 (2nd Cir. 1978); *Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 606 (10th Cir. 1998).

translations of Code attached as Exhibit C to Defendants' FNC Reply Brief. The plain language of Section IV of Article 148 of the CCPN does not distinguish between the filing of a lawsuit before a local judge or a judge of a different jurisdiction, including any foreign jurisdiction. *Id.* Therefore, it is undisputed among all of the experts on Mexican law that Plaintiffs would not be barred by the Nayarit statute of limitations from re-filing this case there following a FNC dismissal by this Court.

> iii. **This Court's Finding that Nayarit, Mexico is Not "Available" Due to The Theory of "Preemptive Jurisdiction" is in Direct Conflict With The Record And This Issue Involves a Controlling Question of Law as to Which There is Substantial Ground For Difference of Opinion.**

It is important to note that the actual opinions of <u>all four</u> of the proffered experts on Mexican law demonstrate that the theory of "preemptive jurisdiction" is not applicable to the instant case. They all agreed that, under the law of Nayarit, when there are two defendants, jurisdiction is proper in the forum <u>of either defendant's domicile</u> where the plaintiff first files suit, but the plaintiff cannot choose a forum of his/her own domicile if one of the defendants is not also domiciled there. See pp. 126-128 of Exhibit A to Defendants' FNC Reply Brief; see also ¶ 13 of Exhibit B to Defendants' FNC Reply Brief. In the instant case, Plaintiffs could have filed in Nayarit, Mexico, or Ontario, Canada, and either one of those forums would have been considered appropriate under the law of Nayarit. However, Plaintiffs chose to file suit in Texas instead. The law of Nayarit does <u>not</u> provide that jurisdiction is appropriate in a wrongful death case where the decedent resided or where the plaintiffs reside. *Id.*

Finding that the theory of "preemptive jurisdiction" applies in the instant case such that Plaintiffs filing of this action in Texas (a forum lacking jurisdiction under Nayarit law) automatically precludes the subsequent transfer to or re-filing of this case in Nayarit or Ontario (the only jurisdictions recognized as proper under Nayarit law) would render all of the laws and

translations of Code attached as Exhibit C to Defendants' FNC Reply Brief. The plain language of Section IV of Article 148 of the CCPN does not distinguish between the filing of a lawsuit before a local judge or a judge of a different jurisdiction, including any foreign jurisdiction. *Id.* Therefore, it is undisputed among all of the experts on Mexican law that Plaintiffs would not be barred by the Nayarit statute of limitations from re-filing this case there following a FNC dismissal by this Court.

> iii. **This Court's Finding that Nayarit, Mexico is Not "Available" Due to The Theory of "Preemptive Jurisdiction" is in Direct Conflict With The Record And This Issue Involves a Controlling Question of Law as to Which There is Substantial Ground For Difference of Opinion.**

It is important to note that the actual opinions of <u>all four</u> of the proffered experts on Mexican law demonstrate that the theory of "preemptive jurisdiction" is not applicable to the instant case. They all agreed that, under the law of Nayarit, when there are two defendants, jurisdiction is proper in the forum <u>of either defendant's domicile</u> where the plaintiff first files suit, but the plaintiff cannot choose a forum of his/her own domicile if one of the defendants is not also domiciled there. See pp. 126-128 of Exhibit A to Defendants' FNC Reply Brief; see also ¶ 13 of Exhibit B to Defendants' FNC Reply Brief. In the instant case, Plaintiffs could have filed in Nayarit, Mexico, or Ontario, Canada, and either one of those forums would have been considered appropriate under the law of Nayarit. However, Plaintiffs chose to file suit in Texas instead. The law of Nayarit does <u>not</u> provide that jurisdiction is appropriate in a wrongful death case where the decedent resided or where the plaintiffs reside. *Id.*

Finding that the theory of "preemptive jurisdiction" applies in the instant case such that Plaintiffs filing of this action in Texas (a forum lacking jurisdiction under Nayarit law) automatically precludes the subsequent transfer to or re-filing of this case in Nayarit or Ontario (the only jurisdictions recognized as proper under Nayarit law) would render all of the laws and

rules on appropriate forum, jurisdiction, and domicile absolutely meaningless. If "preemptive jurisdiction" applies even if a plaintiff files in a forum not recognized as proper under the law (such as the instant case) then a plaintiff would never have to follow the law and rules on proper forum and jurisdiction because the plaintiff could file in any forum whatsoever and just raise the "preemptive jurisdiction" theory when a defendant or the court raises a question on the proper forum. Further, such a result would automatically destroy, in its entirety, any future application of the long established doctrine of *forum non conveniens*. These results would be unfair and contrary to law.

