IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| HOLLY ANN SACKS, Individually and as Representative of the Estate of RICHARD TODD SACKS, MELVIN PHILLIP SACKS, and MARILYN PROCTOR, | § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 5:04-CV-73 |
| FOUR SEASONS HOTELS LIMITED AND FOUR SEASONS PUNTA MITA, S.A. de C.V., | § § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
RENEWED MOTIONS FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

TO THE HONORABLE JUDGE OF THIS COURT:

In two motions, Defendants have asked that the Court certify its order on their Motion to Dismiss Under the Doctrine Forum Non Conveniens and Motion for Determination of Applicable Law Pursuant to Rule 44.1 for immediate appeal under 28 U.S.C. section 1292(b). Defendants Renewed Motions for Certification should be denied, though, because Defendants are unable to establish the statutory prerequisites for such certification, as Plaintiffs outline here.

*Defendant's multiple Motions are inappropriate*

The Court has been presented with two motions seeking certification of separate issues involved in a single order by the Court. This is inappropriate because, "[a]s the text of § 1292(b) indicates, appellate jurisdiction applies to the *order* certified to the court of

appeals," not to a particular issue contained in the Order. *See Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (U.S. 1996) (emphasis added). In other words, "it is the order that is appealable, and not the controlling question identified by the district court." *Id*. As a result, the motions to certify filed by Defendants, that request that the Court certify specific "issues" in the Order do not seek appropriate relief.

The bottom line here is that Defendants determined that they wanted 30 pages to argue their position to the Court, contrary to this Court's local rules. They first filed a 30 page motion, completely ignoring the requirements of the Local Rules. This Court struck that Motion. Undeterred, Defendants simply broke the motion in two and filed both halves with the Court, apparently insisting that they have the "right" to present this Court with as much briefing as they feel is appropriate for the question. Presumably, if Defendants believed that they needed 50 pages of briefing for their purposes, they would merely identify three "issues" for appeal and file three separate motions.

Plaintiffs do not take a position on the Court's appropriate reaction to Defendants' response to the Court's order striking the first motion to certify. Nevertheless, the Motions should be denied because Defendants have failed to demonstrate that the Court's order is suitable for certification.

***Defendants have failed to show exceptional circumstances
justifying certification for appeal***

28 U.S.C. section 1292 allows for a district court to certify an interlocutory order for immediate appeal if (1) the order involves a controlling question of law, (2) that is subject to a substantial ground for difference of opinion, when (3) an immediate appeal may

materially advance the termination of the litigation. 28 U.S.C. § 1292(b). None of these factors are satisfied by the order at issue here.

A controlling question of law must be just that–a question of law. 1292(b) certification is not available when the question is the application of the law to the facts; that is, "28 U.S.C. § 1292(b) 'is not available as a means to review . . . for incorrect evaluation of proper factors." *See Totonelly v. Cardiology Assocs.*, 936 F. Supp. 165, 167 (D.N.Y. 1996) *(quoting A. Olinick & Sons v. Dempster Brothers, Inc.*, 365 F.2d 439, 443 (2d Cir. 1966)). Here, Defendants merely disagree with the Court's analysis, not whether the Court applied the correct law. This is not a proper basis for finding a controlling question of law.

In addition, the question is not a question of law when it is essentially a question of the evidence presented to the Court and the facts upon which the ruling lies. That is, plainly, "28 U.S.C. § 1292(b) is not designed for review of factual matters but addresses itself to a 'controlling question of law.'" *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860, 863 (3rd Cir. 1977). As a result, "[a] question which requires a factual as well as legal decision is not suitable for interlocutory review." *Speizman Knitting Machine Co. v. Terrot Strickmaschinen GmBH*, 505 F. Supp. 200, 202 (D.N.C. 1981).

As can be seen by a review of Defendants' Renewed Motions for Certification, much of their argument is based on an their alternative view of the evidence presented to the Court and the claim that the Court is simply wrong on the evidence. Thus, Defendants posit a ruling that is fundamentally a question of the evidence presented, not a question of law. It is no answer that the question is one of Mexican law. Here, Mexican law is the "fact" at issue and the Court's resolution of that fact is based on the evidence and the record presented

by the parties. This is not a "controlling issue of law" as contemplated by section 1292(b), but rather is simply the Court's conclusion based on the evidence presented. Thus, "an appeal would necessarily present a mixed question of law and fact, not a controlling issue of pure law," and the issues are not suitable for certification. *See SEC v. First Jersey Secur., Inc.*, 587 F. Supp. 535, 536 (D.N.Y. 1984).

Secondly, Defendants must show a "substantial" ground for disagreement about the controlling question of law. As shown above, there is no controlling question of law here. Likewise, there is no basis for a "substantial" basis for disagreement. Defendant, of course, disagree with the Court's ruling. But merely because they disagree does not make a "substantial" ground. Defendant do not contend that the Court failed to follow the appropriate precedent or apply the proper factors. They merely contend that the Court's ruling is erroneous. This is not enough to justify the exceptional step of certifying the ruling for appeal. *See Totonelly*, 936 F. Supp. at 167.

Finally, Defendants must show that an immediate appeal would advance the termination of the litigation. This they cannot do. They merely ask that the Court send the litigation to another forum. The ruling on these motions is *not* dispositive. Reversal by the Court of Appeals would not *end* the litigation but would instead require the case to continue in another forum. *See Texas San Juan Oil Corp. v. An-Son Offshore Drilling Co.*, 198 F. Supp. 284, 286 (D.N.Y. 1961) (denying motion for certification on order on venue because no indication appeal would advance termination of the litigation). As a result, an immediate appeal would not advance the termination of the litigation, but would only serve to delay the case.

In the final analysis, Defendants merely disagree with the Court's ruling. As shown by the prior and extensive briefing on the issues, the Court's ruling is entirely correct. Defendants can present no change that has occurred since the ruling to justify any expectation that the Court of Appeals would find any error in the Court's ruling. As a result, Defendants' Renewed Motions for Certification are without merit and should be denied.

Respectfully submitted,

TURLEY LAW FIRM

 /S    Thomas B. Cowart
Windle Turley
State Bar No. 20304000

Linda Turley
State Bar No. 20303800

Thomas B. Cowart
State Bar No. 00787295

6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802

ATTORNEYS FOR PLAINTIFFS

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' Response to Defendants' Renewed Motions for Certification Pursuant to 28 U.S.C. § 1292(b) has been served upon all counsel listed below via email on May 8, 2006.

**Via E-mail: mronquillo@godwingruber.com**
Marcos G. Ronquillo
Gregory Jackson
Godwin Gruber, L.L.P.
Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2084

**Via E-mail: wcremer@cksslaw.com**
William J. Cremer
Cremer, Kopon, & Shaughnessy
180 North LaSalle, Suite 3300
Chicago, Illinois 60601

    /S    Thomas B. Cowart
    Thomas B. Cowart