IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| HOLLY ANN SACKS, Individually and as Representative of the Estate of RICHARD TODD SACKS, MELVIN PHILLIP SACKS, and MARILYN PROCTOR, | § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 5:04-CV-73 |
| V. | § § | |
| FOUR SEASONS HOTELS LIMITED AND FOUR SEASONS PUNTA MITA, S.A. de C.V., | § § § § | |
| Defendants. | § | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEF PRESENTED ON AUGUST 20

Plaintiffs file this Response to Defendants' Brief presented at the August 20,

2007 Hearing regarding the Magistrate Judge's Second Report and

Recommendation (Doc 141).  This response is necessary because Defendants'

statements have misconstrued the controlling Mexican law.  Plaintiffs would

respectfully show the following:

1.   Mexican civil procedure or jurisdictional law are the laws that would
     address whether Mexico can assert proper jurisdiction to be an
     available forum in this case.

2.   The 17 cases rejected by Mexican courts illustrate that a Mexican
     court will not admit this case because a Mexico has no territorial
     jurisdiction over Defendant Four Seasons Hotels Limited.

3.      Each Mexican court in the 17 cases rely on a <u>Civil Procedure</u> Code for the rule on territorial jurisdiction.

4.      Defendants' experts erroneously rely on the State of Nayarit's substantive law, the <u>Civil</u> Code, to make the jurisdictional analysis on whether Mexico is an available forum in this case.

5.      Defendants misrepresent to the Court by stating that their experts and their briefs applied the same Nayarit law on jurisdiction as the Mexican cases did.

I.      **ARTICLE 30 OF THE CIVIL PROCEDURES CODE OF NAYARIT – NOT THE SUBSTANTIVE LAW TO WHICH DEFENDANTS' EXPERTS HAVE CITED IN THEIR AFFIDAVIT, CONTROLS THE ISSUE OF TERRITORIAL JURISDICTION.**

Territorial jurisdiction is only one of the Court's six reasons for its conclusion that Mexico is not an available forum.  (*See* Report and Recommendation of 06/07/07, Doc 141, at 11; Report and Recommendation of 03/07/06, Doc 88, at 11-13).  Each of the 17 Mexican court opinions referenced its own respective state's Code of Civil Procedure for the rule of territorial jurisdiction.  Each Mexican court stated that it did not have territorial jurisdiction over defendants who were domiciled outside Mexico.  Here, a Mexican court will reject this case if filed there for the reason, among others, that Canadian Defendant Four Seasons Hotels Limited is domiciled outside Mexico.

Defendants' experts addressed only the State of Nayarit's substantive law–not any civil procedure or jurisdictional law.  (*See* Defendant Experts' Affidavit, attached as Exhibit A).  Defendants' experts made no reference to any Nayarit <u>Civil Procedure Code</u> or Mexican <u>Federal Civil Procedure Code</u>, which is

where the issue of a Mexican court's jurisdiction to admit a case is addressed.

Defendant experts make a superficial analysis and erroneous legal conclusion that because the <u>Civil Code</u> of the State of Nayarit acknowledges a cause of action for the kind of wrongful death suit that Plaintiffs have pleaded, then a Mexican court sitting in Nayarit would be an available forum to Plaintiffs.  (*See* Defendant Experts' Affidavit, Exhibit A, at 3-6, ¶¶ 12-17).  Defendants' experts have sidestepped the entire jurisdiction analysis!

No where do Defendants' experts ever cite to Article 30 of the State of Nayarit's Civil Procedure Code– as Plaintiff's expert Mr. Dahl has done, as the Nayarit court in *Valdivia v.Ford* has done, as the Nayarit court in *Sanchez v. Bridgestone* has done, and as the other 15 Mexican courts have done for each of their own respective Mexican state's Civil Procedure Codes.  (*See* Doc 129). All 17 Mexican opinions support Plaintiffs' assertion that a Mexican court will reject this case if filed there because Mexico lacks territorial jurisdiction over Canadian Defendant Four Seasons Hotels Limited.

Consequently, Defendants, in their brief presented at the August 20, 2007 hearing, are very wrong when they write: "Venue in Mexican State of Nayarit – so this court applied the same Nayarit law on jurisdiction that we cited in our briefs and expert affidavits."  (*See* Defendants' Brief, attached as Exhibit B, at 1). Defendants are blatantly misrepresenting to the Court what their experts have actually submitted and analyzed in this case.  Defendants' experts have never made a jurisdictional analysis as the 17 opinions of rejected cases from Mexico have

done, and as Plaintiffs' expert, Mr. Dahl, has done!  This Court should give weight to the 17 Mexican expert opinions in the 17 Mexican cases presented by Plaintiffs that cite to the Mexican Civil Procedure Code, which controls here.

## II.  PLACE WHERE THE LIABILITY ORIGINATED HAS JURISDICTION.

A few of the 17 Mexican opinions also state an alternative rule that the court where the liability originated has jurisdiction.  (*See e.g.,* Doc 129, *Islas v. Bridgestone*, at Exhibit B6; *Flores v. Ford*, at Exhibit B8).  In the 17 rejected cases, it would be in the United States where defendants created their product.  Here, Magistrate Judge Craven stated that jurisdiction under this rule would be proper in Canada and the United States, where the policies and procedures for medical emergencies are made, maintained, and controlled.  (*See* Doc 88, at 13).

## III.  CONCLUSION

Defendants continue wanting to beat a dead horse.  At every step in the analysis, there are multiple reasons to deny Defendants' Motion to Dismiss this case based on *forum* grounds.  Territorial jurisdiction is just one of six reasons why Mexico is not available.  In addition, there are multiple reasons why Mexico is not adequate.  And there are multiple reasons why the private and public interest factors weigh in favor of this Court's retention of jurisdiction over this case.

WHEREFORE, Plaintiffs request that the Court deny Defendants' renewed

Motion to Dismiss and order that they not proceed with this issue any further.

Respectfully submitted,

TURLEY LAW FIRM

   /s/ Windle Turley
Windle Turley
State Bar No. 20304000

Linda Turley
State Bar No. 20303800
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802

ATTORNEYS FOR PLAINTIFF
     HOLLY SACKS

Winford L. Dunn
State Bar No. 06255000
Dunn, Nutter & Morgan, L.L.P.
Suite Six, State Line Plaza, Box 8030
Texarkana, TX 71854

ATTORNEY FOR PLAINTIFFS
MARILYN PROCTOR AND MELVIN
PHILLIP SACKS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document has been served upon all counsel listed below on this 27th day of August, 2007.

Marcos G. Ronquillo
Kirk Willis
José Gonzalez
Godwin Gruber, L.L.P.
Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, TX 75270-2084
mronquillo@godwingruber.com
kwillis@godwingruber.com
jgonzalez@godwingruber.com

Williams Cremer
Cremer, Kopon, Shaughnessy
180 North LaSalle, Suite 3300
Chicago, IL 60601
wcremer@ksslaw.com

Winford L. Dunn
State Bar No. 06255000
Dunn, Nutter & Morgan, L.L.P.
Suite Six, Stateline Plaza, Box 8030
Texarkana, TX 71854
wldunn@dunnlawfirm.com


_____/s/ Windle Turley_____
Windle Turley