IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| 1. HOLLY ANN SACKS, Individually and and as Representative of the Estate of RICHARD TODD SACKS, 2. MELVIN PHILLIP SACKS, and 3. MARILYN PROCTOR, | § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 5-04-073 JURY |
| VS. | § § | |
| 1. FOUR SEASONS HOTELS LIMITED and 2. FOUR SEASONS PUNTA MITA, S.A. de C.V., | § § § § | |
| Defendants. | § § | |

**DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS AND TO
SUPPRESS AND EXCLUDE THE ORAL SWORN
STATEMENTS OF SERGIO FARIAS AND MARIANA ZARDAIN**

COMES NOW Four Seasons Hotels Limited and Four Seasons Punta Mita, S.A. de C.V., (collectively "Four Seasons" or "Defendants"), Defendants in the above-styled cause, and file their Motion for Discovery Sanctions and to Suppress and Exclude the Oral Sworn Statements of Sergio Farias and Mariana Zardain and in support thereof would respectfully show the Court the following:

**I.
INTRODUCTION**

1.      Four Seasons asks the Court to suppress the so-called "Oral Sworn Statements" of Sergio Farias ("Farias") and Mariana Zardain ("Zardain") obtained by Plaintiffs. These statements are in effect *ex parte* depositions taken without notice to Defendants Four Seasons Hotel Limited or Four Seasons Punta Mita and in contravention

of the Court's August 27 Order.  Further, Four Seasons ask the Court to exclude the expert

opinions of Dr. Fred Del Marva ("Del Marva") and Joachim Fels ("Fels") which rely

heavily on the *ex parte* depositions of Farias and Zardain.

## II.
## PROCEDURAL BACKGROUND

2.      On July 24, 2007, Plaintiff Holly Ann Sacks, individually and as

representative of the estate of Richard Todd Sacks, and Plaintiffs Melvin Phillip Sacks,

and Marilyn Proctor (collectively "Plaintiffs") served a Notice of Intention to take Oral

Deposition of Sergio Farias ("Farias Deposition Notice") scheduled for Friday, August 31,

2007 in or near Los Cabos, Mexico. *See* **Exhibit "A."**[1]

3.      Defendants sent a letter on August 8, 2007 to Plaintiffs' counsel requesting

that they withdraw the Farias Deposition Notice and comply with the terms of the Hague

Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague

Evidence Convention") (*See* **Exhibits "B" and "C"**).  Plaintiffs refused to withdraw the

Farias Deposition Notice.

4.      Four Seasons responded to the Farias Deposition Notice on August 9, 2007

by filing Defendants' Motion for Protective Order and to Quash Plaintiffs' Notices of

Depositions of Sergio Farias and Clemente Carrillo ("Motion to Quash") asserting that, as

to these two non-party witnesses, Plaintiffs failed to serve any accompanying subpoena,

letters rogatory, or Letters of Request as required under the Hague Evidence Convention,

---

[1]      Four Seasons attaches a true and correct copy of the Notice of Intention to Take Oral Deposition of
Sergio Farias hereto as **Exhibit "A."**  Plaintiffs also served notice to take the deposition of non-party
Clemente Carillo.

Chapter I, because Farias and Carrillo were not parties, were not employed by any parties to this case, and were Mexican nationals.[2]

5.      On August 17, 2007, Plaintiffs filed their Response to Defendants' Motion for Protective Order and to Quash Plaintiffs' Notices of Depositions of Sergio Farias and Clemente Carillo ("Response to Motion to Quash")[3].

