(In the relations between the Contracting States, this Convention replaces
Articles 8 to 16 of the Conventions on civil procedure of 1905 and 1954)
  Go to the Overview showing acceptances of accessions

CONVENTION ON THE TAKING OF EVIDENCE ABROAD
IN CIVIL OR COMMERCIAL MATTERS
*(Concluded 18 March 1970)*
*(Entered into force 7 October 1972)*

The States signatory to the present Convention,
Desiring to facilitate the transmission and execution of Letters of Request and to further the accommodation of
the different methods which they use for this purpose,
Desiring to improve mutual judicial co-operation in civil or commercial matters,
Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

## CHAPTER I – LETTERS OF REQUEST
*Article 1*
In civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions
of the law of that State, request the competent authority of another Contracting State, by means of a Letter of
Request, to obtain evidence, or to perform some other judicial act.
A Letter shall not be used to obtain evidence which is not intended for use in judicial proceedings, commenced or
contemplated.
The expression "other judicial act" does not cover the service of judicial documents or the issuance of any process
by which judgments or orders are executed or enforced, or orders for provisional or protective measures.

*Article 2*
A Contracting State shall designate a Central Authority which will undertake to receive Letters of Request
coming from a judicial authority of another Contracting State and to transmit them to the authority competent to
execute them. Each State shall organize the Central Authority in accordance with its own law.
Letters shall be sent to the Central Authority of the State of execution without being transmitted through any other
authority of that State.

*Article 3*
A Letter of Request shall specify-
*a)* the authority requesting its execution and the authority requested to execute it, if known to the requesting
authority;
*b)* the names and addresses of the parties to the proceedings and their representatives, if any;
*c)* the nature of the proceedings for which the evidence is required, giving all necessary information in regard
thereto;
*d)* the evidence to be obtained or other judicial act to be performed.
Where appropriate, the Letter shall specify, *inter alia –*
*e)* the names and addresses of the persons to be examined;
*f)* the questions to be put to the persons to be examined or a statement of the subject-matter about which they are
to be examined;
*g)* the documents or other property, real or personal, to be inspected;
*h)* any requirement that the evidence is to be given on oath or affirmation, and any special form to be used;
*i)* any special method or procedure to be followed under Article 9.



A Letter may also mention any information necessary for the application of Article 11.

No legalization or other like formality may be required.

*Article 4*

A Letter of Request shall be in the language of the authority requested to execute it or be accompanied by a translation into that language.

Nevertheless, a Contracting State shall accept a Letter in either English or French, or a translation into one of these languages, unless it has made the reservation authorized by Article 33.

A Contracting State which has more than one official language and cannot, for reasons of internal law, accept Letters in one of these languages for the whole of its territory, shall, by declaration, specify the language in which the Letter or translation thereof shall be expressed for execution in the specified parts of its territory. In case of failure to comply with this declaration, without justifiable excuse, the costs of translation into the required language shall be borne by the State of origin.

A Contracting State may, by declaration, specify the language or languages other than those referred to in the preceding paragraphs, in which a Letter may be sent to its Central Authority.

Any translation accompanying a Letter shall be certified as correct, either by a diplomatic officer or consular agent or by a sworn translator or by any other person so authorized in either State.

*Article 5*

If the Central Authority considers that the request does not comply with the provisions of the present Convention, it shall promptly inform the authority of the State of origin which transmitted the Letter of Request, specifying the objections to the Letter.

*Article 6*

If the authority to whom a Letter of Request has been transmitted is not competent to execute it, the Letter shall be sent forthwith to the authority in the same State which is competent to execute it in accordance with the provisions of its own law.

*Article 7*

The requesting authority shall, if it so desires, be informed of the time when, and the place where, the proceedings will take place, in order that the parties concerned, and their representatives, if any, may be present. This information shall be sent directly to the parties or their representatives when the authority of the State of origin so requests.

*Article 8*

A Contracting State may declare that members of the judicial personnel of the requesting authority of another Contracting State may be present at the execution of a Letter of Request. Prior authorization by the competent authority designated by the declaring State may be required.

*Article 9*

The judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed.

However, it will follow a request of the requesting authority that a special method or procedure be followed, unless this is incompatible with the internal law of the State of execution or is impossible of performance by reason of its internal practice and procedure or by reason of practical difficulties.

A Letter of Request shall be executed expeditiously.

*Article 10*

In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the

instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

*Article 11*
In the execution of a Letter of Request the person concerned may refuse to give evidence in so far as he has a privilege or duty to refuse to give the evidence –
*a)* under the law of the State of execution; or
*b)* under the law of the State of origin, and the privilege or duty has been specified in the Letter, or, at the instance of the requested authority, has been otherwise confirmed to that authority by the requesting authority.
A Contracting State may declare that, in addition, it will respect privileges and duties existing under the law of States other than the State of origin and the State of execution, to the extent specified in that declaration.

*Article 12*
The execution of a Letter of Request may be refused only to the extent that –
*a)* in the State of execution the execution of the Letter does not fall within the functions of the judiciary; or
*b)* the State addressed considers that its sovereignty or security would be prejudiced thereby.
Execution may not be refused solely on the ground that under its internal law the State of execution claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not admit a right of action on it.

*Article 13*
The documents establishing the execution of the Letter of Request shall be sent by the requested authority to the requesting authority by the same channel which was used by the latter.
In every instance where the Letter is not executed in whole or in part, the requesting authority shall be informed immediately through the same channel and advised of the reasons.

*Article 14*
The execution of the Letter of Request shall not give rise to any reimbursement of taxes or costs of any nature. Nevertheless, the State of execution has the right to require the State of origin to reimburse the fees paid to experts and interpreters and the costs occasioned by the use of a special procedure requested by the State of origin under Article 9, paragraph 2.
The requested authority whose law obliges the parties themselves to secure evidence, and which is not able itself to execute the Letter, may, after having obtained the consent of the requesting authority, appoint a suitable person to do so. When seeking this consent the requested authority shall indicate the approximate costs which would result from this procedure. If the requesting authority gives its consent it shall reimburse any costs incurred; without such consent the requesting authority shall not be liable for the costs.

## CHAPTER II – TAKING OF EVIDENCE BY DIPLOMATIC OFFICERS, CONSULAR AGENTS AND COMMISSIONERS
*Article 15*
In civil or commercial matters, a diplomatic officer or consular agent of a Contracting State may, in the territory of another Contracting State and within the area where he exercises his functions, take the evidence without compulsion of nationals of a State which he represents in aid of proceedings commenced in the courts of a State which he represents.
A Contracting State may declare that evidence may be taken by a diplomatic officer or consular agent only if permission to that effect is given upon application made by him or on his behalf to the appropriate authority designated by the declaring State.

*Article 16*

A diplomatic officer or consular agent of a Contracting State may, in the territory of another Contracting State and within the area where he exercises his functions, also take the evidence, without compulsion, of nationals of the State in which he exercises his functions or of a third State, in aid of proceedings commenced in the courts of a State which he represents, if –

*a)* a competent authority designated by the State in which he exercises his functions has given its permission either generally or in the particular case, and

*b)* he complies with the conditions which the competent authority has specified in the permission.

A Contracting State may declare that evidence may be taken under this Article without its prior permission.

*Article 17*

In civil or commercial matters, a person duly appointed as a commissioner for the purpose may, without compulsion, take evidence in the territory of a Contracting State in aid of proceedings commenced in the courts of another Contracting State, if –

*a)* a competent authority designated by the State where the evidence is to be taken has given its permission either generally or in the particular case; and

*b)* he complies with the conditions which the competent authority has specified in the permission.

A Contracting State may declare that evidence may be taken under this Article without its prior permission.

*Article 18*

A Contracting State may declare that a diplomatic officer, consular agent or commissioner authorized to take evidence under Articles 15, 16 or 17, may apply to the competent authority designated by the declaring State for appropriate assistance to obtain the evidence by compulsion. The declaration may contain such conditions as the declaring State may see fit to impose.

If the authority grants the application it shall apply any measures of compulsion which are appropriate and are prescribed by its law for use in internal proceedings.

*Article 19*

The competent authority, in giving the permission referred to in Articles 15, 16 or 17, or in granting the application referred to in Article 18, may lay down such conditions as it deems fit, *inter alia*, as to the time and place of the taking of the evidence. Similarly it may require that it be given reasonable advance notice of the time, date and place of the taking of the evidence; in such a case a representative of the authority shall be entitled to be present at the taking of the evidence.

*Article 20*

In the taking of evidence under any Article of this Chapter persons concerned may be legally represented.

*Article 21*

Where a diplomatic officer, consular agent or commissioner is authorized under Articles 15, 16 or 17 to take evidence –

*a)* he may take all kinds of evidence which are not incompatible with the law of the State where the evidence is taken or contrary to any permission granted pursuant to the above Articles, and shall have power within such limits to administer an oath or take an affirmation;

*b)* a request to a person to appear or to give evidence shall, unless the recipient is a national of the State where the action is pending, be drawn up in the language of the place where the evidence is taken or be accompanied by a translation into such language;

*c)* the request shall inform the person that he may be legally represented and, in any State that has not filed a declaration under Article 18, shall also inform him that he is not compelled to appear or to give evidence;

*d)* the evidence may be taken in the manner provided by the law applicable to the court in which the action is pending provided that such manner is not forbidden by the law of the State where the evidence is taken;

*e)* a person requested to give evidence may invoke the privileges and duties to refuse to give the evidence contained in Article 11.

*Article 22*
The fact that an attempt to take evidence under the procedure laid down in this Chapter has failed, owing to the refusal of a person to give evidence, shall not prevent an application being subsequently made to take the evidence in accordance with Chapter I.

CHAPTER III – GENERAL CLAUSES
*Article 23*
A Contracting State may at the time of signature, ratification or accession, declare that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries.

*Article 24*
A Contracting State may designate other authorities in addition to the Central Authority and shall determine the extent of their competence. However, Letters of Request may in all cases be sent to the Central Authority. Federal States shall be free to designate more than one Central Authority.

*Article 25*
A Contracting State which has more than one legal system may designate the authorities of one of such systems, which shall have exclusive competence to execute Letters of Request pursuant to this Convention.

*Article 26*
A Contracting State, if required to do so because of constitutional limitations, may request the reimbursement by the State of origin of fees and costs, in connection with the execution of Letters of Request, for the service of process necessary to compel the appearance of a person to give evidence, the costs of attendance of such persons, and the cost of any transcript of the evidence.
Where a State has made a request pursuant to the above paragraph, any other Contracting State may request from that State the reimbursement of similar fees and costs.

*Article 27*
The provisions of the present Convention shall not prevent a Contracting State from –
*a)* declaring that Letters of Request may be transmitted to its judicial authorities through channels other than those provided for in Article 2;
*b)* permitting, by internal law or practice, any act provided for in this Convention to be performed upon less restrictive conditions;
*c)* permitting, by internal law or practice, methods of taking evidence other than those provided for in this Convention.

*Article 28*
The present Convention shall not prevent an agreement between any two or more Contracting States to derogate from –
*a)* the provisions of Article 2 with respect to methods of transmitting Letters of Request;
*b)* the provisions of Article 4 with respect to the languages which may be used;
*c)* the provisions of Article 8 with respect to the presence of judicial personnel at the execution of Letters;
*d)* the provisions of Article 11 with respect to the privileges and duties of witnesses to refuse to give evidence;
*e)* the provisions of Article 13 with respect to the methods of returning executed Letters to the requesting authority;

*f)* the provisions of Article 14 with respect to fees and costs;
*g)* the provisions of Chapter II.

*Article 29*
Between Parties to the present Convention who are also Parties to one or both of the Conventions on Civil Procedure signed at The Hague on the 17th of July 1905 and the 1st of March 1954, this Convention shall replace Articles 8-16 of the earlier Conventions.

*Article 30*
The present Convention shall not affect the application of Article 23 of the Convention of 1905, or of Article 24 of the Convention of 1954.

*Article 31*
Supplementary Agreements between Parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention unless the Parties have otherwise agreed.

*Article 32*
Without prejudice to the provisions of Articles 29 and 31, the present Convention shall not derogate from conventions containing provisions on the matters covered by this Convention to which the Contracting States are, or shall become Parties.

