IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION



| | |
|---|---|
| 1. HOLLY SACKS, Individually and as Representative of the Estate of RICHARD TODD SACKS, 2. MELVIN PHILLIP SACKS, and 3. MARILYN PROCTOR, <br><br> Plaintiffs, <br><br> VS. <br><br> 1. FOUR SEASONS HOTELS LIMITED and 2. FOUR SEASONS PUNTA MITA, S.A. de C.V., <br><br> Defendants. | § § § § § § § § § § § § § § § § CIVIL ACTION NO. 5-04-073 <br> JURY <br><br> ECF |

### DEFENDANT FOUR SEASONS HOTEL LIMITED AND DEFENDANT FOUR SEASONS PUNTA MITA, S.A. DE C.V.'S RESPONSE TO PLAINTIFF HOLLY SACKS' FOURTH MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION

Defendants, FOUR SEASONS HOTELS LIMITED and FOUR SEASONS PUNTA MITA, S.A. de C.V. hereby respond to Plaintiff Holly Sacks' Fourth Motion to Compel. In support, Defendants state as follows:

### I. BACKGROUND

1. On October 8, 2007, Plaintiff Holly Sacks sent her Ninth Request for Production to Defendant Four Seasons Hotel Limited. (Ex. "A"). This request seeks subsequent remedial measures irrelevant to the cause of action. Defendant Four Seasons Hotel Limited responded to Holly Sacks' Ninth Request for Production on November 6, 2007. (Ex. "B").

2. Plaintiff Holly Sacks sent her Thirteenth Request for Production to Defendant Four Seasons Punta Mita, S.A. de C.V on October 8, 2007. This request was identical to Plaintiff Holly Sacks' Ninth Request for Production to Four Seasons Hotel Limited, and

Defendant Four Seasons Punta Mita, S.A. de C.V.'s Response was identical to Four Season Hotel Limited's Response to Plaintiff Holly Sacks' Ninth Request for Production. (Exs. "C" and "D").

3. To date, Plaintiffs have collectively served Defendants with 16 sets of interrogatories and 27 sets of requests for production of documents. Plaintiff Holly Sacks has also served *duces tecum* requests with the deposition notices of three of Defendants' representatives. (Ex. "E"). Defendants responded to these voluminous number of discovery items and have supplemented their responses. In short, Defendants have produced 2,362 pages of documents relating to the Sacks incident.

4. Moreover, Defendants have produced three separate inspection reports prepared by outside agencies relating to the subject Four Seasons Punta Mita resort. Defendants produced a 2002 report and a 2003 report prepared by The Richey Group (international hotel quality management consultants) following a full audit of the property, and Defendants produced a 2000 report prepared by Marsh Insurance following a full audit of the property.[1] A copy of the three reports were sent to Plaintiff Holly Sacks along with a cover letter dated December 3, 2007 specifically withdrawing the claims of privilege on reports not relating to the subject Punta Mita resort and Defendants' Privilege Log. (Exs. "F" and "G").

5. Plaintiff Holly Sacks subsequently filed the instant Motion to Compel on December 18, 2007 requesting that Defendants produce reports not relating to the subject Punta Mita resort.

## II. ARGUMENT AND AUTHORITY

6. Discovery under the federal rules, while liberal, has its limits, and Plaintiff Holly Sacks has exceeded those limits in requesting for information that is irrelevant to the subject matter of this lawsuit. Information is discoverable if it is relevant to the subject matter involved

---

[1] Because the three reports together are over 1,000 pages long, Defendants did not attach the reports as exhibits.

in the action. Fed. R. Civ. P. 26(b)(1). It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* The information sought in this case, however, is irrelevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence.