This Court further found that any judge in Nayarit would automatically dismiss a re-filing of this case following a *forum non conveniens* dismissal from this Court because Plaintiffs would not be re-filing the case there voluntarily. (See R&R, p. 12). However, this argument is based on Plaintiffs' expert's assumption that an FNC dismissal from this Court mandates transfer of this case to a court in Nayarit, Mexico. In fact, an FNC dismissal of this case by this Court is just that - a dismissal. If Plaintiffs choose to re-file in Nayarit, the act of re-filing would be a voluntary act on their part. Plaintiffs' Mexican law expert, Dr. Pereznieto, agreed that Plaintiffs' re-filing of this case in Nayarit would be a voluntary act, so long as this Court issues an FNC <u>dismissal</u> as opposed to an order <u>transferring</u> the case to Nayarit. See pp. 140-141 of Exhibit A to Defendants' FNC Reply Brief. Such a voluntary re-filing would not, therefore, violate Article 8 of the CCPN.

> iv. **This Court's Finding that Nayarit, Mexico is Not "Available" Because Nayarit Courts Lack Jurisdiction Over FSHL is in Direct Conflict With The Record And This Issue Involves a Controlling Question of Law as to Which There is Substantial Ground For Difference of Opinion.**

Contrary to this Court's finding, there is no concern about jurisdiction over the Canadian defendant, FSHL, because it stipulated to jurisdiction in a Nayarit court. It is clear under Nayarit law that FSHL may agree to submit to the jurisdiction of the courts of Nayarit in this case. See the following Exhibits to Defendants' FNC Reply Brief: Exhibit A at pp. 144-146; Exhibit B at 17; and Exhibit G at p. 120.

Further, this Court's reliance on *Garcia v. Ford Motor Company* is not dispositive (See R&R, p. 12). The *Garcia* case, and its history in Mexico, was recently discussed in the case *Juanes v. Continental Tire North America, Inc.*, 2005 WL 2347218 (S.D. Ill. 2005). It should be noted that Dr. Pereznieto, Plaintiffs' expert on Mexican law in the instant case, was also an expert on Mexican law in the *Juanes* case, where he rendered virtually identical opinions to those asserted here. The *Juanes* court rejected Dr. Pereznieto's analysis of the issues and granted the FNC motion to dismiss. *Id.*

In the instant case, Dr. Pereznieto's discussion of the *Garcia* case – which this Court relies upon – omitted the crucial information that the Jalisco Supreme Court rejected the plaintiffs' appeal because the defendants had not expressly designated, in a clear and precise way, the identity of the Jalisco judge under whose jurisdiction they voluntarily subjected themselves, in violation of that Jalisco Code of Civil Procedure. *Juanes*, 2005 WL 2347218, * 2. The Mexican court's reasoning is important because it confirms that the Garcia plaintiffs could have sued Ford and Michelin in the courts of Jalisco, Mexico, if the defendants announced clearly and conclusively the exact forum and designated with precision the judge to whom they would submit. *Id.*

> v. **This Court's Finding that Nayarit, Mexico is Not "Available" Because Alternative Rules on Jurisdiction in Nayarit Provide That Jurisdiction May Also Lie Where The Case Originates is in Direct Conflict With**

### The Record And This Issue Involves a Controlling Question of Law as to Which There is Substantial Ground For Difference of Opinion.

This case did not "originate" in Canada. The uncontradicted deposition testimony shows that any alleged negligence occurred in Nayarit, Mexico. It is improper to rely upon the allegations contained in Plaintiffs' Complaint suggesting the contrary when the evidentiary facts of record actually contradict the mere allegations in the Complaint.

The hotel general manager, Christian Clerc, testified that the hotel has a contract with a local medical services provider, Servicios Medicos de la Bahia, to provide physicians at the hotel 24-hours a day. See pp. 83-84 of Exhibit D to Defendants' FNC Reply Brief. Once the medical doctor gets involved in treating a hotel guest, only he or she has the authority to direct the treatment, including how and when to transport a guest to a medical facility. *Id.* at 54. His further testimony also supports the foregoing. *Id.* at 78-80 and 87.

The hotel manager, Martin Rhomberg, testified that he relies on the contract doctors to determine what services are appropriate and what equipment should be kept at the hotel. See pp. 66-67 of Exhibit E to Defendants' FNC Reply Brief. Senior Vice President of Operations and Development for Four Seasons Hotels Ltd., Charles Ferraro, testified that, on the specific issue of medical services for guests, Four Seasons Hotels Ltd., specifically advised the subject hotel that guest medical services would have to be dealt with locally because of the location of the property. See pp. 37-41 of Exhibit F to Defendants' FNC Reply Brief. According to Ferraro, the local Mexican ownership group was ultimately responsible for coming up with a medical services plan because they would best understand whether the plan was adequate given their knowledge of Mexican law, customs and tradition. *Id.* at 37-41, and 68.