6.      On August 24, 2007, Four Seasons filed its Reply to Plaintiffs' Response. ("Four Seasons' Reply")[4]. Four Seasons' asserted that the Court could not compel the depositions of non-party Mexican nationals over whom the Eastern District of Texas court did not have *in personam* jurisdiction and that Plaintiffs failed to demonstrate that Mexican law permits the depositions of Farias and Carillo and therefore Plaintiffs' argument pursuant to Rule 28(b)(3) of the Federal Rules of Civil Procedure did not apply in this instance.[5]

7.      On August 27, 2007, the Court granted Four Seasons' Motion and quashed the deposition notices of Sergio Farias and Clemente Carillo. ("August 27 Order").[6]

8.      Despite and in contempt of the August 27 Order, Plaintiffs took the *ex parte* deposition of Farias on August 31, 2007, at the Hilton Hotel in Los Cabos, Mexico the same date set forth in the Farias Deposition Notice which the Court had quashed. *See* **Exhibit "D."**

---

[2]      *See* Docket Entry No. 167.

[3]      *See* Docket Entry No. 169.

[4]      *See* Docket Entry No. 174.

[5]      *See* Docket Entry No. 174.

[6]      *See* Docket Entry No. 175.

9.     Further, on August 31, 2007, Plaintiffs took the ex parte deposition of Mariana Zardain. ("Zardain Deposition") (*See* **Exhibit "E"**). Zardain's deposition was taken without any notice to Four Seasons, yet she clearly fell within the constraints of the court's August 27th Order. Zardain had previously been identified in Defendants' First Amended Rule 26(a)(1) Initial Disclosures as a former employee of the hotel. (*See* **Exhibit "F"**) The Disclosures were served on Plaintiffs over two years ago on September 21, 2005. Hence, they were aware of her status as a former employee. (These same Disclosures also were included as Exhibit C to the Four Seasons' Motion to Quash which was served on Plaintiffs on August 9, 2007). On page 2 of the Disclosures, Zardain is specifically identified as an ex-employee of the hotel, the same as Sergio Farias. Plaintiffs have been on clear notice for over two years that Zardain is an ex-employee, and were well aware from Four Season's Response and Reply briefs on the Motion to Quash that the same arguments that applied to quashing the Farias Deposition Notice applied with equal force to Zardain.

10.    Hence, despite the court's August 27 Order, and despite knowing that neither Farias nor Zardain were amenable to deposition under the Federal Rules of Civil Procedure, and knowing that Plaintiffs had not complied with the Letter Request requirements under the Hague Evidence Convention, Plaintiffs four days letter proceeded to depose both witnesses in Mexico on August 31.

11.    Worse yet, despite obtaining the Farias and Zardain transcripts on September 5, 2007 (according to the court reporter's certificate, *See* **Exhibit "D"**, Farias Tr. at 42; *See* **Exhibit "E"**, Zardain Tr. at 40), Plaintiffs purposefully withheld disclosure of the existence of these transcripts until November 14, 2007. (*See* **Exhibit "G"** which

includes attachments indicating that the experts relied on the sworn statements).  Further, Plaintiffs withheld production of the Farias and Zardain transcripts until November 27, 2007 at 4:30 p.m., when they hand delivered a CD to Defendants.  (*See* **Exhibit "H"**, cover letter from Plaintiffs' counsel).  The CD contained 247 pages of documents and 24 photos, which included the transcripts.  The transcripts were produced in conjunction with the November 30, 2007 scheduled deposition of Plaintiffs' hotel experts, Fred Del Marva and Jon Fels.  Hence, Plaintiffs withheld the transcripts for over two months and produced them barely two days before the deposition of Del Marva was to take place.

12.     On information and belief, Defendants assert that the non-disclosure and non-production of the Farias and Zardain transcripts was intentional and purposeful and designed to prejudice Defendants' ability to take discovery of Plaintiffs' hotel experts Del Marva and Fels.  The correspondence from Plaintiffs indicates they were aware that in particular Del Marva was a difficult person to schedule for deposition.  (*See* **Exhibits "I and J"**).  Consequently, Plaintiffs were aware that any delay in not timely producing the Zardain and Farias transcripts, upon which both Del Marva and Fels relied for their expert reports and opinions, would adversely and negatively impact Defendants if these depositions had to be rescheduled because of Plaintiffs' untimely production.