*Article 33*
A State may, at the time of signature, ratification or accession exclude, in whole or in part, the application of the provisions of paragraph 2 of Article 4 and of Chapter II. No other reservation shall be permitted.
Each Contracting State may at any time withdraw a reservation it has made; the reservation shall cease to have effect on the sixtieth day after notification of the withdrawal.
When a State has made a reservation, any other State affected thereby may apply the same rule against the reserving State.

*Article 34*
A State may at any time withdraw or modify a declaration.

*Article 35*
A Contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the designation of authorities, pursuant to Articles 2, 8, 24 and 25.
A Contracting State shall likewise inform the Ministry, where appropriate, of the following –
*a)* the designation of the authorities to whom notice must be given, whose permission may be required, and whose assistance may be invoked in the taking of evidence by diplomatic officers and consular agents, pursuant to Articles 15, 16 and 18 respectively;
*b)* the designation of the authorities whose permission may be required in the taking of evidence by commissioners pursuant to Article 17 and of those who may grant the assistance provided for in Article 18;
*c)* declarations pursuant to Articles 4, 8, 11, 15, 16, 17, 18, 23 and 27;
*d)* any withdrawal or modification of the above designations and declarations;
*e)* the withdrawal of any reservation.

*Article 36*
Any difficulties which may arise between Contracting States in connection with the operation of this Convention shall be settled through diplomatic channels.

*Article 37*
The present Convention shall be open for signature by the States represented at the Eleventh Session of the Hague Conference on Private International Law.
It shall be ratified, and the instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

*Article 38*
The present Convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of Article 37.
The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

*Article 39*
Any State not represented at the Eleventh Session of the Hague Conference on Private International Law which is a Member of this Conference or of the United Nations or of a specialized agency of that Organization, or a Party to the Statute of the International Court of Justice may accede to the present Convention after it has entered into force in accordance with the first paragraph of Article 38.
The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Netherlands.
The Convention shall enter into force for a State acceding to it on the sixtieth day after the deposit of its instrument of accession.
The accession will have effect only as regards the relations between the acceding State and such Contracting States as will have declared their acceptance of the accession. Such declaration shall be deposited at the Ministry of Foreign Affairs of the Netherlands; this Ministry shall forward, through diplomatic channels, a certified copy to each of the Contracting States.
The Convention will enter into force as between the acceding State and the State that has declared its acceptance of the accession on the sixtieth day after the deposit of the declaration of acceptance.

*Article 40*
Any State may, at the time of signature, ratification or accession, declare that the present Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect on the date of entry into force of the Convention for the State concerned.
At any time thereafter, such extensions shall be notified to the Ministry of Foreign Affairs of the Netherlands.
The Convention shall enter into force for the territories mentioned in such an extension on the sixtieth day after the notification indicated in the preceding paragraph.

*Article 41*
The present Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 38, even for States which have ratified it or acceded to it subsequently.
If there has been no denunciation, it shall be renewed tacitly every five years.
Any denunciation shall be notified to the Ministry of Foreign Affairs of the Netherlands at least six months before the end of the five year period.
It may be limited to certain of the territories to which the Convention applies.
The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.

*Article 42*
The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in Article 37, and to the States which have acceded in accordance with Article 39, of the following –

*a)* the signatures and ratifications referred to in Article 37;
*b)* the date on which the present Convention enters into force in accordance with the first paragraph of Article 38;
*c)* the accessions referred to in Article 39 and the dates on which they take effect;
*d)* the extensions referred to in Article 40 and the dates on which they take effect;
*e)* the designations, reservations and declarations referred to in Articles 33 and 35;
*f)* the denunciations referred to in the third paragraph of Article 41.


In witness whereof the undersigned, being duly authorized thereto, have signed the present Convention.
Done at The Hague, on the 18th day of March, 1970, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Netherlands, and of which a certified copy shall be sent, through the diplomatic channel, to each of the States represented at the Eleventh Session of the Hague Conference on Private International Law.

Status table

**20: Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

Entry into force: 7–X–1972

Members of the Organisation

| States | S [1] | R/A [2] | Type [3] | EIF [4] | Ext [5] | Auth [6] | Res/D/N [7] |
|---|---|---|---|---|---|---|---|
| Argentina | | 8–V–1987 | A* | 7–VII–1987 | | 1 | Res,D 23,33 |
| Australia | | 23–X–1992 | A* | 22–XII–1992 | | 3 | Res,D 8,15,16,23,33,40 |
| Belarus | | 7–VIII–2001 | A* | 6–X–2001 | | 2 | Res,D 4,8,16,17,18 |
| Bulgaria | | 23–XI–1999 | A* | 22–I–2000 | | 1 | Res,D 4,16,17,18,19,8,11,2 |
| China, People's Republic of | | 8–XII–1997 | A* | 6–II–1998 | | 4 | Res,D,N 4,16,23,33 |
| Cyprus | | 13–I–1983 | A* | 14–III–1983 | | 3 | Res,D 8,18,23,33 |
| Czech Republic | 6–II–1975 | 12–V–1976 | Su | 11–VII–1976 | | 1 | D 16,18,40 |
| Denmark | 18–IV–1972 | 20–VI–1972 | R | 7–X–1972 | | 1 | Res,D 4,8,15,16,17,23,27 |
| Estonia | | 2–II–1996 | A* | 2–IV–1996 | | 1 | D 8,11,23 |
| Finland | 9–III–1976 | 7–IV–1976 | R | 6–VI–1976 | | 1 | Res,D 4,8,16,17,23,35 |
| France | 24–VIII–1972 | 7–VIII–1974 | R | 6–X–1974 | 1 | 2 | Res,D 4,16,17,23 |
| Germany | 18–III–1970 | 27–IV–1979 | R | 26–VI–1979 | | 1 | Res,D 4,8,16,23,35 |
| Greece | 18–I–2005 | 18–I–2005 | R | 19–III–2005 | | 1 | Res,D 4,8,15,16,17,23,35 |
| Hungary | | 13–VII–2004 | A* | 11–IX–2004 | | 1 | Res,D 2,4,8,15,16,17,18,23 |
| Israel | 11–XI–1977 | 19–VII–1979 | R | 17–IX–1979 | | 2 | D 8 |
| Italy | 6–II–1975 | 22–VI–1982 | R | 21–VIII–1982 | | 2 | D 8,18,23 |
| Latvia | | 28–III–1995 | A* | 27–V–1995 | | 1 | |
| Lithuania | | 2–VIII–2000 | A* | 1–X–2000 | | 1 | Res,D 4,8,16,17,23 |
| Luxembourg | 2–V–1975 | 26–VII–1977 | R | 24–IX–1977 | | 2 | Res,D 4,16,17,23 |
| Mexico | | 27–VII–1989 | A* | 25–IX–1989 | | 1 | Res,D 4,17,18,23,27,32 |
| Monaco | | 17–I–1986 | A* | 18–III–1986 | | 2 | Res,D |

|  |  |  |  |  |  |  | 4,16,17,23 |
|---|---|---|---|---|---|---|---|
| Netherlands | 28-II-1979 | 8-IV-1981 | R | 7-VI-1981 | 1 | 1 | Res,D 4,8,11,14,16,17,23,2 |
| Norway | 18-III-1970 | 3-VIII-1972 | R | 7-X-1972 |  | 2 | Res,D 4,15,23 |
| Poland |  | 13-II-1996 | A* | 13-IV-1996 |  | 2 | Res 23,33 |
| Portugal | 18-III-1970 | 12-III-1975 | R | 11-V-1975 |  | 1 | Res,D 4,15,23 |
| Romania |  | 21-VIII-2003 | A* | 20-X-2003 |  | 1 | Res,D 8,16,17,18,19,21,23 |
| Russian Federation |  | 1-V-2001 | A* | 30-VI-2001 |  |  |  |
| Slovakia | 6-II-1975 | 12-V-1976 | Su | 11-VII-1976 |  | 1 | D 16,18,40 |
| Slovenia |  | 18-IX-2000 | A* | 17-XI-2000 |  | 1 |  |
| South Africa |  | 8-VII-1997 | A* | 6-IX-1997 |  | 2 | Res,D 4,15,16,17,23 |
| Spain | 21-X-1976 | 22-V-1987 | R | 21-VII-1987 |  | 1 | Res,D 4,8,16,17,23 |
| Sri Lanka |  | 31-VIII-2000 | A* | 30-X-2000 |  | 1 | Res,D 4,8,23,33 |
| Sweden | 21-IV-1975 | 2-V-1975 | R | 1-VII-1975 |  | 1 | D 4,8,15,23 |
| Switzerland | 21-V-1985 | 2-XI-1994 | R | 1-I-1995 |  | 1 | Res,D 1,2,4,8,15,16,17,23, |
| Turkey | 13-XII-2000 | 13-VIII-2004 | R | 12-X-2004 |  | 2 | Res,D 4,16,17,23 |
| Ukraine |  | 1-II-2001 | A* | 1-IV-2001 |  | 1 | Res,D 4,8,16,17,18,19,23 |
| United Kingdom of Great Britain and Northern Ireland | 18-III-1970 | 16-VII-1976 | R | 14-IX-1976 | 8 | 3 | Res,D,N 8,18,23,27,33 |
| United States of America | 27-VII-1970 | 8-VIII-1972 | R | 7-X-1972 | 3 | 1 | D 4,8,16,17,18 |
| Venezuela |  | 1-XI-1993 | A* | 31-XII-1993 |  | 1 | Res,D 4,23 |

Type

Czech Republic Type [Su]

On 28 January 1993, the Czech Republic declared itself to be bound by the Convention – including reservations and declarations made by Czechoslovakia – as of January 1, 1993, date of the division of Czechoslovakia.

France Type [R]

*Translation by the Permanent Bureau:*
The instrument of ratification of France (a copy of which can be downloaded here) clearly indicates that the Convention applies to the entire territory of the French Republic. Consequently, besides Metropolitan France and the Overseas Departments (French Guyana, Guadeloupe, Reunion, Martinique), the Convention applies to all of the other French overseas territories.

## Slovakia Type [Su]

On 15 March 1993, the Slovak Republic declared itself to be bound by the Convention – including reservations and declarations made by Czechoslovakia as well as objections by Czechoslovakia in respect of reservations made by other Treaty Parties – as of January 1, 1993, date of the division of Czechoslovakia.

Res/D/N

**Argentina: Reservations Declarations**
*Articles [23,33]*

(Reservations)
"La República Argentina no cumplirá los exhortos que tengan por objeto un procedimiento conocido en los Estados del "Common Law", por el nombre de "pre–trial discovery of documents (exhibicion de documentos antes del juicio).
La República Argentina excluye totalmente la aplicación de las disposiciones del párrafo 2 del artículo 4, así como las del capítulo II."

(Translation)
The Argentine Republic will not execute Letters of Request issued for the purpose of obtaining pre–trial discovery of documents as known in the common law countries.
The Argentine Republic totally excludes the application of the provisions of paragraph 2 of Article 4, as well as those of Chapter II;

Declaration:
"La República Argentina rechaza la extensión de la aplicación de la Convención sobre la Obtención de Pruebas en el Extranjero en Materia Civil o Comercial, adoptada en La Haya el 18 de marzo de 1970, a las Islas Malvinas, Georgias del Sur y Sandwich del Sur que fue notificada por el Reino Unido de Gran Bretana e Irlanda del Norte al Ministerio de Relaciones Exteriores del Reino de los Países Bajos el 23 de noviembre de 1979, y reafirma sus derechos de soberanía sobre las Islas Malvinas, Georgias del Sur y Sandwich del Sur, que forman parte integrante de su territorio nacional."

"La Asamblea General de las Naciones Unidas ha adoptado las resoluciones 2065 (XX), 3160 (XXVIII), 31/49, 37/9, 38/12, 39/6, 40/21 y 41/40 en las que se reconoce la existencia de una disputa de soberanía referida a la cuestión de las Islas Malvinas y se urge a la República Argentina y al Reino Unido de Gran Bretana e Irlanda del Norte a mantener las negociaciones a fin de encontrar lo antes posible, una solución pacífica y definitiva de la disputa, con la interposición de los buenos oficios del Secretario General de las Naciones Unidas, quien deberá informar a la Asamblea General acerca de los progresos realizados."

Asimismo "la República Argentina rechaza la aceptación que el 19 de junio de 1986 y por las Islas Malvinas, Georgias del Sur y Sandwich del Sur, ha formulado el Reino Unido de Gran Bretana e Irlanda del Norte con respecto a la adhesión del Principado de Mónaco a la mencionada Convención".