7. Defendants have produced voluminous documentation to Plaintiff Holly Sacks relating to inspection reports prepared for the subject Four Seasons Punta Mita resort. Defendants have also properly responded and lodged objections to the discovery items listed in Plaintiff Holly Sacks' Fourth Motion to Compel. These particular discovery items relate to other properties located in different countries. This lawsuit concerns the Four Seasons resort in Mexico. Thus, the requests for information relating to any and all Four Seasons properties is overbroad, unduly burdensome, irrelevant to the subject matter of the lawsuit and not reasonably calculated to lead to discoverable evidence. *See In re Towner Petroleum Co. Securities Litigation*, 1986 U.S. Dist. Lexis 30250 *7 (January 21, 1986) (compelling discovery only after plaintiffs agreed to limit their interrogatories to advertising disseminated into the geographical area where any plaintiff worked or resided during the relevant time period).

8. Further, Plaintiff Holly Sacks' Fourth Motion to Compel is entirely unsupported by legal discussion or argument. Plaintiff Holly Sacks has not cited to a single case to support the argument that Defendants' objections are improper under the law or under the facts and circumstances herein. In light of Plaintiff Holly Sacks' failure to support her arguments with legal citation or analysis describing how the discovery items are relevant, combined with this Court's authority to impose reasonable limitations on discovery, Plaintiff Holly Sacks' Fourth Motion to Compel must be denied. Fed. R. Civ. P. 26(b)(1); *see also* Rule 26 (b)(C)(iii).

9. As mentioned above, Plaintiff Holly Sacks made identical requests to Defendants. The requests are as follows:

REQUEST FOR PRODUCTION NO. 1: All written documents or memos, reports, *etc.* where any insurance brokers or their consultants have addressed the issue of the possible need for medical services, emergency medical transport, or related issues at any Four Seasons properties during the past 15 years.

REQUEST FOR PRODUCTION NO. 2: All life safety or other safety audits conducted by any outside consultants for any of the following Four Seasons resorts during the last 10 years, which Senior Vice President Craig Reid classified as "remotely located:"

(a) Punta Mita, Mexico
(b) Nevis, Nevis
(c) Kurda Huraa, Maldives
(d) Costa Rica, Costa Rica
(e) Exuma, Bahamas
(f) Lanai, Hawaii

REQUEST FOR PRODUCTION NO. 3: All security consultant studies or reports dealing with emergency medical issues at any of the resorts listed in Request for Production No. 2 above.

REQUEST FOR PRODUCTION NO. 4: All consultant security studies conducted by Marsh-McClellan (or similarly named broker/insurance writer) for the Four Seasons at Punta Mita.

10. Defendants responded to each requests as follows:

**RESPONSE: Defendant objects to this request on the ground that it seeks the disclosure of subsequent remedial acts and information that is not relevant to any claim or defense in this action and seeks information not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1). Objecting further, this request is overbroad and unduly burdensome in scope. Defendant further objects on the basis of the insurer/insured privilege. Subject to and without waiving said objections, and limiting this request to the calendar year 1999 through the present, Defendant Four Seasons Punta Mita, S.A. de C.V. has no responsive documents and see items 48 and 49 on this Defendant Four Seasons Hotel Limited's privilege log produced herewith.**

11. Defendants have produced all responsive documents relating to the Four Seasons Punta Mita. As mentioned above, three reports were provided and claims of privilege for reports that were withheld were withdrawn. (Ex. "F"). Defendant Four Seasons Punta Mita opened in 1999 and there are no responsive reports prior to 1999.

12. There are currently 74 operating "Four Seasons" hotels located throughout the world. Plaintiff Holly Sacks' request for documentation from all 74 of these hotels for a 15 year period is overbroad and unduly burdensome. *See Gutescu v. Carey Int'l, Inc.*, No. 01-4026-CIV, 2003 WL 25589031, * 4 (S.D. Fla. Jun. 24, 2003) (denying discovery equaling nationwide canvass of all subsidiaries and locations when the alleged act involved only two locations).