The testimony by Messrs. Ferraro, Clerc, and Rhomberg is uncontroverted. Plaintiffs cannot overcome the evidence that the Canadian Defendant did not draft, review or enforce the

hotel's procedures relating to medical treatment of guests. Finally, there is simply no <u>evidence</u> that any of these policies or procedures were made in the United States.

### vi. This Court's Rejection of a "Return Jurisdiction" Clause is in Direct Conflict With Established Fifth Circuit Precedent.

In discussing the doctrine of *forum non conveniens*, the Fifth Circuit has recognized the ability of a U.S. court entering the dismissal to allow for the plaintiff to return to the U.S. forum if reinstatement in the alternative forum is obstructed. *In re Air Crash Disaster Near New Orleans*, 821 F.2d at 1166. Conditioning a FNC dismissal with the safety mechanism of a "return jurisdiction" clause in the court order granting the FNC dismissal is an accepted practice in other jurisdictions as well. See *Juanes*, 2005 WL 2347218, * 2; see also *Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 607 (10th Cir. 1998). In the instant case, a return jurisdiction clause would allow Plaintiffs to return to this Court if the Nayarit court refuses jurisdiction when Plaintiffs re-file there. *Id.* This offers Plaintiffs absolute protection in this case.

## b. Nayarit, Mexico is an "Adequate" Alternative Forum in This Case.

### i. This Court's Finding that Nayarit, Mexico is Not an "Adequate" Alternative Forum in This Case Due to Nayarit Law on Damages is in Direct Conflict With Established U.S. Supreme Court and Fifth Circuit Precedent.

In the *forum non conveniens* context, a plaintiff cannot defeat a motion to dismiss "merely by showing that the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the present forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 247 (1981); see also *Diaz v. Mexicana de Avion, S.A.*, 1987 WL 275695 (W.D. Tex. January 23, 1987). A foreign forum is considered "adequate" when the parties will not be deprived of <u>all</u> remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court. *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th

Cir. 2003) (Mexico is adequate alternative forum in wrongful death case). The Supreme Court in *Piper* held "The Court of Appeals erred in holding that plaintiffs may defeat a motion to dismiss on the ground of *forum non conveniens* merely by showing that the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the present forum. The possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry. *Piper,* 454 U.S. at 247.

The court in *Piper* went on to note that:

> **... if conclusive or substantial weight were given to the possibility of a change in law, the *forum non conveniens* doctrine would become virtually useless. Jurisdiction and venue requirements are often easily satisfied. As a result, many plaintiffs are able to choose from among several forums. Ordinarily, these plaintiffs will select that forum whose choice-of-law rules are most advantageous. Thus, if the possibility of an unfavorable change in substantive law is given substantial weight in the *forum non conveniens* inquiry, dismissal would rarely be proper.**

*Id.* at 250. The court also noted that such an approach would pose substantial practical problems. More specifically, "[I]f the possibility of a change in law were given substantial weight, deciding motions to dismiss on the ground of *forum non conveniens* would become quite difficult." *Id.* at 251. Consequently, "dismissal would be appropriate only if the court concluded that the law applied by the alternative forum is as favorable to the plaintiff as that of the chosen forum." *Id.* The court found that such an analysis is not proper under the doctrine of *forum non conveniens*.

The R&R, as adopted by Judge Folsom, is inaccurate where it sets forth that Defendants relied upon case law where the plaintiffs resided in Mexico. (See R&R, p. 12). While Defendants cited some cases where the plaintiffs resided in Mexico, Defendants specifically cited at least five (5) cases that were dismissed on FNC grounds where all or some of the plaintiffs were residents of the United States. *See* Defendants FNC Motion, pp. 7-17. It is

important to note that several of those cases involved personal injuries suffered at hotel-resorts located outside of the United States. *Id.*

Finally, Dr. Pereznieto's affidavit contained no meaningful calculations of how he reached the value of $9,500. See ¶¶ 55-56 of Exhibit A to Plaintiffs' FNC Response Brief. Further, this figure offered by Pereznieto completely disregards the potential recovery of moral damages under the law of Nayarit, as well as medical expenses and funeral expenses – which are unlimited. *Id.* The Nayarit remedy need not be identical or even substantially similar to what Plaintiffs might recover in Texas. This Court's findings are directly contrary to well settled law.