13.     As the correspondence in **Exhibits "I and J"** attests, as soon as Defendants discovered the Zardain and Farias transcripts, they requested rescheduling of Del Marva's deposition until such time as they could exclude the Farias and Zardain testimony, but Plaintiffs adamantly refused.

14.     The Fourth Amended Scheduling Order set the deadline for fact discovery in this case on November 15, 2007.  The fact that Plaintiffs chose to take *ex parte*

5

depositions of Farias and Zardain without notice to Defendants prevented Defendants from attending and cross-examining these witnesses prior to November 15, 2007. Hence, Defendants have been prejudiced by not being able to cross-examine these witnesses.

15.     Further, the deadline under the Scheduling Order for Defendants to depose Plaintiffs' hotel experts Del Marva and Fels is December 17, 2007. Del Marva and Fels both relied on the Farias and Zardain testimony to prepare their reports. The basis for their conclusions and opinions are inextricably intertwined with the testimony of Farias and Zardain. Without the benefit of cross-examination of Farias and Zardain, Defendants are not in a position to take the depositions of Del Marva and Fels within the prescribed December 17 deadline. It is extremely important that the depositions of Farias and Zardain be stricken before Defendants depose Del Marva and Fels. As explained in Section III, B, *infra*, the depositions of Farias and Zardain are fraught with coaching and improper questioning by Plaintiffs' counsel. Defendants simply request that they be allowed to depose Del Marva and Fels at a later time until the courts strikes the Farias and Zardain testimony and decides what relief or sanctions is appropriate under the circumstances.

### III.
### ARGUMENT AND AUTHORITIES

**A.     The "Oral Sworn Statements" of Farias and Zardain Are Depositions**

16.     Courts have defined "deposition" in several ways. In *Hall v. Clifton Precision*, the District Court for the Eastern District of Pennsylvania opined that "[a] deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness." 150 F.R.D. 525, 528 (E.D. Pa. 1993). Further, as early as 1896, the Fifth Circuit defined a deposition as "the testimony of a witness put or taken

down in writing under oath or affirmation, before a commissioner, examiner, or other judicial officer, in answer to interrogatories and cross interrogatories, and usually subscribed by the witness." *Lutcher v. United States*, 72 F.968 (5th Cir. 1896). Moreover, the Eastern District of Texas has noted that "a deposition is a discovery device used to preserve sworn testimony." *Chishty v. Tex. Dep't of Aging & Disability Servs.*, No. 4:05-CV-26, 2006 U.S. Dist. LEXIS 28403 at * 5 (E.D. Tex. – May 3, 2006).[7]

17.    Although Plaintiffs have titled the statements in issue "oral sworn statements," the so-called "oral sworn statements" are depositions taken at the instance of Plaintiffs under the Federal Rules.  The statements feature exclusively a question-and-answer format where Plaintiffs' counsel asked numerous, often leading, questions that Farias and Zardain answered. *See* **Exhibits "D and E."**  The so-called "oral sworn statements" of Farias and Zardain were taken before a Court Reporter and the witness was asked if they would sign the statements if provided a transcript. *See* **"Exhibits D and E."** The format of the so-called "oral sworn statements" and the manner in which the statements were conducted demonstrates that these statements are nothing more than depositions taken without notice to Four Seasons and merely titled "Oral Sworn Statements" by Plaintiffs in order to circumvent the Court's August 27 Order and to evade compliance with the well-established Federal Rules of Civil Procedure and Local Rule CV-30 of the Eastern District of Texas for taking depositions.  Further, the statements were taken in a manner to evade compliance with the strict requirements for Letter Requests under Chapter I of the Hague Evidence Convention.  As such, these so-called non-party "oral sworn statements" should be suppressed and stricken by this Court.

_____

[7]    In *Chishty*, the defendants objected to a videotaped "sworn statement" that was provided in a question and answer format, similar to what Plaintiffs have done with Farias and Zardain. *Id.* at *3.