Referring to the above declaration the Government of the Kingdom of Great Britain and Northern Ireland communicated

the following on 18 August 1987:

"The Government of the United Kingdom of Great Britain and Northern Ireland has no doubt as to the United Kingdom's sovereignty over the Falkland Islands or South Georgia and the Sandwich Islands and is fully entitled to include those territories within the scope of application of international agreements to which it is a Party. The United Kingdom therefore cannot accept the Argentine declaration in so far as it purports to question the right of the United Kingdom to extend the Convention to the Falkland Islands or South Georgia and the South Sandwich Islands; nor can it accept that the Government of the Argentine Republic has any right in this regard.

The above applies equally to the rejection by the Government of the Argentine Republic in the said declaration of the acceptance by the United Kingdom in respect of the Falkland Islands and South Georgia and the South Sandwich Islands of the accession of Monaco to the Convention."

### Australia: Reservations Declarations
*Articles [8,15,16,23,33,40]*

Pursuant to Article 33, Australia excludes the operation of paragraph 2 of Article 4.

The Government of Australia hereby declares, for and on behalf of Australia, that:
(...)
- pursuant to Article 8, members of the judicial personnel of the requesting authority of another Contracting State may be present at the execution of a Letter of Request, subject to prior authorization by the judicial authority executing the Letter of Request;
- pursuant to Article 15, evidence may be taken by a diplomatic officer or consular agent only if permission to that effect is given upon application to the Secretary of the Attorney-General's Department of the Commonwealth of Australia;
- pursuant to Article 16, the Secretary to the Attorney-General's Department of the Commonwealth of Australia will be its competent authority for the purposes of that Article and is empowered to specify conditions with respect to any permission given under that Article; and
- pursuant to Article 23, it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries;
(...)
- pursuant to Article 40, the Convention extends to all the territories for the international relations of which it is responsible.

### Belarus: Reservations Declarations
*Articles [4,8,16,17,18]*

(...)
The Republic of Belarus excludes, in whole, the application of the provisions of the paragraph 2 of the Article 4 of the Convention."

Declarations:
1. In accordance with the Article 8 of the Convention the Republic of Belarus declares that the members of the judicial personnel of another Contracting States may be present at the execution of a letter of Request in civil or commercial matters with prior authorisation by the competent authorities of the Republic of Belarus.
(...)
2. In accordance with Articles 16 and 17 of the Convention the Republic of Belarus declares that a diplomatic officer or consular agent and a person duly appointed as a commissioner may take the evidence in the territory of the Republic of

Belarus in civil and commercial matters without compulsion with prior permission by the competent authorities and on the conditions which competent authorities has specified.

(...)

3. In accordance with Article 18 of the Convention the Republic of Belarus declares that a diplomatic officer or consular agent and commissioner authorized to take evidence under Articles 15, 16 or 17 may apply to the competent authority of the Republic of Belarus for appropriate assistance to obtain the evidence in civil and commercial matters by compulsion.

(...)

## Bulgaria: Reservations Declarations
*Articles [4,16,17,18,19,8,11,2]*

### Reservation on Article 33
The Republic of Bulgaria excludes the application within its territory of the provisions of:
– Article 4, paragraph 2;
– Articles 16, 17, 18 and 19 of Chapter II of the Convention.
(...)

### Declaration on Article 8
Representatives of the judicial authority of the requesting State may be present at the execution of Letters of Request after prior consent of the competent Bulgarian authority.

### Declaration on Article 11, paragraph 2
The judge who executes a Letter of Request is competent to recognise the privileges and duties to refuse to give evidence existing under the law of a third State provided that the Letter of Request contains information about the privileges and duties to refuse to give evidence under the law of that third State necessary to the application of Article 11, paragraph 2.

### Declaration on Article 23
The Republic of Bulgaria declares that it will not execute Letters of Request issued for the purpose of obtaining pre–trial discovery of documents as known in common law countries."

## China, People's Republic of: Reservations Declarations Notifications
*Articles [4,16,23,33]*

### People's Republic of China:

(Translation)
"1. (...)

2. In accordance with Article 23 of the Convention concerning the Letters of Request issued for the purpose of obtaining pre–trial discovery of documents as known in common law countries, only the request for obtaining discovery of the documents clearly enumerated in the Letters of Request and of direct and close connection with the subject matter of the litigation will be executed;

3. In accordance with Article 33 of the Convention, the provisions of Chapter II of the Convention except for Article 15 will not be applicable."

(...)

The accession will have no effect on the notification and the accompanied declarations contained in the Note of the Embassy of the People's Republic of China dated 10 June 1997 concerning the application of

the Convention in the Hong Kong Special Administrative Region.

---

**Special Administrative Region of Hong Kong (entry into force: 22 August 1978)**

The Ministry of Foreign Affairs of the Kingdom of the Netherlands, depositary of the Convention, gave notice that on 16 June 1997, the Minister for Foreign Affairs of the Kingdom of the Netherlands received a Note dated 11 June 1997 from the Ambassador of the United Kingdom of Great Britain and Northern Ireland at The Hague and a Note dated 10 June 1997 from the Ambassador of the People's Republic of China at The Hague concerning Hong Kong.

The Note from the Ambassador of the United Kingdom reads as follows:

"Your Excellency,
I am instructed by Her Britannic Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs to refer to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters done at The Hague on 18 March 1970 (hereinafter referred to as the Convention) which applies to Hong Kong at present. I am also instructed to state that, in accordance with the Joint Declaration of the Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the People's Republic of China on the Question of Hong Kong signed on 19 December 1984, the Government of the United Kingdom will restore Hong Kong to the People's Republic of China with effect from 1 July 1997. The Government of the United Kingdom will continue to have international responsibility for Hong Kong until that date. Therefore, from that date the Government of the United Kingdom will cease to be responsible for the international rights and obligations arising from the application of the Convention to Hong Kong. I should be grateful if the contents of this Note could be placed formally on record and brought to the attention of the other Parties to the Convention. (...)
(signed Rosemary Spencer)".

The Note from the Ambassador of the People's Republic of China reads as follows:

(Translation )
"Your Excellency,
In accordance with the Joint Declaration of the Government of the People's Republic of China and the Government of the United Kingdom of Great Britain and Northern Ireland on the Question of Hong Kong signed on 19 December 1984 (hereinafter referred to as the `Joint Declaration'), the People's Republic of China will resume the exercise of sovereignty over Hong Kong with effect from 1 July 1997. Hong Kong will, with effect from that date, become a Special Administrative Region of the People's Republic of China and will enjoy a high degree of autonomy, except in foreign and defence affairs which are the responsibilities of the Central People's Government of the People's Republic of China.
It is provided both in Section XI of Annex I to the Joint Declaration, `Elaboration by the Government of the People's Republic of China of Its Basic Policies Regarding Hong Kong', and Article 153 of the Basic Law of the Hong Kong Special Administrative Region of the People's Republic of China, which was adopted on 4 April 1990 by the National People's Congress of the People's Republic of China, that international agreements to which the People's Republic of China is not a Party but which are implemented in Hong Kong may continue to be implemented in the Hong Kong Special Administrative Region.
In accordance with the above provisions, I am instructed by the Minister of Foreign Affairs of the People's Republic of China to make the following notification:
The Convention on the Taking of Evidence Abroad in Civil or Commercial Matters done at The Hague on 18

March 1970 (hereinafter referred to as the "Convention"), by which the Government of the Kingdom of the Netherlands is designated as the depositary, which applies to Hong Kong at present, will continue to apply to the Hong Kong Special Administrative Region with effect from 1 July 1997.

(...)

It would be appreciated if the contents of this Note could be placed formally on record and brought to the attention of the other Parties to the Convention. (...)

(signed Zhu Manli, Ambassador Extraordinary and Plenipotentiary of the People's Republic of China to the Kingdom of the Netherlands)".

Declarations (Articles 4, 16, 23 and 33):

1. With reference to the provisions of Article 16 of the Convention, the diplomatic officer or consular agent of the other Contracting State will not be permitted to take the evidence of nationals of the People's Republic of China or of a third State in the Hong Kong Special Administrative Region.

2. It declares, in accordance with Article 23 of the Convention, the Hong Kong Special Administrative Region will not execute the `Letters of Request issued for the purpose of obtaining pre-trial discovery of documents'. The `Letters of Request issued for the purpose of obtaining pre-trial discovery of documents' for the purposes of the foregoing Declaration include any Letter of Request which requires a person:

1) to state what documents relevant to the proceedings to which the Letter of Request relates are, or have been, in his possession, custody or power; or

2) to produce any documents other than particular documents specified in the Letter of Request as being documents appearing to the requested Court to be, or to be likely to be, in his possession, custody or power.

3. (...)

4. In accordance with Articles 4 and 33 of the Convention, the Hong Kong Special Administrative Region will not accept a Letter of Request in the French language. Within the above ambit, responsibility for the international rights and obligations of a Party to the Convention will be assumed by the Government of the People's Republic of China.

---

**Special Administrative Region of Macao (entry into force: 14 December 1999)**

The Ambassador of Portugal at The Hague informed the Minister for Foreign Affairs of the Kingdom of the Netherlands by letter of 16 December 1999 of the following:

"Upon instructions from my Government and referring to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters concluded at The Hague on 18 March 1970 (hereinafter referred to as the Convention) which currently applies to Macao, I have the honour to inform Your Excellency of the following:

In accordance with the Joint Declaration of the Government of the Portuguese Republic and of the Government of the People's Republic of China on the question of Macao, signed in Beijing on 13 April 1987, the Government of the Portuguese Republic will remain internationally responsible for Macao until 19 December 1999, the People's Republic of China resuming from that date the exercise of sovereignty over Macao, with effect from 20 December 1999.

From 20 December 1999 the Portuguese Republic will cease to be responsible for the international rights and obligations arising from the application of the Convention in Macao. (...)"

The Ambassador of the People's Republic of China at The Hague informed the Minister for Foreign Affairs by letter of 16 December 1999 of the following:

(Translation)
" In accordance with the Joint Declaration of the Government of the People's Republic of China and the Government of the Republic of Portugal on the Question of Macao signed on 13 April 1987, the Government of the People's Republic of China will resume the exercise of sovereignty over Macao with effect from 20 December 1999. Macao will from that date become a Special Administrative Region of the People's Republic of China and will enjoy a high degree of autonomy, except in foreign and defence affairs which are the responsibilities of the Central People's Government of the People's Republic of China.
In this connection, I am instructed by the Minister of Foreign Affairs of the People's Republic of China to inform Your Excellency of the following:
The Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded at The Hague on 18 March 1970 (hereinafter referred to as the Convention), to which the Government of the People's Republic of China deposited the instrument of accession on 8 December 1997, shall apply to the Macao Special Administrative Region with effect from 20 December 1999.
(...)
The Government of the People's Republic of China shall assume the responsibility for the international rights and obligations arising from the application of the Convention to the Macao Special Administrative Region. (...)".

Declarations (Articles 4, 23 and 33):

1. (...)
2. In accordance with Article 23 of the Convention, it declares that the Macao Special Administrative Region will not execute Letters of Request issued for the purpose of obtaining pre–trial discovery of documents known in common law countries.
3. In accordance with Article 33 of the Convention, it declares that the provisions of Chapter II of the Convention except for Article 15 will not be applicable in the Macao Special Administrative Region; paragraph 2 of Article 4 of the Convention will not be applicable in the Macao Special Administrative Region.

The Embassy of the People's Republic of China at The Hague informed the Minister for Foreign Affairs of the Netherlands by letter of 1 November 2000 of the following amendments with respect to the contents of the above Note of 16 December 1999:

(Translation)
"1. (...)
2. The Government of the People's Republic of China also wishes to make the following supplementary declaration: "In accordance with paragraph 3 of Article 4 of the Convention, it declares that the Macao Special Administrative Region will only accept Letters of Request in either Chinese or Portuguese, or those accompanied by a translation in either Chinese or Portuguese".
(...)".

**Cyprus: Reservations Declarations**
*Articles [8,18,23,33]*

(...)

4. In accordance with Article 18 the Republic of Cyprus declares that a diplomatic officer, consular agent or commissioner authorized to take evidence under Articles 15, 16 or 17 may apply to the competent authority for appropriate assistance to obtain such evidence by compulsion as prescribed by the law for internal proceedings, provided that the requesting Contracting State has made a declaration affording reciprocal facilities under Article 18.

(...)