13. Further, admissible evidence in this case will relate to what happened or could have happened at the Four Seasons Punta Mita resort in Mexico on or before June 8, 2003, the date of the Sacks incident. Plaintiff Holly Sacks' requests seek current information which is inappropriate and, for all the foregoing reasons, the 2005 reports related to a resort in the Bahamas and a resort in Costa Rica are not relevant.

14. Evidence of what medical services may have been available in other countries of the world are completely irrelevant, and compelling production of such information will not lead to the discovery of admissible evidence in this case. Plaintiff Holly Sacks has failed to argue to the contrary. Moreover, any materials prepared *after* the Sacks incident would be in the nature of subsequent remedial measures. Subsequent remedial measures are not admissible. Fed. R. Evid. 407; *see also Specialty Prods. Int'l, Ltd. v. Con-Way Transp. Servs., Inc.*, 410 F. Supp. 2d 423, 427- 428 (M.D.N.C. 2006) (when feasibility and control are not in dispute, evidence of subsequent remedial measures is not admissible).

15. Finally, Plaintiff Holly Sacks' argument that she seeks this request to show "feasibility" and "control" is unsupported by legal authority. Plaintiff Holly Sacks has not argued to this Court that issues of control or feasibility are in dispute. Rule 407 of the Federal Rule of Evidence provides that when, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event unless the subsequent remedial measure is offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverter. *See* Fed. R. Evid. 407. The application of Rule 407 depends upon the circumstances of each case. Ownership, control, or feasibility of any and all precautionary measures, however, are not in dispute. Assuming, *arguendo,* that they are in dispute, Plaintiff Holly Sacks has failed to explain how discovery of information regarding properties in other countries could lead to the discovery of admissible evidence against the subject Mexican resort relating to feasibility or control on or before June 8, 2003. *See Philadelphia Nat'l Bank v. Depository Trust Co.*, 38 Fed. R. Serv. 2d 1314, 1316 (E.D. Pa. 1984) (refusing to allow discovery of information regarding the period subsequent to the date in question because plaintiffs failed to explain how discovery of material subsequent to the date of the incident, in any way related to the actions of the defendants and plaintiffs on the date in question). Thus, by failing to claim these issues are in dispute and by failing to explain how this will lead to discoverable evidence, Plaintiff Holly Sacks' motion to compel must fail. *See Specialty Prods. Int'l, Ltd., Inc.*, 410 F. Supp. 2d at 427-28.

WHEREFORE, the Defendants, Four Seasons Hotels Limited and Four Seasons Punta Mita, S.A. de C. V., request that this Court deny Plaintiff Holly Sacks Fourth Motion to Compel.

Respectfully submitted,

CREMER, KOPON, SHAUGHNESSY & SPINA, L.L.C.

By: /s/William J. Cremer
WILLIAM J. CREMER (*Of Counsel*)
State Bar No. 6180833
180 N. LaSalle, Suite 3300
Chicago, Illinois 60601
(312) 980-3014 (Telephone)
(312) 726-3818 (Telecopier)
E-mail: wcremer@cksslaw.com

MARCOS G. RONQUILLO (*attorney in charge*)
State Bar No. 17226000
JOSE L. GONZALEZ (*of counsel*)
State Bar No. 08129100
GODWIN, PAPPAS, RONQUILLO, LLP
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2084
(214) 939-4400 (Telephone)
(214) 760-7332 (Telecopier)
E-mail: mronquillo@godwinpappas.com
E-mail: jgonzalez@godwinpappas.com

## CERTIFICATE OF SERVICE

This is to certify that on January 2, 2008, this response to Plaintiff Holly Sacks' Fourth Motion to Compel was served on the following counsel electronically via the Court's ECF system:

Windle Turley
Law Offices of Windle Turley, P.C.
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206

Winford L. Dunn
Dunn, Nutter & Morgan, L.L.P.
Suite Six, Stateline Plaza, Box 8030
Texarkana, Texas 71854

Marcos G. Ronquillo
Jose L. Gonzalez
Godwin, Pappas, Ronquillo, LLP
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2084

/s/William J. Cremer