> ii. **This Court's Finding that Nayarit, Mexico is Not an "Adequate" Alternative Forum in This Case Because Proceedings in Mexico Would Not be Concluded Within a Reasonable Time Frame is in Direct Conflict With The Record And This Issue Involves a Controlling Question of Law as to Which There is Substantial Ground For Difference of Opinion.**

Under the forum non conveniens analysis, determining whether an alternative forum is "adequate" does not involve a comparison of the court congestion of the competing forums – the issue is properly analyzed as one of the public interest factors. Regardless, the issue is discussed in the R&R in the context of whether Nayarit is an "Adequate" alternative forum. (See R&R, p. 14). On this issue, it is telling that Plaintiffs cite to, but do not quote, Dr. Pereznieto's affidavit to support their argument on the time it would take this case to progress in the courts of Nayarit. *See* Plaintiffs' FNC Response Brief, p. 15-16. However, in paragraph 48 of Dr. Pereznieto's affidavit, he opines that it could take as little as 15 months to complete a trial **and** two levels of appeal of this dispute in Nayarit. Obviously, proceedings in Mexico would most likely be concluded within a shorter period of time than if this case proceeds in this Court.

> iii. **This Court's Finding that Nayarit, Mexico is Not an "Adequate" Alternative Forum in This Case Because Plaintiffs Argued That no Mexican Attorney Would Take This Case on a Contingency Fee Basis**

>is Not Supported by Law and This Issue Involves a Controlling Question of Law as to Which There is Substantial Ground for Difference of Opinion.

Plaintiffs argue, and this Court agreed, that a FNC dismissal is inappropriate in this case because Plaintiffs would not be able to retain a Mexican attorney under a contingency fee agreement. (See R&R, p. 14). However, neither Plaintiffs nor this Court cited <u>any</u> legal authority establishing that this issue is even relevant to the FNC analysis.

> iv. **This Court's Finding that Nayarit, Mexico is Not an "Adequate" Alternative Forum in This Case Because Mexico Does Not Have Procedural Safeguards to Permit Plaintiffs to Develop Their Evidence is in Direct Conflict With The Law of Nayarit as Cited in The Record And This Issue Involves a Controlling Question of Law as to Which There is Substantial Ground For Difference of Opinion.**

Dr. Pereznieto incorrectly stated the law of Nayarit relative to certain procedures applicable in the courts there. The following demonstrates that this Court is incorrect to state "... discovery as practiced in the United States does not exist in Mexico." (See R&R, p. 14). While the procedures are not identical, the procedures in Mexico are sufficient for the parties to litigate this case.

The obligation to produce documents in the courts of Nayarit is codified in Article 188 of the CCPN, which provides as follows:

> *Art. 188. If the document is kept in either the books or papers of a business or an industrial establishment, he who requests the document or evidence of it must determine with precision which it is, and the copy should be certified at the office of the establishment, with the directors under no obligation to bring to court the accounting books, as only the designated entries or documents need be presented.*

See ¶ 21 of Exhibit B to Defendants' FNC Reply Brief. In addition, section VI of Article 199 of the CCPN provides that:

> *Art. 199. Before holding the hearing, the evidence should be opportunely readied so that it may be admitted and for that the procedure is as follows: ...*
> *VI. Order delivery of copies, documents, books and other instruments submitted by the parties ordering the examination of the documents deemed necessary."*

*Id.* at ¶ 22.

It is not true that all witness testimony must be rendered in the courthouse in Mexico to be valid. *Id.* at ¶ 23-26. Actually, when a witness has a domicile outside of the jurisdiction of the court in Nayarit, testimony may be taken by a rogatory letter. *Id.* These articles demonstrate that valid witness testimony in Mexico may be obtained through the Mexican Foreign Service in Texas and Canada, or through the local judicial authorities in those jurisdictions.

It is not true that expert witnesses must be chosen from an official list acceptable to the judge. Instead of the expert witness being appointed from a restricted official list, experts are appointed by the parties themselves, or from a list provided by the parties. *Id.* at ¶¶ 27-28. More specifically, Articles 190 and 191 of the CCPN provide as follows:

> *Art. 190. The expert proof is presented by supplying the name and address of the individual designated as the expert with special knowledge in the science, art or technique to which the question about which his opinion will be heard pertains; if legally regulated, the subjects he will cover must be stated. If the science, art or technique were not legally regulated, or even if they were, in the absence of experts on site any knowledgeable individual may be designated.*
>
> *Art. 191. Should those in charge of designating an expert be unable to come to an agreement, the judge will designate one among those suggested by the interested parties, and the designated individual will carry out the procedure.*

This Court also notes that any discovery conducted thus far in the case would be lost if the case was re-filed in Nayarit. Yet, the only discovery to have proceeded thus far is basic

discovery necessary to elucidate the issues on Defendants' FNC motion to dismiss. Plaintiffs' attempts to conduct unfettered discovery were rejected by this Court in prior orders.