**B.      Plaintiffs' Failed to Follow the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Texas For Taking the Depositions of Farias and Zardain**

18.     The depositions of Farias and Zardain failed to comply with Federal Rules and Local Rules in numerous respects.   Rule 30(b)(1) of the Federal Rules of Civil Procedure states: "[a] party desiring to take the deposition of *any* person upon oral examination *shall* give reasonable notice in writing to every other party to the action." FED. R. CIV. P. 30(b)(1) (emphasis added).  Despite the clear and unequivocal mandate of FED. R. CIV. P. 30(b)(1), Plaintiffs conducted the depositions of Farias and Zardain without providing *any* notice to Four Seasons.  *See* **Exhibits "D and E"**  In fact, Four Seasons had no knowledge of any statements or depositions of Farias and Zardain until November 14, 2007, at the earliest, which was the deadline for fact discovery under the Fourth Amended Scheduling Order. *See* **Exhibit "G"**

19.     Plaintiffs conducted the depositions of Farias and Zardain without any representative of Four Seasons present.  As such, Four Seasons was unable to cross-examine Farias and Zardain or levy any objections to any questions posed by Plaintiffs' counsel.  The lack of notice by Plaintiffs was a clear violation of Rule 30(b)(1) of the Federal Rules of Civil Procedure and the Local Rule CV-30 of the Eastern District of Texas, therefore, the so-called "oral sworn statements" of Farias and Zardain should be suppressed and stricken for all purposes.

**1.      No Spanish Translator Was Provided**

20.     Further, the depositions were conducted in English and it is apparent from their testimony that both Farias and Zardain are limited English proficient in that they did not know how to express themselves in English in response to counsel's questions.

Zardain's transcript shows that the court reporter merely documented "Spanish words spoken" with no translation (Zardain Tr. at 8), and Farias said that he did not know "what you say in English" when questioned about the defibrillator and intubation tube. (Farias Tr. at 10-11). A reading of the transcripts indicates that the witnesses had trouble understanding the question and answering them. The "Appearances" on the transcript confirm that no Spanish translator was provided. The court reporter has indicated to Defendants' counsel that she does not "speak a lick of Spanish." Hence, the accuracy of the witness' testimony is highly suspect under the circumstances and Federal of Evidence 604 requires the exclusion of the depositions.

### 2.     The Form of Questioning Was Completely Improper

21.     On top of the witnesses' lack of English proficiency, Plaintiffs' counsel repeatedly employed leading questions in which he suggested the answer to the witness: counsel "testified" about facts and events as a factual predicate in the "form of the question" that the witness was asked; counsel suggested facts to the witness instead of ascertaining what the witness knew and the basis for that knowledge; counsel suggested answers to the witness based on "recollection" of prior conversations that allegedly occurred between counsel and the witness; counsel harassed the witness with questions about alleged events or statements that the witness was supposed to "remember" but could not recall; counsel repeatedly showed documents to the witness and elicited substantial and substantive testimony from the witness without ever marking the documents into evidence as part of the record so Defendants and the Court are left to speculate about the accuracy of the testimony and the reliability of the documents used; counsel repeatedly asked the witness to "recall" hearsay statements allegedly made by other witnesses about

which this witness had no personal knowledge; counsel persisted in asking leading and

suggestive questions after the witness had testified "I don't know" or "I don't remember,"

and counsel made sidebar comments that signaled to the witness that Plaintiffs' counsel

considered a particular question, answer or topic "very important." The egregious nature

of these questions violates the Federal Rules and Local Rule CV-30 and the entire Farias

and Zardain transcripts should be suppressed and excluded as evidence.