5. In accordance with Article 23, the Government of the Republic of Cyprus declares that the Republic of Cyprus will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents. The Government of the Republic of Cyprus further declares that the Republic of Cyprus understands "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents" for the purposes of the foregoing declaration as including any Letter of Request which requires a person:
a. to state what documents relevant to the proceedings to which the Letter of Request relates are, or have been, in his possession, custody or power; or
b. to produce any documents other than particular documents specified in the Letter of Request as being documents appearing to the requested court to be, or likely to be, in his possession, custody or power.

The Republic of Cyprus makes the following reservations:

1. In accordance with Article 8 the Republic of Cyprus declares that members of the judicial personnel of the requesting authority may be present at the execution of a Letter of Request.
2. In accordance with the provisions of Article 33 the Republic of Cyprus will not accept a Letter of Request in French.

## Czech Republic: Declarations
*Articles [16,18,40]*

larations made by the former Czechoslovakia:

République Socialiste Tchécoslovaque déclare au sujet de l'article 16 de la Convention sur l'obtention des preuves à l'étranger en matière civile ou commerciale, conclue à La Haye le 18 mars 1970, que les actes d'instruction conformément au chapitre II peuvent être accomplis sans son autorisation préalable, à condition de réciprocité.

République Socialiste Tchécoslovaque déclare ensuite au sujet de l'article 18 de la même Convention qu'un agent diplomatique ou consulaire ou un commissaire, autorisé à procéder à un acte d'instruction conformément aux articles 15, 16 et 17, ont la faculté de demander de procéder à un acte judiciaire au tribunal compétent tchécoslovaque ou au notariat d'Etat tchécoslovaque auxquels il passe un acte par l'intermédiaire du Ministère de la Justice de la République Socialiste Tchèque à Prague ou du Ministère de la Justice de la République Socialiste Slovaque à Bratislava, à condition de réciprocité.

République Socialiste Tchécoslovaque déclare, en connexité avec l'article 40 de la Convention accordant aux Etats le droit de déclarer que la Convention est en vigueur pour les territoires qu'ils représentent de point de vue international, qu'à son avis le maintien de certains pays dans un état de dépendance est en contradiction avec le contenu et les objectifs de la Déclaration de l'O.N.U. du 14 décembre 1960 sur l'indépendance accordée aux pays et peuples coloniaux, proclamant la nécessité d'une liquidation rapide et inconditionnelle du colonialisme sous toutes ses formes et apparences."

Ratification with similar declarations as made on the occasion of the signature.

(Translation)
The Socialist Republic of Czechoslovakia declares, with reference to Article 16 of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded at The Hague on 18 March 1970, that evidence may be taken in accordance with Chapter II without its prior permission provided the principle of reciprocity is applied.

The Socialist Republic of Czechoslovakia also declares, in connection with Article 18 of the said Convention, that a

diplomatic officer, consular agent or commissioner authorized to take evidence under Articles 15, 16 and 17, may request the competent Czechoslovak court or the Czechoslovak State notary to carry out procedural action and that such a diplomatic officer, consular agent or commissioner will transmit the dossier to that court or notary through the intermediary of the Minister of Justice of the Czech Socialist Republic in Prague or the Minister of Justice of the Slovak Socialist Republic in Bratislava, provided the principle of reciprocity is applied.

The Socialist Republic of Czechoslovakia wishes to state, in connection with Article 40 of the Convention according to all States the right to declare that the Convention shall be applicable to all territories for the international relations of which it is responsible, that keeping certain countries in a state of dependence is in its opinion contrary to the spirit and objectives of the United Nations Declaration of 14 December 1960 on the granting of independence to colonial countries and peoples, which declares the necessity for a speedy and unconditional end to colonialism in all its forms.

By a Note dated 14 December 1979 and received at the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 18 December 1979, the Czechoslovak Socialist Republic made a statement concerning the declaration made by the Federal Republic of Germany at the time of the deposit of its instrument of ratification of the above-mentioned Convention on 27 April 1979.

The text of this statement is as follows:

"L'Ambassade de la République Socialiste Tchécoslovaque au Royaume des Pays-Bas présente ses compliments au Ministère des Affaires Etrangères du Royaume des Pays-Bas et, concernant la ratification, par la République fédérale d'Allemagne, de la Convention sur l'obtention des preuves à l'étranger en matière civile ou commerciale, conclue le 18 mars 1970, entrée en vigueur pour la République Socialiste Tchécoslovaque le 11 juillet 1976, elle a l'honneur selon les instructions du Ministère fédéral des Affaires Etrangères, de porter à sa connaissance que dans la déclaration du Gouvernement de la République fédérale d'Allemagne, la validité de la Convention est étendue au "Land Berlin"; en plus, cette déclaration contient en vertu des dispositions respectives de cette Convention un énuméré des Autorités centrales des différents Länder; dans cet énuméré, un "Land Berlin" figure comme l'un des Länder fédéraux, comme s'il était partie de la République fédérale d'Allemagne. On sait que Berlin-Ouest n'est pas un "Land Berlin" faisant partie de la République fédérale d'Allemagne. L'Accord Quadrilatéral du 3 septembre 1971 stipule expressément que les secteurs occidentaux de Berlin ne sont pas parties de la République fédérale d'Allemagne et de même ne peuvent pas être administrés par elle. La déclaration en question du Gouvernement de la République fédérale d'Allemagne est pas conséquent en contradiction flagrante avec l'Accord Quadrilatéral et ne peut avoir d'effet juridique. C'est la raison pour laquelle la République Socialiste Tchécoslovaque ne reconnaît point l'extension de la validité de la Convention aux secteurs occidentaux de Berlin et ne l'appliquera point.

L'Ambassade de la République Socialiste Tchécoslovaque a l'honneur de prier le Ministère des Affaires Etrangères du Royaume des Pays-Bas de porter la présente déclaration de la République Socialiste Tchécoslovaque à la connaissance des Gouvernements de ceux des Etats qui sont ou qui seront à l'avenir Parties à la Convention susmentionnée."

The Ministry of Foreign Affairs of the Kingdom of the Netherlands has received a Note from the Embassy of the United States of America dated 12 August 1980 containing a statement made on behalf of the Government of the United States of America, the Government of the Kingdom of Great Britain and Northern Ireland and the Government of France and referring to the statement made by the Czechoslovak Socialist Republic in its Note dated 14 December 1979.

The statement reads as follows:

"In the communication referred to above the Government of Czechoslovakia objects to the use of the term "Land Berlin" in the declaration of the Government of the Federal Republic of Germany made at the time of the deposit of its instruments of ratification of the above Convention on 27 April 1979. The extension of this Convention to the western

sectors of Berlin has been approved by the three powers in the exercise of their supreme authority and under established procedures. Use of the term "Land Berlin", deriving as it does from the Constitution adopted by Berlin deputies in 1949 (as modified by the Reservations of the Allied Kommandatura expressed in BK/O (50 75)) does not imply that Berlin is a land of the Federal Republic of Germany. The extension of this Treaty to Berlin consequently continues in full force and ffect.

In relation to the comments made by the Government of Czechoslovakia on the Quadripartite Agreement of 3 September 1971, the three Governments reaffirm that States which are not Parties to the Quadripartite Agreement are not competent to comment authoritatively on its provisions. The three Governments do not consider it necessary, nor do they intend to respond to any further communications on this subject from States which are not Party to the Quadripartite Agreement. This should not be taken to imply any change of the position of the three Governments in this matter."

Denmark: Reservations Declarations
*Articles [4,8,15,16,17,23,27]*

"1) Faisant usage des dispositions prévues à l'article 33 le Gouvernement danois déclare conformément à l'article 4 que le Danemark n'accepte pas les commissions rogatoires adressées en langue française.
2) Faisant usage des dispositions prévues à l'article 33 le Gouvernement danois déclare conformément à l'article 17 que le Danemark n'accepte pas l'obtention de preuves par commissaires.".

Article 4
Les Commissions rogatoires peuvent être adressées en langues norvégienne et suédoise et le Danemark n'assume pas d'obligation de retourner les preuves obtenues rédigées en d'autres langues que la langue danoise.

Article 8
Les magistrats de l'Autorité requérante d'un autre Etat contractant peuvent assister à l'exécution d'une commission rogatoire s'ils ont obtenu l'autorisation préalable de l'autorité compétente danoise.

Article 15
Un agent diplomatique ou consulaire peut procéder à l'acte d'instruction moyennant l'autorisation du Ministère de la Justice.

Article 16
Le Ministère de la Justice donne l'autorisation de procéder à l'acte d'instruction.

Article 23
Les commissions rogatoires qui ont pour objet la procédure connue sous le nom de "pre-trial discovery of documents" ne peuvent être exécutées au Danemark.

Article 27a
Les commissions rogatoires peuvent être transmises comme jusqu'ici par les agents consulaires des Etats étrangers au Danemark, directement au tribunal danois compétent.

By Note dated 22 July 1980 and received on 23 July 1980, Denmark referring to its declaration with regard to Article 23 of the Convention made the following additional declaration:

"The declaration made by the Kingdom of Denmark in accordance with Article 23 concerning "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents" shall apply to any Letter of Request which requires a

person

a. to state what documents relevant to the proceedings to which the Letter of Request relates are, or have been, in his possession, other than particular documents specified in the Letter of Request; or

b. to produce any documents other than particular documents which are specified in the Letter of Request, and which are likely to be in his possession."

## Estonia: Declarations
*Articles [8,11,23]*

1) On the basis of Article 8, the judges of the pursuing State have the right to participate in the process operation subject to the preceding consent of the Ministry of Justice of the Republic of Estonia;

2) on the basis of Article 11, a person may refuse to participate in the taking of evidence or process operation, in case he has the right or commitment to it in accordance with the laws of his home State;

3) on the basis of Article 23, the Republic of Estonia fulfills a requisition where the producing of the documents or its copy is requested if it corresponds to the following requirements:

a) process has been launched;

b) documents have been reasonably identified according to the dates, the contents or other information;

c) circumstances have been indicated giving ground to presume that the documents are in the property, possession of the person or known to him."

## Finland: Reservations Declarations
*Articles [4,8,16,17,23,35]*

Reservation

"In conformity with Article 33, Finland enters a reservation to paragraph 2 of Article 4 to the effect that Letters of Request in the English or French languages will not be accepted."

By Note dated 11 December 1980 and received on 12 December 1980, the Government of Finland communicated the withdrawal in part of the reservation to Article 4, paragraph 2, made at the time of ratification. The Government of Finland hereafter accepts the Letters of Request done in or translated into the English language. In accordance with Article 35, sub c, the Finnish Government made the following declaration:

"By accepting Letters of Request in English, the Republic of Finland does not undertake to execute the request, or transmit the evidence thus obtained in the English language; nor to have translated the documents which establish the execution of the Letter of Request."

Declarations

(...)

2. Swedish is the second official language of Finland. Finland will therefore in accordance with paragraph 1 of Article 4 accept Letters of Request in the Swedish language. The answer shall be given in the Swedish language if in connection with the Letter of Request this has been specifically requested.

3. A member of the judicial personnel of the requesting authority may in accordance with Article 8 be present at the execution of a Letter of Request, provided that the Finnish Ministry of Justice has given its consent.

4. The evidence referred to in Articles 16 and 17 of the Convention may be taken without the prior permission of the Finnish authorities.

5. Finland is not going to execute Letters of Request referred to in Article 23 issued for the purpose of obtaining pre–

trial discovery of documents as known in common law countries.

The Government of Finland modified the declaration concerning Article 23 of the Convention made at the time of ratification. The modified declaration is worded as follows:

"The declaration made by the Republic of Finland in accordance with Article 23 concerning "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents" shall apply only to Letters of Request which require a person:
a) to state what documents relevant to the proceedings to which the Letter of Request relates are, or have been, in his possession, custody or power; or
b) to produce any documents other than particular documents specified in the Letter of Request, which are likely to be in his possession, custody or power."

## France: Reservations Declarations
*Articles [4,16,17,23]*

(Translation)
In accordance with the provisions of Article 33, the French Government declares:
– that in pursuance of Article 4, para. 2, it will execute Letters of Request only if they are in French or if they are accompanied by a translation into French;
– that, in pursuance of Article 23, Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries will not be executed;

(...)