> v. **This Court's Finding that Nayarit, Mexico is Not an "Adequate" Alternative Forum in This Case Because The United States Strongly Connected to This Case is in Direct Conflict With The Record And This Issue Involves a Controlling Question of Law as to Which There is Substantial Ground For Difference of Opinion.**

It is irrelevant to the FNC analysis whether this case has connections to the United States as a whole. (See R&R, pp. 15-16). The relevant issue is a weighing of the factors to determine the respective convenience of litigating this case in Texas (not the U.S. as a whole) or in the alternate forum of Nayarit, Mexico. In short, this Court found that Defendants advertise, conduct business, and solicit business in Texas, thus a *forum non conveniens* dismissal is not appropriate. *Id.* However, neither Plaintiffs nor this Court provided any legal support that these "contacts" are relevant to the issue of *forum non conveniens*. While such alleged facts might be relevant to the issue of personal jurisdiction, that issue is not before this Court.

> c. **Private Interests Weigh in Favor of Dismissal And This Court's Finding that There is No Need For a Viewing of The Subject Premises Involves a Controlling Question of Law as to Which There is Substantial Ground For Difference of Opinion.**

This Court found that the only private interest factor that weighed against dismissal was the need for a viewing of the subject premises. (See R&R, pp. 17-20). However, the law supports a viewing of the premises in this case. *See* Defendants' FNC Motion, pp. 17-18; *see also* Defendants' FNC Reply Brief, pp. 25-26. This Court cites to no law to the contrary.

> d. **Public Interests Weigh in Favor of Dismissal And This Court's Failure to Individually Analyze These Factors Involves a Controlling Question of Law as to Which There is Substantial Ground For Difference of Opinion.**

This Court failed to follow binding Fifth Circuit precedent by not individually analyzing the four separate public interest factors. See *Gulf Oil*, 330 U.S. at 508-509. The Fifth Circuit is

"insistent that the trial court carefully state in detail why the motion to dismiss on forum non conveniens is granted or denied." *Gonzalez*, 832 F.2d at 881. This Court merely stated that these factors were considered and that they weighed in favor of resolving this case in Texas. (See R&R, p. 20-21).

WHEREFORE, for all the foregoing reasons, this Court should – pursuant to 28 U.S.C. § 1292(b) – certify the following issue for immediate appeal: denial of Defendants' *forum non conveniens* motion to dismiss.

Respectfully submitted,

**GODWIN PAPPAS LANGLEY RONQUILLO, LLP**

By: /s/ MARCOS G. RONQUILLO
MARCOS G. RONQUILLO
State Bar No. 17226000
KIRK D. WILLIS
State Bar No. 21648500
JOSE L. GONZALEZ
State Bar No. 08129100
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2084
(214) 939-4400 (Telephone)
(214) 760-7332 (Telecopier)
E-mail: mronquillo@godwingruber.com
E-mail: kwillis@godwingruber.com
E-mail: jgonzalez@godwinpappas.com

**CREMER, KOPON, SHAUGHNESSY & SPINA, L.L.C.**

WILLIAM J. CREMER
State Bar No. 6180833
180 N. LaSalle, Suite 3300
Chicago, Illinois 60601
(312) 980-3014 (Telephone)
(312) 726-3818 (Telecopier)
E-mail: wcremer@cksslaw.com

## CERTIFICATE OF CONFERENCE

Counsel for Defendants has previously conferred with counsel for Plaintiffs regarding the relief requested herein. Counsel for Plaintiffs have indicated they are opposed to the requested relief, and therefore this motion is presented to the Court for determination.

/s/ MARCOS G. RONQUILLO
---
MARCOS G. RONQUILLO

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on the following counsel of record via U.S. Mail and E-Mail this 21st day of April, 2006:

Windle Turley
Law Offices of Windle Turley, P.C.
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206

Winford L. Dunn
Dunn, Nutter & Morgan, L.L.P.
Suite Six, Stateline Plaza, Box 8030
Texarkana, Texas 71854

William Cremer
Cremer, Kopon, Shaughnessy & Spina LLC
180 North LaSalle, Suite 3300
Chicago, Illinois 60601

/s/ MARCOS G. RONQUILLO
---
MARCOS G. RONQUILLO