**C.   The Depositions of Farias and Zardain Cannot Be Used Against Four Seasons Because Four Seasons Was Not Present or Represented at the Depositions**

22.   Rule 32(a)(1) of the Federal Rules of Civil Procedure clearly provides that

the Farias and Zardain depositions cannot be used against Four Seasons:

> At the trial or upon the hearing of a motion or any interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party ***who was present or represented*** at the taking of the deposition ***or*** who had ***reasonable notice***, thereof.

FED. R. CIV. P. 32(a)(1) (emphasis added).  Rule 32(a) "was intended to ensure 'fairness' by

'requiring that the opposing party have the right or opportunity to be present at the deposition.'"

*Allgood v. R. J. Reynolds Tobacco Co.*, No. H-91-0158, 1994 U.S. Dist. LEXIS 20932 (S.D. Tex.

Nov. 7, 1994) (citing *Bobb v. Modern Products, Inc.*, 648 F.2d 1051, 1055 (5th Cir. 1981),

overruled on other grounds, *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997)).

The Fifth Circuit has held that it is proper to refuse to admit a deposition where the opposing

party did not have the opportunity for cross examination, even if the deponent has since died. *Id.*

(citing *Empire Seafoods, Inc. v. Anderson*, 398 F.2d 204, 218 n.7 (5th Cir. 1968).

23.   In disregard of the explicit prohibition of Rule 32(a)(1), Plaintiffs now

attempt to circumvent the Rule by supplying the Farias and Zardain testimony to their

experts Del Marva and Fels, and use this backdoor means to "use" evidence against Four Seasons which they otherwise were not able to obtain properly under Rule 30(a)(1), Chapter I of the Hague Evidence Convention and without violating the Court's August 27th order to quash.

24.     Because the court quashed the deposition of Farias and because Four Seasons was not given *any* notice of the subsequent depositions of Farias and Zardain on August 31, 2007, Four Seasons was not present or represented at the taking of the depositions of Farias and Zardain.   Accordingly, the depositions of Farias and Zardain should be suppressed and stricken and should not be used by Plaintiffs against Four Seasons for any purpose because the actions of Plaintiffs violated the Rules, the Hague Convention and the August 27th Order.

**D.     Plaintiffs' Violated the August 27 Order By Taking the Depositions of Farias and Zardain and Should be Sanctioned**

25.     As set forth more fully above, Plaintiffs noticed the deposition of Farias on July 24, 2007 and scheduled the deposition for August 31, 2007 in Mexico. *See* **Exhibit "A."** Four Seasons moved for protection and to quash the deposition of Farias.[8]  In Four Seasons' Reply, Four Seasons noted that Farias was not subject to *in personam* jurisdiction and that Plaintiffs had not demonstrated that Mexican law permits the depositions.[9]

26.     The Court granted Four Seasons' Motion to Quash in an August 27 Order.[10]  As such, Four Seasons should have been protected from the deposition of Farias

---

[8]      *See* Docket Entry No. 167.

[9]      *See* Docket Entry No. 174.

[10]     *See* Docket Entry No. 175.

and Zardain.  Despite the August 27 Order, Plaintiffs' violated the Court's order; on the

very same date set forth in the Farias Deposition Notice, Plaintiffs deposed Farias and

Zardain in Mexico.  Both Farias and Zardain are non-parties to the litigation, live in

Mexico and are Mexican nationals.  Further, as noted in Four Seasons' Reply, at no time

have Plaintiffs demonstrated to the Court that the Hague Evidence Convention or Mexican

law permits the depositions of Farias and Zardain in the manner in which they were taken.

At no time have Plaintiffs demonstrated that they complied with the Letter Request

procedures under Chapter I of the Hague Evidence Convention.