In accordance with the provisions of Article 16, the *Service Civil de l'Entraide Judiciaire Internationale, Ministère de la Justice* [click here for current contact details], has been designated as the authority competent to authorize diplomatic officers or consular agents of a Contracting State to take the evidence without compulsion of persons other than nationals of that State in aid of proceedings commenced in the courts of a State which they represent.
This authorization which will be given for each particular case accompanied by particular conditions if need be, shall be subject to the following general conditions:
1. the evidence must only be taken within the precincts of the Embassies;
2. the Service Civil de L'Entraide Judiciaire Internationale must be given due notice of the date and time at which the evidence is to be taken so that it can make representatives available if necessary;
3. the evidence must be taken in a room to which the public has access;
4. the persons who are to give evidence must receive due notice in the form of an official summons drawn up in French or accompanied by a translation into French, and stating:
(a) that the taking of evidence for which the person concerned is summoned is based on the provisions of the Hague Convention of 18 March 1970 on the taking of evidence abroad in civil or commercial matters, and is part of the judicial proceedings taken in a court designated by a Contracting State by name;
(b) that appearance for the giving of evidence is voluntary and that non-appearance cannot lead to prosecution in the requesting State;
(c) that the parties to any action consent to it or, if they do not, their reasons for this;
(d) that the person who is to give evidence is entitled to legal advice;
(e) that the person who is to give evidence can claim dispensation or prohibition from doing so.

A copy of the summonses will be sent to the Ministère de la Justice.

5. The Service Civil de l'Entraide Judiciaire Internationale will be kept informed of any difficulties.

In accordance with the provisions of Article 17, the *Service Civil de l'Entraide Judiciaire Internationale, Ministère de la Justice* [click here for current contact details], has been designated as the authority competent to authorize persons duly appointed as commissioners to take evidence without compulsion in aid of proceedings commenced in the courts of a Contracting State.

This authorization, which will be given for each particular case, accompanied if need be by particular conditions, shall be subject to the following general conditions:

1. the evidence must only be taken within the precincts of the Embassies;

2. the Service Civil de l'Entraide Judiciaire Internationale must be given due notice of the date and time at which the evidence is to be taken so that it can make representatives available if necessary;

3. the evidence must be taken in a room to which the public has access;

4. the persons who are to give evidence must receive due notice in the form of an official summons drawn up in French or accompanied by a translation into French, and stating:

(a) that the taking of evidence for which the person concerned is summoned is based on the provisions of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, and is part of the judicial proceedings taken in a court designated by a Contracting State by name;

(b) that appearance for the giving of evidence is voluntary and that non-appearance cannot lead to prosecution in the requesting State;

(c) that the parties to any action consent to it or, if they do not, their reasons for this;

(d) that the person who is to give evidence is entitled to legal advice;

(e) that the person who is to give evidence can claim dispensation or prohibition from doing so.

A copy of the summonses will be sent to the Ministère de la Justice.

5. The Service Civil de l'Entraide Judiciaire Internationale will be kept informed of any difficulties.

The application for authorization, which will be addressed to the Ministère de la Justice by the requesting authority, should specify:

1) the reasons why this method of investigation was chosen in preference to that of Letters of Request, bearing in mind the judiciary expenses involved.

2) the criteria for designating the commissioners when the person designated does not reside in France.

The French Government declares that, in pursuance of the provisions of Article 8, members of the judicial personnel of the requesting authority of a Contracting State may be present at the execution of a Letter of Request.

Modification dated 19 January 1987 of the declaration relating to Article 23:

(Translation)
The declaration made by the French Republic in accordance with Article 23 relating to Letters of Request issued for the purpose of obtaining pre-trial discovery of documents does not apply when the requested documents are enumerated limitatively in the Letter of Request and have a direct and precise link with the object of the procedure.

N.B.: The instrument of ratification of France (a copy of which can be downloaded here) clearly indicates that the Convention applies to the entire territory of the French Republic. Consequently, besides Metropolitan France and the Overseas Departments (French Guyana, Guadeloupe, Reunion, Martinique), the Convention applies to all of the other French overseas territories. *(Translation by the Permanent Bureau)*

**Germany: Reservations Declarations**
*Articles [4,8,16,23,35]*

"A. The Government of the Federal Republic of Germany makes the following declarations in accordance with paragraph 1 of Article 33 of the Convention of 18th March 1970:

The Federal Republic of Germany makes the reservation provided for in the first sentence of paragraph 1 of Article 33 of the Convention excluding the application of the provisions of paragraph 2 of Article 4 of the Convention. Letters of Request to be executed under Chapter I of the Convention must, in accordance with paragraphs 1 and 5 of Article 4 of the Convention, be in the German language or be accompanied by a translation into that language.

The Federal Republic of Germany declares in accordance with the option provided for in the first sentence of paragraph 1 of Article 33 of the Convention to make a reservation excluding the application of the provisions of Chapter II of the Convention that the taking of evidence by diplomatic officers or consular agents is not permissible in its territory if German nationals are involved.

B. (...)

2. Pursuant to Article 8 of the Convention, the Government of the Federal Republic of Germany declares that members of the requesting court of another Contracting State may be present at the execution of a Letter of Request by the local court if prior authorization has been given by the Central Authority of the Land where the request is to be executed.

3. The taking of evidence by diplomatic officers or consular agents pursuant to paragraph 1 of Article 16 of the Convention which involves nationals of a third State or stateless persons shall be subject to permission from the Central Authority of the Land where the evidence is to be taken. Pursuant to paragraph 2 of Article 16 of the Convention, permission shall not be required if the national of the third State is also a national of the State of the requesting court.

4. A commissioner of the requesting court may not take evidence pursuant to Article 17 of the Convention unless the Central Authority of the Land where the evidence is to be taken has given its permission. Such permission may be made subject to conditions. The local court in whose district official acts would have to be performed by virtue of a Letter of Request in the same matter shall be entitled to control the preparation and the actual taking of the evidence. Under the second sentence of Article 19 of the Convention, a member of the court may be present at the taking of the evidence.

5. The Federal Republic of Germany declares in pursuance of Article 23 of the Convention that it will not, in its territory, execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries."

The Ministry of Foreign Affairs of the Kingdom of the Netherlands received the following Note from the Embassy of the Federal Republic of Germany at The Hague on 15 October 1980:

"(...)
1. By Note of December 14, 1979, directed to the Ministry, the Czechoslovak Socialist Republic made a statement concerning the declaration made by the Federal Republic of Germany at the time of the deposit of its instrument of ratification of the Convention on the Taking of Evidence Abroad in Civil and Commercial Matters on April 27, 1979. This communication of the Czechoslovak Socialist Republic was circulated by a Notification of the Ministry dated January 22, 1980.

2. By Note of August 12, 1980, disseminated by a Notification of the Ministry of September 19, 1980, the Government of the United States of America, following consultations with the Governments of the United Kingdom and France, answered the assertions made in the communication of the Czechoslovak Socialist Republic. The Governement of the Federal Republic of Germany, on the basis of the legal situation set out in the Note of the United States, wishes to confirm that the application in Berlin (West) of the above-mentioned Convention extended by it under the established

procedures continues in full force and effect.

3. The Government of the Federal Republic of Germany wishes to point out that the absence of a response to further communications of a similar nature should not be taken to imply any change of its position in this matter.

4. The Embassy of the Federal Republic of Germany has the honour to request that the contents of this note be brought to the attention of the Governments of those States which have received or will receive the above–mentioned Notifications."

### Greece: Reservations Declarations
*Articles [4,8,15,16,17,23,35]*

1. (...)
2. Without prejudice to article 33 Greece declares that, in terms of the provision of article 4, para. 2 of the Convention, letters of request must be submitted in Greek or accompanied by a translation into Greek.
3. In terms of articles 8 and 35, para. 2c of the Convention, judicial personnel of the requesting authority of another Contracting State may be present at the execution of a request for judicial assistance, provided such attendance has been authorized in advance by the Central Authority of Greece.
4. In terms of article 18, Greece declares that it shall provide the necessary assistance for the execution of evidentiary proceedings as referred to in articles 15, 16 and 17 provided such execution shall be carried out in accordance with the Greek law.
5. Greece declares that, in terms of the provision of article 23 of the Convention, it shall not execute judicial assistance requests for pretrial discovery of documents.

### Hungary: Reservations Declarations
*Articles [2,4,8,15,16,17,18,23]*

(Declarations)
"To Article 2
In the Republic of Hungary the Ministry of Justice is designated as the Central Authority in accordance with Article 2 of the Convention.

To Article 8
Members of the judicial personnel of the requesting authority may be present at the execution of a Letter of Request executed by the requested court, subject to prior permission by the Hungarian Central Authority.

To Article 15
In accordance with Article 15 of the Convention the diplomatic officer or consular agent of a Contracting State may in the territory of the Republic of Hungary take the evidence in aid of proceedings commenced in the courts of a state which he represents without prior permission of the Hungarian authorities provided that the person affected is exclusively national of the sending state of the diplomatic officer or consular agent. Taking of evidence shall not involve applying or holding out of the prospect of compulsion or disadvantageous legal consequences.

To Article 17
In the Republic of Hungary the Central Authority is entitled to give the permission set out in Paragraph 2 of Article 17 of the Convention.

To Article 23
The Hungarian authorities will not execute Letters of Request issued for the purpose of obtaining pre–trial discovery of

documents."

(Reservations)
"To Paragraph 2 of Article 4
The Republic of Hungary excludes the application of Paragraph 2 of Article 4 of the Convention.

To Article 16
The Republic of Hungary excludes the application of Article 16 of the Convention.

To Article 18
The Hungarian authorities do not give assistance to the taking of evidence of the diplomatic offer or consular agent in accordance with Article 15 of the Convention or the commissioner in accordance with Article 17 of the Convention by applying measures of compulsion."

**Israel: Declarations**
*Articles [8]*

In accordance with Article 8, Israel declares that the members of the judicial personnel of the requesting authority may be present at the execution of a Letter of Request without prior authorization.

**Italy: Declarations**
*Articles [8,18,23]*

(Translation)
(1) The Italian Government declares, in accordance with Article 8, that members of the judicial personnel of the requesting authority of another Contracting State may be present at the execution of a Letter of Request, subject to prior authorization by the competent authority designated by the Italian State under (4) paragraph 2 below.

(2) The Italian Government declares, in accordance with Article 18, that a diplomatic officer, consular agent or commissioner who is taking evidence under Article 15, 16 or 17, may apply to the authority designated by the Italian State under (4) paragraph 2 below, for appropriate assistance to obtain the evidence by compulsion.

(3) The Italian Government declares, in accordance with Article 23, that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries.

(...)

**Lithuania: Reservations Declarations**
*Articles [4,8,16,17,23]*

"(...)
And whereas it is provided in paragraph 4 of Article 4 of the Convention, the Republic of Lithuania declares that it will accept a Letter of Request submitted only in the Lithuanian, English, French or Russian languages, or, where a Letter of Request is made in none of those languages, a Letter of Request and supporting documents shall be accompanied by a translation into Lithuanian, English, French or Russian languages;

And whereas it is provided in Article 8 of the Convention, the Republic of Lithuania declares that members of the judicial personnel of the requesting authority of another Contracting State may be present at the execution of a Letter of Request only under the prior permission of the Ministry of Justice of the Republic of Lithuania;

And whereas it is provided in Article 16 of the Convention, the Republic of Lithuania declares that a diplomatic officer or consular agent of a Contracting State may take evidence, without compulsion, of citizens of the Republic of Lithuania under the Law on Citizenship of the Republic of Lithuania, only under the prior permission of the Ministry of Justice of the Republic of Lithuania. The permission to take evidence issued by the Ministry of Justice of the Republic of Lithuania shall indicate that:

(a) evidence shall be taken by a diplomatic officer or consular agent only within the premises of the embassy or consular institution of the State which he/she represents;
(b) the Ministry of Justice of the Republic of Lithuania shall be informed about the time and place of the taking of evidence;
(c) evidence shall be taken in the Lithuanian or another language understandable to the person giving evidence or taking of evidence and shall be accompanied by a translation into the Lithuanian or another language understandable for such person;
(d) the document concerning the taking of evidence written in the language understandable to the person giving evidence shall be signed by this person. The copy of such document shall be forwarded to the Ministry of Justice of the Republic of Lithuania;

And whereas it is provided in Article 17 of the Convention, the Republic of Lithuania declares that a person duly appointed as a commissioner for this purpose may, without compulsion, take evidence in the territory of the Republic of Lithuania from the person which is a citizen of the Republic of Lithuania under the Law on Citizenship of the Republic of Lithuania, if the Ministry of Justice of the Republic of Lithuania has given its prior written permission. The permission issued by the Ministry of Justice of the Republic of Lithuania shall indicate that:

(a) the Ministry of Justice of the Republic of Lithuania shall be informed about the time and place of the taking of evidence;
(b) the evidence shall be taken in the Lithuanian or another language understandable to the person giving evidence or taking of evidence shall be accompanied by a translation into the Lithuanian or another language understandable for such person;
(c) the document concerning the taking of evidence written in the language understandable to the person giving evidence shall be signed by this person. The copy of such document shall be forwarded to the Ministry of Justice of the Republic of Lithuania;

And whereas it is provided in Article 23 of the Convention, the Republic of Lithuania declares that it will not execute a Letter of Request issued for the purpose of obtaining pre-trial discovery of documents ..."