> 27.     Rule 37(b) of the Federal Rules of Civil Procedure addresses the failure to

comply with a Court order.  Specifically, Rule 37(b)(2) provides:

> If a party or a party's officer, director, or managing
> agent....fails to obey an order to provide or permit
> discovery..., the court where the action is pending may
> issue further just orders.  They may include the following:
>
> > (i)      directing that the matters embraced in the
> > order or other designated facts be taken as
> > established for purposes of the action, as the
> > prevailing party claims;
> >
> > (ii)     prohibiting the disobedient party from
> > supporting or opposing designated claims or
> > defenses, or from introducing designated matters in
> > evidence;
> >
> > (iii)    striking pleadings in whole or in part;
> >
> > (iv)     staying further proceedings until the order is
> > obeyed;
> >
> > (v)      dismissing the action or proceeding in whole
> > or in part;
> >
> > (vi)     rendering a default judgment against the
> > disobedient party; or
> >
> > (vii)    treating as contempt of court the failure to
> > obey any order except an order to submit to a
> > physical or mental examination.

FED. R. CIV. P. 37(b)(2).   Rule 37 also gives a district court discretion in fashioning appropriate sanctions for those who disobey a discovery order.. *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)(citing *Chilcutt v. United States*, 4 F.3d 131, 1320 (5th Cir. 1993)).

28.     The clear and unequivocal violation by Plaintiffs of the August 27 Order warrants sanctions under Rule 37.   Four Seasons requests that the so-called "oral sworn statements" of Farias and Zardain be suppressed and stricken.

29.     Moreover, Plaintiffs should not be able to benefit from the fruits of their violation of the August 27 Order.   Accordingly, the expert reports which rely upon these so-called "oral sworn statements" should be stricken.   The experts relying thereon should be required to formulate opinions without these inappropriate depositions which do not comply with the Federal Rules of Civil Procedure, the Hague Evidence Convention, and Local Rule CV-30, and be required to resubmit their reports within 30 days of the Court's order.   Alternatively, Defendants ask that the Court strike Del Marva and Fels since it is impossible for these experts to "forget" what they have learned from Farias and Zardain and avoid tainted opinions.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court enter an Order suppressing the "oral sworn statements" of Sergio Farias and Mariana Zardain and exclude these "oral sworn statements" as evidence in this case.   Defendants further pray that the Court exclude the expert reports which rely upon the "oral sworn statements" of Sergio Farias and Mariana Zardain and require that the experts reformulate their opinions without relying on the Farias and Zardain depositions.   Alternatively, Defendants request that Del Marva and Fels be

stricken as experts, and for such other and further relief, at law or in equity, to which Defendants may show themselves to be justly entitled.

**Respectfully submitted,**

By:      /s/ Jose L. Gonzalez

MARCOS G. RONQUILLO (*attorney in charge*)
State Bar No. 17226000
JOSE L. GONZALEZ
State Bar No. 08129100
RAMONA SOTO
State Bar No. 24051756

1201 Elm Street, Suite 1700
Dallas, Texas 75270-2084
(214) 939-4400 (Telephone)
(214) 760-7332 (Telecopier)
E-mail: mronquillo@godwingruber.com
E-mail: jgonzalez@godwingruber.com

**CREMER, KOPON, SHAUGHNESSY & SPINA, LLC**

WILLIAM J. CREMER
Illinois State Bar No. 6180833
180 N. LaSalle, Suite 3300
Chicago, Illinois 60601
(312) 980-3014 (Telephone)
(312) 726-3818 (Telecopier)
E-mail: wcremer@cksslaw.com

## CERTIFICATE OF CONFERENCE

Based on correspondence and emails included as Exhibit "I" as part of this motion, Defendants conferred with Plaintiffs about the substantive relief requested in this Motion but were not able to reach agreement.

/s/Jose L. Gonzalez
Jose L. Gonzalez

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on the following counsel of record via U.S. Mail and E-mail this 14th day of December, 2007:

Windle Turley
Linda Turley
Law Offices of Windle Turley, P.C
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206

Winford L. Dunn
Dunn, Nutter & Morgan, L.L.P.
Suite Six, Stateline Plaza, Box 8030
Texarkana, Texas 71854

/s/Jose L. Gonzalez
Jose L. Gonzalez