**Luxembourg: Reservations Declarations**
*Articles [4,16,17,23]*

(Translation)
(...)
– In pursuance of Article 4, paragraph 4, Letters of Request in German shall also be accepted.
– In pursuance of Article 23, Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries shall not be executed.
– In accordance with the provisions of Article 16, the Parquet Général is designated as the authority competent to authorize the diplomatic officers or consular agents of a Contracting State to take, without compulsion, the evidence of persons other than the nationals of that State in aid of proceedings commenced in the courts of the State which they represent.

This authorization, which is given in each specific case and to which specific conditions, where appropriate, are

attached, is granted under the following general conditions:

1. the evidence shall be taken only within the precincts of an Embassy or Consulate;

2. the Parquet Général shall be given reasonable advance notice of the time, date and place of the taking of evidence so that it can, if it wishes, be represented;

3. a request to a person to appear shall, in accordance with the regulations, be in the form of an official document in French or German or accompanied by a translation into one of these languages stating:

(a) that the evidence is to be taken in accordance with the provisions of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded at The Hague on 18 March 1970, and in the framework of a judicial procedure followed in a jurisdiction designated by a Contracting State;

(b) that the appearance is voluntary and that no prosecution in the requesting State will result from failure to appear;

(c) that the parties to the action, where appropriate, consent to the taking of the evidence or are opposed to it for reasons to be given;

(d) that the person requested to appear may be legally represented;

(e) that the person requested to appear may invoke a privilege or a duty to refuse to give evidence.

– In accordance with the provisions of Article 17, the Parquet Général is designated as the authority competent to authorize persons designated in accordance with the regulations as commissioners to take evidence, without compulsion, in aid of proceedings commenced in the courts of another Contracting State.

This authorization, which is given in the particular case and to which specific conditions, where appropriate, are attached, is granted under the following general conditions:

1. the Parquet Général shall be given reasonable advance notice of the time, date and place of the taking of evidence so that it can, if it wishes, be represented;

2. a request to a person to appear shall, in accordance with the regulations, be in the form of an official document in French or German or accompanied by a translation into one of these languages stating:

(a) that the evidence is to be taken in accordance with the provisions of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded at The Hague on 18 March 1970, and in the framework of a judicial procedure followed in a jurisdiction designated by a Contracting State;

(b) that the appearance is voluntary and that no prosecution in the requesting State will result from failure to appear;

(c) that the parties to the action, where appropriate, consent to the taking of the evidence or are opposed to it for reasons to be given;

(d) that the person requested to appear may be legally represented;

(e) that the person requested to appear may invoke a privilege or a duty to refuse to give evidence.

– In pursuance of Article 8, members of the judicial personnel of the requesting authority of a Contracting State may be present at the execution of a Letter of Request.

## Mexico: Reservations Declarations
*Articles [4,17,18,23,27,32]*

A) TRANSMISION Y EJECUCION DE LOS EXHORTOS 1. (...)

2. Requisitos en Materia de Idiomas (Artículo 4)

2.1 Los Estados Unidos Mexicanos hacen reserva expresa de las disposiciones del párrafo 2 del artículo 4 y declaran, de conformidad con el párrafo 4 del mismo, que los exhortos o cartas rogatorias que se envíen a su Autoridad Central o a sus autoridades judiciales deberán venir redactados en español o presentarse acompañadas con traducción a dicho idioma.

B) OBTENCION DE PRUEBAS EN EL EXTRANJERO DIPLOMATICOS, CONSULARES Y COMISIONES (CAPITULO II)

3. Los Estados Unidos Mexicanos hacen reserva expresa y total de las disposiciones contenidas en los Artículos 17 y 18 de este capítulo en relación con los "Comisionados" y el uso de medidas de apremio por parte de agentes diplomáticos y consulares.

C) PREPARACION DE ACTOS PREJUDICIALES

4. En relación con el artículo 23 de la Convención los Estados Unidos Mexicanos declaran que conforme a su derecho sólo podrán cumplimentar exhortos por los que se solicita la exhibición y transcripción de documentos, cuando se cumplan los siguientes requisitos:
a) Que se haya iniciado el proceso
b) Que los documentos estén identificados razonablemente en cuanto a su fecha, contenido y otra información pertinente; que se especifiquen aquellos hechos o circunstancias que permitan razonablemente creer a la parte solicitante que los documentos pedidos son del conocimiento de la persona de quien se requieran o que se encuentran o se encontraban en posesión o bajo el control o custodia de ella.
c) Deberá identificarse la relación directa entre la prueba o información solicitada y el proceso pendiente.

D) OTROS CANALES DE TRANSMISION A LAS AUTORITADES JUDICIALES DISTINTAS DE LAS PREVISTAS EN EL ARTICULO 2

5. En relación con el artículo 27, inciso a) de la Convención, los Estados Unidos Mexicanos declaran que los exhortos o cartas rogatorias podrán ser transmitidos a sus autoridades judiciales no sólo a través de la Autoridad Central, sino también por vía diplomática o consular o por vía judicial (directamente de tribunal a tribunal), siempre y cuando en el último caso se cumplan con los requisitos de legalización de firmas.

6. Con relación al artículo 32 de la Convención, los Estados Unidos Mexicanos informan que es Estado Parte de la Convención Interamericana sobre Recepción de Pruebas en el Extranjero suscrita en Panamá, el 30 de enero de 1975 y de su Protocolo Adicional suscrito en La Paz, Bolivia, el 24 de mayo de 1984."

(Translation)
A) TRANSMISSION AND EXECUTION OF LETTERS OF REQUEST
1. (...)
2. Language requirements (Article 4)
2.1 The United Mexican States does hereby make a special reservation related to the provisions of paragraph 2 of Article 4, and declares in accordance with paragraph 4 of the same Article, that letters of request sent to its Central Authority or judicial authorities shall be written in the Spanish language or shall otherwise be accompanied by a translation into said language.

B) TAKING OF EVIDENCE ABROAD BY DIPLOMATIC OFFICERS, CONSULAR AGENTS AND COMMISSIONS (CHAPTER II)

3. The United Mexican States makes a special and complete reservation concerning the provisions contained in Articles 17 and 18 of this Chapter in relation to the "commissioners" and the use of measures to compulsion by diplomatic officers and consular agents.

C) FORMULATION OF PRE-TRIAL DISCOVERY OF DOCUMENTS

4. With reference to Article 23 of the Convention, the United Mexican States declares that according to Mexican law, it shall only be able to comply with letters of request issued for the purpose of obtaining the production and transcription of documents when the following requirements are met:
(a) that the judicial proceeding has been commenced;
(b) that the documents are reasonably identifiable as to date, subject and other relevant information and that the

request specifies those facts and circumstances that lead the requesting party to reasonable believe that the requested documents are known to the person from whom they are requested or that they are in his possession or under his control or custody;

(c) that the direct relationship between the evidence or information sought and the pending proceeding be identified.

D) OTHER TRANSMISSION CHANNEL TO THE JUDICIAL AUTHORITIES DIFFERENT FROM THOSE PROVIDED FOR IN ARTICLE 2

5. In regard to Article 27, paragraph a), of the Convention, the United Mexican States does hereby declare that the letters of request may be transmitted to its judicial authorities not only through the Central Authority but also through diplomatic or consular channels or through judicial channels (directly sent from the foreign court to the Mexican Court), providing that in the latter case all requirements relating to legalization of signatures are fulfilled.

6. In regard to Article 32 of the Convention, the United Mexican States informs that it is a State Party to the Inter-American Convention on the Taking of Evidence Abroad, signed in Panama on January the thirtieth, nineteen hundred and seventy-five, as well as to its Additional Protocol signed in La Paz, Bolivia, on May the twenty-fourth, nineteen hundred and eighty-four.

**Monaco: Reservations Declarations**
*Articles [4,16,17,23]*

(Translation)

1. (...)

2. Under Article 4, paragraph 2, only Letters of Request drawn up in French or accompanied by a translation in that language shall be accepted.

3. Under Article 23, Letters of Request issued for the purpose of obtaining pre-trial discovery of documents shall not be executed.

4. In accordance with Articles 16 and 17, the Directorate of Judicial Services is designated as a competent authority for the purpose of authorizing, as appropriate:

– the consular authorities of a Contracting State to take the evidence without compulsion of persons other than nationals of that State and in aid of proceedings commenced in a court of the State which they represent, or

– persons duly designated as commissioners to take evidence without compulsion in aid of proceedings commenced in a court of the Contracting State.<.P>

Such authorization, which shall be granted for each particular case and may contain specific conditions, shall be subject to the following general conditions:

(a) evidence shall be taken solely on the premises of consulates when the latter are situated within the Principality, and in other cases in the Palais de Justice of Monaco;

(b) the Directorate of Judicial Services shall be informed of the date and time of the taking of the evidence in time to permit the Directorate to be represented, and, if necessary, to provide courtroom accommodation at the Palais de Justice of Monaco;

(c) the persons concerned in the taking of evidence shall be duly summoned by an official document drawn up in French or accompanied by a translation in that language; this document shall indicate:

– that the taking of the evidence in question is being conducted in accordance with the provisions of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, and that the procedure constitutes part of legal proceedings pursued under the specially designated jurisdiction of a Contracting State;

– that appearance is voluntary and non-appearance would not entail legal proceedings in the requesting State;

– that the person concerned in the taking of evidence may be represented by a lawyer or defence counsel;

– that the parties in the proceedings, should they be instituted, give their consent, and if not the document shall state

the reasons for their opposition;
– that the person concerned in the taking of evidence may apply to be exempted or barred from testifying.

A copy of the summonses shall be sent to the Directorate of Judicial Services, which is also to be kept informed of any difficulties.

## Netherlands: Reservations Declarations
*Articles [4,8,11,14,16,17,23,2]*

(Translation)
In the Netherlands the Convention shall be applied as follows:
(...)
Article 4
Letters of Request will be accepted in Dutch, German, English or French, or if they are accompanied by a translation into one of these languages.
The Netherlands does not undertake to translate documents for the execution of a Letter of Request.

Article 8
Members of the judicial personnel of another Contracting State may be present at the execution of a Letter of Request provided that the court which is responsible for execution authorizes this and provided that any conditions which the court may impose are respected.

Article 11
Only the court which is responsible for executing the Letter of Request shall be competent to decide whether any person concerned by the execution has a privilege or duty to refuse to give evidence under the law of a State other than the State of origin; no such privilege or duty exists under Dutch law.

Article 14
Fees paid to experts and interpreters and costs occasioned by the use of a special procedure requested by the State of origin under Article 9, paragraph 2, of the Convention shall be borne by the State of origin.

Article 16
In the Netherlands, no prior permission is required for the taking of evidence as provided for in Article 16.

Article 17
The permission referred to in Article 17 must be requested from the President of the District Court in the area in which evidence is to be taken. If evidence is to be taken from witnesses or experts, the area in question will be that in which the witnesses or experts, or the majority of them, reside. If the President gives permission, he may impose any conditions which he considers necessary to ensure that the evidence is taken in a proper manner. He may decide that the evidence should be taken at the court, under the supervision of a judge designated by him. Permission will only be granted if the following conditions are met:
(a) the witness or expert concerned must have been duly summoned; the summons must be in Dutch or must be accompanied by a Dutch translation and must contain:
– the facts of the case and a summary of the proceedings in connection with which the evidence is to be taken, and details of the court which has requested the evidence;
– a statement to the effect that there is no obligation for the witness or expert to appear, and that if he refuses to appear, to take an oath, to give his word of honour or to give evidence, he will not incur any penalty or measure of any kind, either in the Netherlands or in the State where the proceedings have been instituted;
– a statement to the effect that the person concerned may be legally represented;

– a statement to the effect that in so far as the person concerned has a privilege or duty to refuse to give evidence, he may do so;
– a statement to the effect that the commissioner will reimburse expenses incurred by the witness or expert in connection with his appearance to give evidence.

(b) A copy of the summons must be forwarded to the President.
(c) The request for permission must state the reasons why the taking of evidence has been entrusted to a commissioner and it must state the commissioner's official status unless he is a lawyer competent to practice in the Netherlands.
(d) The costs of taking the evidence, i.e. the expenses of the witnesses, experts or interpreters, must be reimbursed in full.

Article 23
The Netherlands will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries.

For the purposes of Article 23 of the Convention, "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries", which the Netherlands will not execute, are defined by the Government of the Kingdom of the Netherlands as being any Letters of Request which require a person:
(a) to state which of the documents which are of relevance to the proceedings to which the Letter of Request relates have been in his possession, custody or power; or
(b) to produce any document other than particular documents specified in the Letter of Request as being documents which the court which is conducting the proceedings believes to be in his possession, custody or power.

Article 26
The Netherlands will request that any State of origin which has made a request pursuant to paragraph 1 of Article 26 should reimburse the fees and costs to which this paragraph refers.

Norway: Reservations Declarations
*Articles [4,15,23]*

Reservation
"In conformity with Article 33, Norway enters a reservation to paragraph 2 of Article 4 to the effect that Letters of Request in the French language will not be accepted."

Declarations:
"I. (...)
II. With reference to Article 4, paragraph 3, the Kingdom of Norway declares that letters in the Danish or Swedish languages can be sent to the Central Authority.
III. By accepting Letters of Request in another language than the Norwegian, the Kingdom of Norway does not undertake to execute the request, or transmit the evidence thus obtained in this other language; nor to have translated the document which establish to execution of the letter of request.
IV. By virtue of Article 15, evidence can be taken by diplomatic officers or consular agents only if, upon application, prior permission to that effect has been granted.
V. By virtue of Article 23, the Kingdom of Norway declares that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries."

By a Note dated 7 August 1980 and received on 15 August 1980, Norway referring to its declaration with regard to Article 23 of the Convention made the following additional declaration:

"The declaration made by the Kingdom of Norway in accordance with Article 23 concerning "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents" shall apply only to Letters of Request which require a person

a. to state what documents relevant to the proceedings to which the Letter of Request relates, are, or have been, in his possession, other than particular documents specified in the Letter of Request; or

b. to produce any documents other than particular documents which are specified in the Letter of Request, and which are likely to be in his possession."

## Poland: Reservations
*Articles [23,33]*

Article 23 – the Republic of Poland declares that it will not execute Letters of Request issued for the purpose of obtaining "pre-trial discovery of documents" as known in common law countries.

Article 33 – the Republic of Poland excludes the application on its territory of:
a) the provisions of Article 4, paragraph 2,
b) the provisions of Chapter II, excluding the provisions of Article 15.

## Portugal: Reservations Declarations
*Articles [4,15,23]*

(Translation)
(a) In accordance with Article 33 of the Convention, the Portuguese State makes the following reservations:

1. exclusion of the application of paragraph 2 of Article 4;
2. exclusion of the application of Chapter II, with the exception of Article 15.

(b) In accordance with Articles 15 and 23 of the Convention, the Portuguese State makes the following declarations:

1. The Portuguese State declares that the evidence as referred to in Article 15, can only be taken if permission to that effect is given by the appropriate authority designated by it upon application made by the diplomatic or consular agent;

2. the Portuguese State declares that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries.

## Romania: Reservations Declarations
*Articles [8,16,17,18,19,21,23]*

"A. Declarations
1. (...)
2. In accordance with Article 8 of the Convention, the members of the judicial personnel of the requesting authority may be present at the execution of a Letter of Request, after prior information of the competent central authority.
3. In accordance with Article 23 of the Convention, Romania declares that it will execute Letters of Request issued for the purpose of obtaining pre-trial dioscovery of documents as known in Common Law countries, to the extent that this expression refers to providing evidence (inquest in futurum).

B. Reservation
In accordance with Article 33, paragraph 1, of the Convention, Romania will not apply the provisions of Articles 16, 17 and 18 of Chapter II of the Convention. Romania declares that Articles 19 and 21 will not be applicable, in as far as that

Case 5:04-cv-00073-DF-CMC   Document 194-4   Filed 12/14/07   Page 33 of 40 PageID #:
3836
Case 5:04-cv-00073-DF-CMC      Document 167-5     Filed 08/09/2007      Page 33 of 40

they refer to Articles 16, 17 and 18, to which the reservation was made."

**Slovakia: Declarations**
*Articles [16,18,40]*

Ratification with similar declarations as made on the occasion of the signature.

Declarations made by the former Czechoslovakia:

(Translation)
The Socialist Republic of Czechoslovakia declares, with reference to Article 16 of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded at The Hague on 18 March 1970, that evidence may be taken in accordance with Chapter II without its prior permission provided the principle of reciprocity is applied.

The Socialist Republic of Czechoslovakia also declares, in connection with Article 18 of the said Convention, that a diplomatic officer, consular agent or commissioner authorized to take evidence under Articles 15, 16 and 17, may request the competent Czechoslovak court or the Czechoslovak State notary to carry out procedural action and that such a diplomatic officer, consular agent or commissioner will transmit the dossier to that court or notary through the intermediary of the Minister of Justice of the Czech Socialist Republic in Prague or the Minister of Justice of the Slovak Socialist Republic in Bratislava, provided the principle of reciprocity is applied.

The Socialist Republic of Czechoslovakia wishes to state, in connection with Article 40 of the Convention according to all States the right to declare that the Convention shall be applicable to all territories for the international relations of which it is responsible, that keeping certain countries in a state of dependence is in its opinion contrary to the spirit and objectives of the United Nations Declaration of 14 December 1960 on the granting of independence to colonial countries and peoples, which declares the necessity for a speedy and unconditional end to colonialism in all its forms.

By a Note dated 24 May 1978 the Government of Czechoslovakia informed the Ministry of Foreign Affairs of the Kingdom of the Netherlands of the designation, in accordance with Articles 2 and 24 of the Convention, of the Ministry of Justice of the Czech Socialist Republic and the Ministry of Justice of the Slovak Socialist Republic as Central Authorities.

By a Note dated 14 December 1979 and received at the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 18 December 1979, the Czechoslovak Socialist Republic made a statement concerning the declaration made by the Federal Republic of Germany at the time of the deposit of its instrument of ratification of the above-mentioned Convention on 27 April 1979.

The text of this statement is as follows:

"L'Ambassade de la République Socialiste Tchécoslovaque au Royaume des Pays-Bas présente ses compliments au Ministère des Affaires Etrangères du Royaume des Pays-Bas et, concernant la ratification, par la République fédérale d'Allemagne, de la Convention sur l'obtention des preuves à l'étranger en matière civile ou commerciale, conclue le 18 mars 1970, entrée en vigueur pour la République Socialiste Tchécoslovaque le 11 juillet 1976, elle a l'honneur selon les instructions du Ministère fédéral des Affaires Etrangères, de porter à sa connaissance que dans la déclaration du Gouvernement de la République fédérale d'Allemagne, la validité de la Convention est étendue au "Land Berlin"; en plus, cette déclaration contient en vertu des dispositions respectives de cette Convention un énuméré des Autorités centrales des différents Länder; dans cet énuméré, un "Land Berlin" figure comme l'un des Länder fédéraux, comme s'il était partie de la République fédérale d'Allemagne. On sait que Berlin-Ouest n'est pas un "Land Berlin" faisant partie de la République fédérale d'Allemagne. L'Accord Quadrilatéral du 3 septembre 1971 stipule expressément que les secteurs

occidentaux de Berlin ne sont pas parties de la République fédérale d'Allemagne et de même ne peuvent pas être administrés par elle. La déclaration en question du Gouvernement de la République fédérale d'Allemagne est pas conséquent en contradiction flagrante avec l'Accord Quadrilatéral et ne peut avoir d'effet juridique. C'est la raison pour laquelle la République Socialiste Tchécoslovaque ne reconnaît point l'extension de la validité de la Convention aux secteurs occidentaux de Berlin et ne l'appliquera point.

L'Ambassade de la République Socialiste Tchécoslovaque a l'honneur de prier le Ministère des Affaires Etrangères du Royaume des Pays–Bas de porter la présente déclaration de la République Socialiste Tchécoslovaque à la connaissance des Gouvernements de ceux des Etats qui sont ou qui seront à l'avenir Parties à la Convention susmentionnée."

The Ministry of Foreign Affairs of the Kingdom of the Netherlands has received a Note from the Embassy of the United States of America dated 12 August 1980 containing a statement made on behalf of the Government of the United States of America, the Government of the Kingdom of Great Britain and Northern Ireland and the Government of France and referring to the statement made by the Czechoslovak Socialist Republic in its Note dated 14 December 1979.

The statement reads as follows:

"In the communication referred to above the Government of Czechoslovakia objects to the use of the term "Land Berlin" in the declaration of the Government of the Federal Republic of Germany made at the time of the deposit of its instruments of ratification of the above Convention on 27 April 1979. The extension of this Convention to the western sectors of Berlin has been approved by the three powers in the exercise of their supreme authority and under established procedures. Use of the term "Land Berlin", deriving as it does from the Constitution adopted by Berlin deputies in 1949 (as modified by the Reservations of the Allied Kommandatura expressed in BK/O (50 75)) does not imply that Berlin is a land of the Federal Republic of Germany. The extension of this Treaty to Berlin consequently continues in full force and effect.

In relation to the comments made by the Government of Czechoslovakia on the Quadripartite Agreement of 3 September 1971, the three Governments reaffirm that States which are not Parties to the Quadripartite Agreement are not competent to comment authoritatively on its provisions. The three Governments do not consider it necessary, nor do they intend to respond to any further communications on this subject from States which are not Party to the Quadripartite Agreement. This should not be taken to imply any change of the position of the three Governments in this matter."

## South Africa: Reservations Declarations
*Articles [4,15,16,17,23]*

"1. Reservations
That the Republic of South Africa excludes the following in terms of Article 33 of the Convention, namely –

(a) the application of the provision of paragraph 2 of Article 4 of the Convention, which provides that a Letter of Request shall be accepted in French; and
(b) the application of the provisions of Articles 15 and 16 of Chapter II of the Convention.

2. (...)

3. Declarations
That the Republic of South Africa makes the following declarations under the Convention:

(a) For the purposes of paragraph 4 of Article 4 of the Convention, a Letter of Request, if not in English, may also be

sent to the Central Authority in any of the following languages: Sepedi, Sesotho, Setswana, siSwati, Tshivenda, Xitsonga, Afrikaans, isiNdebele, isiXhosa et isiZulu.

(b) Members of the judicial personnel of the requesting authority of another Contracting State may, after authorisation by the competent authority referred to in Article 8 of the Convention, be present at the execution of a Letter of Request as contemplated in that article.

(c) Evicence may not be taken in terms of Article 17 of the Convention without the prior permission of the competent authority referred to in that article.

(d) A commissioner authorised to take evidence under Article 17 of the Convention may, in terms of Article 18 of the Convention, apply to the competent authority referred to in that article to obtain the evidence by compulsion, subject to the measures of compulsion which are appropriate and prescribed by South African law for use in internal proceedings.

(e) Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries, will not be executed as provided for in Article 23.".

**Spain: Reservations Declarations**
*Articles [4,8,16,17,23]*

"De conformidad con el artículo 33 en relación con el artículo 4, párrafo 2, España no aceptará comisiones rogatorias que no estén redactadas en español o acompañadas de una traducción.

a) (...)

b) Previa autorización del Ministerio de Justicia español, un juez del Estado requirente podrá intervenir en el cumplimiento de una comisión rogatoria, de conformidad con el artículo 8.

c) De conformidad con los artículos 16 y 17, la prueba podrá ser practicada, sin necesidad de autorización previa de la Autoridad española, en los locales de la Representación diplomática o consular del Estado requirente.

d) A tenor del artículo 23, España no acepta las comisiones rogatorias derivadas del procedimiento "pre-trial discovery of documents" conocido en los países del common law."

(Translation :)

In accordance with Article 33 in relation with Article 4, paragraph 2, Spain will not accept Letters of Request which are not drawn up in Spanish or accompanied by a translation.

(a) (...)

(b ) With prior authorization of the Spanish Ministry of Justice, a judge of the requesting State may intervene in the execution of a Letter of Request, in accordance with Article 8.

(c ) In accordance with Articles 16 and 17, the evidence may be taken, without prior permission of the Spanish Authority, in the premises of the diplomatic or consular representation of the requesting State.

(d) Pursuant to Article 23 Spain does not accept Letters of Request derived from the "pre-trial discovery of documents" procedure known in common law countries.

**Sri Lanka: Reservations Declarations**
*Articles [4,8,23,33]*

"(i) (...)

(ii) For purposes of Article 4 of the Convention, the letter of request should be in the English language or if in French, accompanied by an English translation.

(iii) For purposes of Article 8 of the Convention, the prior authorisation of the Competent Authority designated under Article 2 would be required.

(iv) The Government of Sri Lanka further declares in terms of Article 23 of the Convention, that it will not execute Letters of Request issued for the purpose of obtaining pre-trail discovery of documents.

Case 5:04-cv-00073-DF-CMC   Document 194-4   Filed 12/14/07   Page 36 of 40 PageID #:
3839
Case 5:04-cv-00073-DF-CMC      Document 167-5     Filed 08/09/2007     Page 36 of 40

(v) The Government of Sri Lanka, in terms of Article 33, excludes in whole, the application of the provisions of Chapter II of the Convention."

## Sweden: Declarations
*Articles [4,8,15,23]*

(Translation)
– That, in pursuance of Article 4, para. 4, Letters of Request in the Danish and Norwegian languages will be accepted;
– That, in pursuance of Article 8, members of the judicial personnel of the requesting authority of another Contracting State may be present at the execution of a Letter of Request without prior authorization;
– That, in pursuance of Article 15, para. 2, a diplomatic officer or consular agent may only take evidence if permission to do so has been granted by the competent Swedish authority;
– That, in pursuance of Article 23, Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries will not be executed;
– That documents provided by Sweden which establish that a Letter of Request has been executed will be in the Swedish language only.

(...)

letter dated 10 July 1980 and received on 11 July 1980, Sweden referring to its declaration with regard to Article 23 of the Convention made the following additional declaration:

e Swedish Government understands "Letters of Request issued for the purpose of pre-trial discovery of documents" for the purposes of the foregoing Declaration as including any Letter of Request which requires a person:
a. to state what documents relevant to the proceedings to which the Letter of Request relates are, or have been, in his possession, custody or power; or
b. to produce any documents other than particular documents specified in the Letter of Request, which are likely to be in his possession, custody or power."

## Switzerland: Reservations Declarations
*Articles [1,2,4,8,15,16,17,23,]*

(Translation)
"Re Article 1
1. With regard to Article 1, Switzerland takes the view that the Convention applies exclusively to the Contracting States. Moreover, regarding the conclusions of the Special Commission which met in The Hague in April 1989, Switzerland believes that, whatever the opinion of the Contracting States on the exclusive application of the Convention, priority should in any event be given to the procedures provided for in the Convention regarding requests for the taking of evidence abroad.

Re Articles 2 and 24
2. In accordance with Article 35, first paragraph, Switzerland designates the cantonal authorities listed in the annex *(see Authorities)* as Central Authorities as referred to in Articles 2 and 24 of the Convention. Requests for the taking of evidence or the execution of any other judicial act may also be addressed to the Federal Justice and Police Department in Bern, which will forward them to the appropriate Central Authority.

Re Article 4, second and third paragraphs
3. In accordance with Articles 33 and 35, Switzerland declares, with regard to Article 4, second and third paragraphs, that Letters of Request and any accompanying documents must be in the language of the authority requested to

execute them, i.e. in German, French or Italian, or accompanied by a translation into one of these languages, depending on the part of Switzerland in which the documents are to be executed. The documents confirming execution will be drawn up in the official language of the requested authority.

Re Article 8
4. In accordance with Article 35, second paragraph, Switzerland declares, with regard to Article 8, that members of the Judicial personnel of the requesting authority of another Contracting State may be present at the execution of a Letter of Request provided they have obtained prior authorization from the executing authority.

Re Articles 15, 16 and 17
5. In accordance with Article 35, Switzerland declares that evidence may be taken according to Articles 15, 16 and 17 subject to prior authorization by the Federal Justice and Police Department. A request for authorization must be addressed to the Central Authority in the canton where the evidence is to be taken.

Re Article 23
6. In accordance with Article 23, Switzerland declares that Letters of Request issued for the purpose of obtaining pre-trial discovery of documents will not be executed if:
a) the request has no direct and necessary link with the proceedings in question; or
b) a person is required to indicate what documents relating to the case are or were in his/her possession or keeping or at his/her disposal; or
c) a person is required to produce documents other than those mentioned in the request for legal assistance, which are probably in his/her possession or keeping or at his/her disposal; or
d) interests worthy of protection of the concerned persons are endangered."

Turkey: Reservations Declarations
*Articles [4,16,17,23]*

In accordance with Article 33 of the Convention, the Republic of Turkey reserves its right not to implement the provisions of Article 4, paragraph 2, on its territory. Letters of Request which are to be executed under Chapter I of the Conventon, shall be in Turkish or be accompanied by a Turkish translation in compliance with Article 4, paragraphs 1 and 5.

In accordance with Article 35 of the Convention, the Republic of Turkey declares that:
– the Ministry of Justice has been designated as the competent authority empowered to grant permission envisaged in Articles 16 and 17 and,
– it will not execute letters of request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries, as provided for in Article 23.

Ukraine: Reservations Declarations
*Articles [4,8,16,17,18,19,23]*

(...)
– in accordance with Article 4 of the Convention, letters of request to be executed under Chapter I of the Convention must be in the Ukrainian language or be accompanied by a translation into the Ukrainian language;
– in accordance with Article 8 of the Convention, members of the judicial personnel of the requesting authority of another Contracting Party may be present at the execution of a letter of request, if the possibility of such presence is confirmed by the consent of the Ministry of Justice of Ukraine;
– in accordance with Article 23 of the Convention, Ukraine will not execute letters of request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries.

In accordance with Article 33 of the Convention, Ukraine makes the following reservations:

– Ukraine excludes, in whole, the application of the provisions of paragraph 2 of Article 4 of the Convention;
– Ukraine excludes the application within its territory of the provisions of Chapter II of the Convention, except for Articles 15, 20, 21 and 22.

**United Kingdom of Great Britain and Northern Ireland: Reservations Declarations Notifications**
*Articles [8,18,23,27,33]*

Under the following reservation:

"... in accordance with the provisions of Article 33 the United Kingdom will not accept a Letter of Request in French.",

(...)

and the following declarations:

"1. In accordance with Article 8 Her Majesty's Government declare that members of the judicial personnel of the requesting authority may be present at the execution of a Letter of Request.
2. In accordance with Article 18 Her Majesty's Government declare that a diplomatic officer, consular agent or commissioner authorized to take evidence under Articles 15, 16 and 17 may apply to the competent authority designated hereinbefore for appropriate assistance to obtain such evidence by compulsion provided that the Contracting State whose diplomatic officer, consular agent or commissioner makes the application has made a declaration affording reciprocal facilities under Article 18.
3. In accordance with Article 23 Her Majesty's Government declare that the United Kingdom will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents. Her Majesty's Government further declare that Her Majesty's Government understand "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents" for the purposes of the foregoing Declaration as including any Letter of Request which requires a person:
a. to state what documents relevant to the proceedings to which the Letter of Request relates are, or have been, in his possession, custody or power; or
b. to produce any documents other than particular documents specified in the Letter of Request as being documents appearing to the requested court to be, or to be likely to be, in his possession, custody or power.
4. In accordance with Article 27 Her Majesty's Government declare that by the law and practice of the United Kingdom of the prior permission referred to in Articles 16 and 17 is not required in respect of diplomatic officers, consular agents or commissioners of a Contracting State which does not require permission to be obtained for the purposes of taking evidence under Articles 16 or 17."

N.B. By a Note dated 9 February 1995 and received on 21 February 1995, the Embassy of the United Kingdom of Great Britain and Northern Ireland informed the Ministry of Foreign Affairs of the Kingdom of the Netherlands that, unless otherwise stated, in future the acceptance by the United Kingdom of the accession of any State to the Convention shall also be acceptance in respect of all the territories for the international relations of which the United Kingdom is responsible and to which the application of the Convention has been extended.

**United States of America: Declarations**
*Articles [4,8,16,17,18]*

(...)
Under paragraph 2 of Article 4 the United States has agreed to accept a Letter of Request in or translated into French.

Case 5:04-cv-00073-DF-CMC   Document 194-4   Filed 12/14/07   Page 39 of 40 PageID #:
3842
Case 5:04-cv-00073-DF-CMC   Document 167-5   Filed 08/09/2007   Page 39 of 40

The United States wishes to point out that owing to the necessity of translating such documents into English it will take the Central Authority longer to comply with a Letter of Request in or translated into French than with a similar request received in English.

In accordance with paragraph 3 of Article 4 the United States declares that it will also accept Letters of Request in Spanish for execution in the Commonwealth of Puerto Rico.

In accordance with Article 8 the United States declares that subject to prior authorization members of the judicial personnel of the requesting authority of another Contracting State may be present at the execution of a Letter of Request. The Department of Justice is the competent authority for the purposes of this Article.

The United States declares that evidence may be taken in the United States under Articles 16 and 17 without its prior permission.

In accordance with Article 18 the United States declares that a diplomatic or consular officer or a commissioner authorized to take evidence under Articles 15, 16 or 17 may apply for appropriate assistance to obtain the evidence by compulsion. The competent authority for the purposes of Article 18 is the United States district court of the district in which a person resides or is found.

Such court may order him to give his testimony or statement or to produce a document or thing for use in a proceeding in a foreign tribunal. The order may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court."

**Venezuela: Reservations Declarations**
*Articles [4,23]*

1. Respecto del Párrafo 2 del Artículo 4:
"La República de Venezuela aceptará las Comisiones Rogatorias y los documentos y otros recaudos anexos a las mismas, sólo cuando se encuentren debidamente traducidas al idioma castellano".

2. Respecto del Capítulo II:
"La República de Venezuela no permitirá la intervención en la obtención de pruebas de los comisarios, previstos en el Capítulo II de este Convenio".

3. Respecto del Artículo 23:
"La República de Venezuela declara, que sólo ejecutará las Comisiones Rogatorias que tengan por objeto el procedimiento conocido en los países del common law con el nombre de pretrial discovery of documents, cuando se cumplan las siguientes condiciones:
a) que se haya iniciado el proceso;
b) que los documentos cuya exhibición o transcripción se solicita se encuentren identificados razonablemente en cuanto a su fecha, contenido u otra información pertinente;
c) que se especifiquen aquellos hechos o circunstancias que permitan razonablemente creer a la parte solicitante que los documentos pedidos son del conocimiento de la persona de quien se requieran o que se encuentren o se encontraban en posesión o bajo el control o custodia de ella;
d) que se indique con toda claridad la relación entre la prueba o la información solicitada y el proceso pendiente".

(Translation)
1. With regard to Article 4, paragraph 2:
"The Republic of Venezuela will accept Letters of Request and documents and other items annexed thereto only when

Case 5:04-cv-00073-DF-CMC   Document 194-4   Filed 12/14/07   Page 40 of 40 PageID #:
3843
Case 5:04-cv-00073-DF-CMC   Document 167-5   Filed 08/09/2007   Page 40 of 40

these are properly translated into the Spanish language".

2. With regard to Chapter II:
"The Republic of Venezuela will not allow commissioners as provided for in Chapter II of this Convention to act in obtaining evidence".

3. With regard to Article 23:
"The Republic of Venezuela declares that it will only execute Letters of Request dealing with the procedure known in common law countries as pre-trial discovery of documents when the following conditions apply:
(a) that proceedings have been instituted;
(b) that the documents requested to be exhibited or transcribed shall be reasonably identified as regards their date, contents or other relevant information;
(c) that any facts or circumstances giving the plaintiff reasonable cause to believe that the documents asked for are known to the person requested to produce them so that they are or were in the possession or under the control or in the custody of that person, shall be specified;
(d) that the connection between the evidence or information sought and the pending litigation be made quite clear".