IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| HOLLY ANN SACKS, Individually and as Representative of the Estate of RICHARD TODD SACKS, MELVIN PHILLIP SACKS, and MARILYN PROCTOR, | § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 5:04-CV-73 |
| V. | § § | |
| FOUR SEASONS HOTELS LIMITED AND FOUR SEASONS PUNTA MITA, S.A. de C.V., | § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS AND TO SUPPRESS AND EXCLUDE THE ORAL SWORN STATEMENTS OF SERGIO FARIAS AND MARIANA ZARDAIN**

Plaintiffs file their Response to Defendants' Motion for Discovery Sanctions and to Suppress and Exclude the Oral Sworn Statements of Sergio Farias and Mariana Zardain, and state as follows:

1. Plaintiffs have not taken the deposition of Sergio Farias or Mariana Zardain because Defendants have adamantly opposed the taking of these witnesses' depositions by agreement and the Court has ruled to quash Plaintiffs' deposition notice of Sergio Farias.

2. Plaintiffs simply obtained oral statements from Sergio Farias and Mariana Zardain and then produced them to their experts.

3. There is no Federal Rule to prohibit Plaintiffs from seeking statements

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS AND TO SUPPRESS AND EXCLUDE THE ORAL SWORN STATEMENTS OF SERGIO FARIAS AND MARIANA ZARDAIN – Page 1

thn122707550.wpd

|   |   |
|---|---|
|   | from witnesses and submitting them for expert assessment. |
| 4. | Defendants had notice of Plaintiffs' counsel's intention to take the oral deposition of the witnesses, but Defendants' counsel chose to resist the depositions and then contacted at least one witness to persuade her not to give even her statement to Plaintiffs' counsel. |
| 5. | Plaintiffs appropriately disclosed the sworn statement of Sergio Farias and Mariana Zardain in Plaintiffs' expert reports. |
| 6. | Plaintiffs voluntarily complied with Defendants' early *duces tecum* for the entire file of expert Del Marva by producing the file 3 days <u>before</u> the deposition date and only 7 days after Defendants' *duces tecum* request. |
| 7. | Therefore, there is no justification for any of Defendants' suggested discovery sanctions or the exclusion of the oral sworn statements of Sergio Farias and Mariana Zardain. |

## I.      BACKGROUND

On August 24, 2007, in two separate responses to Defendants,[1] Plaintiff Holly Sacks gave Defendants notice that Plaintiffs would produce their experts and expert material in compliance with the Court's Scheduling Order.

On August 27, 2007, Plaintiff Melvin Sacks objected to Defendants request for production of Plaintiffs' expert files based on attorney work product and attorney/client privilege[2] and Plaintiff Marilyn Proctor reserved her objections until

---

[1] *See* Plaintiff Holly Sacks, as Representative of the Estate of Richard Todd Sacks's Objections and Responses to Defendants' Second Request for Production of Documents, Request No. 8, at 6, attached as Exhibit G; Plaintiff Holly Sacks, Individually's Objections and Responses to Defendants' Second Request for Production of Documents, Request No. 41, at 17, attached as Exhibit H.

[2] *See* Plaintiff Melvin Phillip Sacks' Responses to Defendants' First Request for Production of Documents, Request No. 64, at 11-12, attached as Exhibit I.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS AND TO SUPPRESS AND EXCLUDE THE ORAL SWORN STATEMENTS OF SERGIO FARIAS AND MARIANA ZARDAIN – Page 2

thn122707550.wpd

receipt of such file.[3]

On August 27, 2007, the Court quashed Plaintiffs' Notice for the Deposition of Sergio Farias in Mexico.[4] The Court did not forbid contact or a statement from these witnesses.

On August 31, 2007, Plaintiffs received the oral sworn statements of Sergio Farias and Mariana Zardain in Mexico.

On November 14, 2007, as Defendants have confirmed,[5] Plaintiffs disclosed to Defendants the statements in question with Plaintiffs' expert reports for Fred Del Marva and Jon Fels.

The deadline for Plaintiffs to designate expert witnesses and produce reports was November 15, 2007.[6]

On November 20, 2007, Defendants sent a *duces tecum* request with accompanying letter for each of Plaintiffs' expert files to be provided 7 days <u>before</u> their depositions.[7]

On November 27, 2007, even though not required by the Rules or Court Order, Plaintiffs voluntarily provided the requested expert deposition file of Fred

---

[3] *See* Plaintiff Marilyn Proctor's Responses to Defendants' First Request for Production of Documents, Request No. 64, at 11, attached as Exhibit J.

[4] *See* Court's Order of August 27, 2007, Doc. No. 175.

[5] *See* Defendants' Motion, at 4, ¶ 11.

[6] *See* Fourth Amended Scheduling Order, Doc. No. 188.

[7] *See* Defendants' Letter of November 20, 2007, attached as Exhibit D.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS AND TO SUPPRESS AND EXCLUDE THE ORAL SWORN STATEMENTS OF SERGIO FARIAS AND MARIANA ZARDAIN – Page 3

thn122707550.wpd

Del Marva in advance of his deposition.  The files contained the witness statements in question, as confirmed by Defendants.[8]

On the same day of November 27, 2007, Defendants noticed the deposition of Fred Del Marva[9] for November 30, 2007 and Jon Fels[10] for December 14, 2007.

The deadline for Defendants to depose Plaintiffs' expert witnesses was December 17, 2007.[11]

The deadline for Defendants to designate their experts and produce expert reports is January 14, 2008.[12]

This case is set for trial on April 8, 2008.[13]

---

[8] *See* Defendants' Motion, at 5, ¶ 11.

[9] *See* Defendants' Deposition Notice of Fred Del Marva, attached as Exhibit E.

[10] *See* Defendants' Deposition Notice of Jon Fels, attached as Exhibit F.

[11] *See* Fourth Amended Scheduling Order, Doc. No. 188, at 1.

[12] *See* Fourth Amended Scheduling Order, Doc. No. 188, at 2.

[13] *See* Fourth Amended Scheduling Order, Doc. No. 188, at 2.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS AND TO SUPPRESS AND EXCLUDE THE ORAL SWORN STATEMENTS OF SERGIO FARIAS AND MARIANA ZARDAIN – Page 4

thn122707550.wpd

## II. PLAINTIFFS DID NOT TAKE DEPOSITIONS AND THERE IS NOTHING IMPROPER ABOUT PLAINTIFFS SECURING THE ORAL STATEMENTS OF SERGIO FARIAS AND MARIANA ZARDAIN.

Pursuant to Fed. R. Civ. P. 26(b)(3) a "statement" is defined as:

> "**a written statement** signed or **otherwise adopted or approved by the person making it**, or . . . a **stenographic**, mechanical, electrical, or other **recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.**"

Fed. R. Evid. 801(a) says a "statement" is "an oral or written assertion."

In contrast, the D.C. Circuit in *United States v. Microsoft Corp.* has defined a "deposition" as:

> "testimony of a witness taken upon oral question or written interrogatories, not in open court, but *<u>in pursuance of a commission to take testimony issued by a court</u>*, or under a general law or court rule on the subject, and reduced to writing and duly authenticated, and intended to be used in preparation and upon the trial of a civil action or criminal prosecution."[14]

The Fifth Circuit has stated a "deposition" is:

> "the testimony of a witness put or taken down in writing under oath or affirmation, before a commissioner, examiner, or other judicial officer, in answer to interrogatories *<u>and cross interrogatories</u>*, and usually subscribed by the witness."[15]

---

[14] *United States v. Microsoft Corp.*, 165 F.3d 952, 956 (D.C. Cir. 1999) (citing Black's Law Dictionary 357 (6th ed. 1990)(emphasis added).

[15] *Lutcher v. United States*, 72 F. 968, 972 (5th Cir. 1896) (emphasis added).

Here, the transcribed statements are not depositions because the statements were not taken before a person commissioned by this Court and there was no cross-examination of the witnesses.

Although Plaintiffs had given notice for depositions of several Mexican non-party witnesses, no depositions of Mexican non-party witnesses were taken because Defendants had opposed the taking their voluntary depositions and had asked for the Court's assistance to quash such depositions.[16]  On August 27, 2007, the Court quashed Plaintiffs' Notice for the Deposition of Sergio Farias.[17]  No deposition of Farias or Zardain took place because there was no court order, no deposition notice, nor agreement for a deposition.

Plaintiffs' counsel elected simply to take statements from certain witnesses. On August 31, 2007 in Mexico, Sergio Farias[18] and Mariana Zardain[19] made oral sworn statements to Plaintiffs' counsel– statements which were adopted and approved by their oath, recorded, transcribed, and then produced to Plaintiffs' experts for their assessment and background evaluation.

---

[16] *See* Defendants' Motion for Protective Order and to Quash Plaintiffs' Notices of Depositions of Sergio Farias and Clemente Carillo, Doc. No. 167.

[17] *See* Court's Order of August 27, 2007, Doc. No. 175.

[18] *See* Oral Sworn Statement of Sergio Farias of August 31, 2007, excerpt, attached as Exhibit A.

[19] *See* Oral Sworn Statement of Mariana Zardain of August 31, 2007, excerpt, attached as Exhibit B.

The Second Circuit has stated:

> A "deposition" usually takes place "outside the presence of the decision maker, and they are designed to allow parties to prepare for the ***eventual presentation of evidence*** or examination of witnesses before the decision maker at trial or a hearing."[20]

Here, Defendants have not raised the issue as to whether an expert can consider a sworn statement as part of his analysis, and no one has suggested the statements themselves be offered into evidence. Defendants simply question the propriety of the statements themselves. Of that, there can be no question. No Federal Rule nor Court Order was violated in the taking of these oral statements. Defendants are wrong to assert that Plaintiffs have violated the August 27 Order.[21] No deposition was ever taken of Sergio Farias and Mariana Zardain because: (1) Defendants were not present; (2) no cross-examination was done; (3) the events were not a court proceeding; (4) no (non-quashed) notice was given for a deposition of either witnesses; and (5) the statements were not taken for the purpose of being admitted into evidence.

And because no deposition was ever taken of Sergio Farias or Mariana Zardain, Defendants are clearly wrong to assert that Plaintiffs failed to follow the Federal Rules of Civil Procedure and this Court's local rules for taking a

---

[20] *Stolt-Nielsen Transp. Group, Inc. v. Celanese AG*, 430 F.3d 567, 578 (2d Cir. 2005) (emphasis added).

[21] *See* Defendants' Motion, at 13, ¶ 29.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS AND TO SUPPRESS AND EXCLUDE THE ORAL SWORN STATEMENTS OF SERGIO FARIAS AND MARIANA ZARDAIN – Page 7

thn122707550.wpd

deposition;[22] or that a Spanish translator must be provided;[23] or that the form of the questioning was improper;[24] or that the statements cannot be considered by an expert in opposition to Defendants' position.[25]

Therefore, Defendants' efforts to seek discovery sanctions and suppression of these non-party witnesses' oral sworn statements[26] are simply groundless because there is no Federal Rule or Court Order that prohibits Plaintiffs from seeking these witnesses' <u>statements</u>!

### III.  PLAINTIFFS HAVE TIMELY DISCLOSED THE STATEMENTS OF SERGIO FARIAS AND MARIANA ZARDAIN.

Pursuant to Fed. R. Civ. P. 26(a)(2), Plaintiffs must disclose information considered by an expert witness in forming his opinions[27] at the time directed by the Court or at least 90 days before trial.[28]  The Plaintiffs did that.

In addition, on August 24, 2007, in two separate documents,[29] Plaintiff Holly

---

[22] *See* Defendants' Motion, at 8, § B, ¶¶ 18-19.

[23] *See* Defendants' Motion, at 8-9, § B(1), ¶ 20.

[24] *See* Defendants' Motion, at 9-10, § B(2), ¶ 21.

[25] *See* Defendants' Motion, at 10-11, § C, ¶¶ 22-24.

[26] *See* Defendants' Motion, at 11-13, § D, ¶¶ 25-29.

[27] Fed. R. Civ. P. 26(b)(3)(B).

[28] Fed. R. Civ. P. 26(b)(3)(C).

[29] *See* Plaintiff Holly Sacks, as Representative of the Estate of Richard Todd Sacks's Objections and Responses to Defendants' Second Request for Production of Documents, Request No. 8, at 6, attached as Exhibit G; Plaintiff Holly Sacks, Individually's Objections and Responses to Defendants' Second Request for Production of Documents, Request No. 41, at 17, PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS AND TO SUPPRESS AND EXCLUDE THE ORAL SWORN STATEMENTS OF SERGIO FARIAS AND MARIANA ZARDAIN – Page 8

thn122707550.wpd

Sacks gave Defendants notice that Plaintiffs would comply with the Court's Scheduling Order regarding Defendants' request for production of Plaintiffs' expert files.  On August 27, 2007, Plaintiff Melvin Sacks objected to Defendants' request for production of Plaintiffs' expert files based on attorney work product and attorney/client privilege.[30]

Here, the deadline for Plaintiffs to designate expert witnesses and produce reports was November 15, 2007.[31]  On November 14, 2007, as Defendants have confirmed,[32] Plaintiffs disclosed to Defendants the oral sworn statements in question with Plaintiffs' expert reports for Fred Del Marva and Jon Fels.

On November 20, 2007 and prior to sending notice of their depositions, Defendants sent a *duces tecum* request for the file of each of Plaintiffs' experts.[33]  In their letter, Defendants requested that the *duces tecum* materials be produced seven days prior to the respective depositions to allow for "more efficient depositions."[34]  Plaintiffs could not comply by voluntarily producing the materials within 3 days, but did voluntarily provide the *duces tecum* materials 3 days ahead

---

attached as Exhibit H.

[30] *See* Plaintiff Melvin Phillip Sacks' Responses to Defendants' First Request for Production of Documents, Request No. 64, at 11-12, attached as Exhibit I.

[31] *See* Fourth Amended Scheduling Order, Doc. No. 188.

[32] *See* Defendants' Motion, at 4, ¶ 11.

[33] *See* Defendants' Letter of November 20, 2007, attached as Exhibit D.

[34] *See* Defendants' Letter of November 20, 2007, attached as Exhibit D, at 1.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS AND TO SUPPRESS AND EXCLUDE THE ORAL SWORN STATEMENTS OF SERGIO FARIAS AND MARIANA ZARDAIN – Page 9

thn122707550.wpd

of Del Marva's deposition.

However, the Federal Rules do not require Plaintiffs' expert witnesses to produce documents prior to the time of their depositions.[35] Specifically, Fed. R. Civ. P. 30(b)(1) states, in relevant part:

> . . . If a subpoena *duces tecum* is to be served on the person to be examined, the designation of the materials to be produced as set forth in the subpoena shall be attached to, or included in, the notice.

Hence, it is proper for Plaintiffs' experts to have produced the requested documents at their respective depositions.

Nonetheless, as a professional courtesy to Defendants and only **7 days** after Defendants' request, on November 27, 2007, Plaintiffs produced the requested documents to Defendants, as confirmed by Defendants.[36] On the same day, Defendants noticed the deposition of Fred Del Marva[37] for November 30, 2007 and Jon Fels[38] for December 14, 2007. Thus, Plaintiffs have produced the statements to Defendants in a timely manner, indeed, in advance of when they were required. And any discovery sanctions to accommodate Defendants' lack of diligence or want of preparation are grossly unwarranted.

---

[35] *See* Fed. R. Civ. P. 30(b)(1).

[36] *See* Defendants' Motion, at 5, ¶ 11.

[37] *See* Defendants' Deposition Notice of Fred Del Marva, attached as Exhibit E.

[38] *See* Defendants' Deposition Notice of Jon Fels, attached as Exhibit F.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
AND TO SUPPRESS AND EXCLUDE THE ORAL SWORN STATEMENTS OF SERGIO
FARIAS AND MARIANA ZARDAIN – Page 10

thn122707550.wpd

**IV.    DEFENSE COUNSEL HAD NOTICE OF AND HAD UNSUCCESSFULLY ATTEMPTED TO PERSUADE MARIANA ZARDAIN AGAINST VOLUNTARILY GIVING HER STATEMENT TO PLAINTIFFS' COUNSEL.**

Although of no consequence, Defendants are disingenuous when they state that they had no notice[39] of Mariana Zardain's recorded statement on August 31, 2007 to Plaintiffs' counsel. In fact, defense counsel William Cremer, who was physically in Mexico,[40] and Plaintiffs believe in Los Cabos itself, had contacted Ms. Zardain on August 29, 2007 to persuade her to not show up to give her statement![41] Nevertheless, as the transcript shows, she met Plaintiffs' counsel voluntarily and gave her statement.[42]

**V.    DEFENDANTS HAVE NOT SHOWN GOOD CAUSE TO CANCEL THE SCHEDULED DEPOSITIONS OF PLAINTIFFS' EXPERTS.**

The Court's Scheduling Order of October 12, 2007 expressly ordered that:

> this Scheduling Order shall not be modified except by leave of Court upon a **showing of good cause** and shall be binding on all parties.

Here, there is no good cause for Defendants on November 29, 2007 to cancel the

---

[39] *See* Defendants' Motion, at 4, ¶ 9.

[40] *See* Oral Deposition of Nancy Chacon of August 29, 2007, excerpt, attached as Exhibit C, at 2 (Bill Cremer's appearance on the record).

[41] *See* Oral Sworn Statement of Mariana Zardain of August 31, 2007, excerpt, attached as Exhibit B, at 34, lines 5-7, 10-11, 13-15, 19-25; 35, lines 1-9, 13-14.

[42] *See* Oral Sworn Statement of Mariana Zardain of August 31, 2007, excerpt, attached as Exhibit B, at 35, lines 13-14.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS AND TO SUPPRESS AND EXCLUDE THE ORAL SWORN STATEMENTS OF SERGIO FARIAS AND MARIANA ZARDAIN – Page 11

thn122707550.wpd

scheduled depositions of two of Plaintiffs' experts.

First, Defendants have mischaracterized the Sergio Farias and Mariana Zardain's statements as depositions. Thus, each and every one of Defendants' arguments[43] based on Plaintiffs' taking a "deposition" of these witnesses fail.

Second, Defendants' counsel could have very well objected to Sergio Farias and Mariana Zardain's oral sworn statements on the record during the scheduled deposition of Plaintiffs' experts, Fred Del Marva and Jon Fels on November 30, 2007 and December 14, 2007, respectively; could have asked questions with and without the experts' reliance on the statements in question; and if necessary could have sought relief from the Court after the depositions had taken place.

Instead, defense counsel panicked and cancelled the two experts' depositions knowing very well that Defendants' December 17, 2007 deadline to take these depositions would pass before the Court could address Defendants' concerns about the use of the sworn oral statements.

Third, Defendants act improperly when they attempt at what would amount to a *Daubert* motion,[44] to strike Plaintiffs' experts Fred Del Marva and Jon Fels without ever taking their deposition and getting clarification of their opinions. *In arguendo*, if the Court were to strike Sergio Farias and Mariana Zardain's

---

[43] *See* Defendants' Motion, at 6-13, ¶¶ 16-29.

[44] *See* Defendants' Motion, at 13, ¶ 29.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
AND TO SUPPRESS AND EXCLUDE THE ORAL SWORN STATEMENTS OF SERGIO
FARIAS AND MARIANA ZARDAIN – Page 12

thn122707550.wpd

statements, Plaintiffs' experts in all reasonableness would be provided an opportunity to amend or modify their final opinions.

Fourth, neither expert, as stated by Defendants, relied "heavily" on the oral statements. If Defendants had taken the depositions of Plaintiffs' two experts as scheduled, Defendants would have known that. Defendants have absolutely no basis for making their unilateral and erroneous assertion that Plaintiffs two experts' "conclusions and opinions are inextricably intertwined with the testimony of Farias and Zardain."[45] Rather, these experts reviewed numerous documents that also included many inculpating depositions of current Four Seasons employees.[46]

Therefore, Defendants cannot show there was any good cause to cancel and refuse to take the scheduled depositions of Plaintiffs' experts. Defendants' opportunity to take the depositions of Plaintiffs' experts should be forfeited because Defendants elected not to take the depositions and the deadline to do so has passed.

## VI.  CONCLUSION

Plaintiffs did not violate any Federal Rules or the Court's August 27, 2007 Order quashing the deposition of Sergio Farias by simply obtaining the statements of Sergio Farias and Mariana Zardain. First, Plaintiffs properly responded to

---

[45] *See* Defendants' Motion, at 6, ¶ 15.

[46] *See* List of Documents reviewed by Fred Del Marva, attached as Exhibit K, which included the depositions of Four Seasons employees, Ivan Goh, Martin Rhomberg, Christian Clerc, Nancy Chacon, Lesley Brown, Ricardo Acevedo, Craig Reid.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS AND TO SUPPRESS AND EXCLUDE THE ORAL SWORN STATEMENTS OF SERGIO FARIAS AND MARIANA ZARDAIN – Page 13

thn122707550.wpd

Defendants' discovery requests by timely disclosing the sworn statements of Sergio Farias and Mariana Zardain in Plaintiffs' expert reports and voluntarily producing the requested documents ahead of the expert depositions.

In contrast, Defendants have done everything they can to prevent these former employees' knowledge of facts from being exposed. Specifically, Defendants objected to the Mexican depositions even though the witnesses were willing to voluntarily appear. In addition, Defendants managed to have contacted various former employees to ask them not to talk to Plaintiffs' counsel. Both Sergio Farias and Mariana Zardain were asked not to talk but volunteered to do so anyway. Now Defendants incorrectly object to their oral sworn statements even being considered.

Second, Defendants have not shown any good cause to cancel the scheduled depositions of Plaintiffs' experts because Plaintiffs have timely complied with the Federal Rules of Civil Procedure. As a result, no discovery sanction is warranted because Plaintiffs have not failed to comply with any Order of this Court, or any Federal Rule of Civil Procedure. Because Defendants lacked any valid reason to cancel Plaintiff experts' depositions, they should not be rewarded with either a sanction against Plaintiffs or more time to prepare their defense.

Plaintiffs also incorporate herein by reference their Response to Defendants' Motion for Protection and Motion for Leave to Extend the Deadlines in the Fourth

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS AND TO SUPPRESS AND EXCLUDE THE ORAL SWORN STATEMENTS OF SERGIO FARIAS AND MARIANA ZARDAIN – Page 14

thn122707550.wpd

Amended Scheduling Order.

WHEREFORE, Plaintiffs asks the Court to deny Defendants' Motion for Discovery Sanctions and To Suppress and Exclude the Oral Sworn Statements of Sergio Farias and Mariana Zardain.

Respectfully submitted,

TURLEY LAW FIRM

  /s/ Windle Turley
Windle Turley
State Bar No. 20304000
Linda Turley
State Bar No. 20303800
T Nguyen
State Bar No. 24051116
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802

ATTORNEYS FOR PLAINTIFF
HOLLY SACKS

  /s/ Winford Dunn
Winford L. Dunn
State Bar No. 06255000
Dunn, Nutter & Morgan, L.L.P.
3601 Summerhill Road
Texarkana, TX 75503

ATTORNEY FOR PLAINTIFFS
MARILYN PROCTOR AND MELVIN
PHILLIP SACKS

**CERTIFICATE OF SERVICE**

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
AND TO SUPPRESS AND EXCLUDE THE ORAL SWORN STATEMENTS OF SERGIO
FARIAS AND MARIANA ZARDAIN – Page 15

thn122707550.wpd

I hereby certify that a true and correct copy of the above document has been served upon all counsel listed below on this 7th day of January, 2008.

>Marcos G. Ronquillo
>Kirk Willis
>José Gonzalez
>Godwin Gruber, L.L.P.
>Renaissance Tower
>1201 Elm Street, Suite 1700
>Dallas, TX 75270-2084
>mronquillo@godwingruber.com
>kwillis@godwingruber.com
>jgonzalez@godwingruber.com
>
>Williams Cremer
>Cremer, Kopon, Shaughnessy
>180 North LaSalle, Suite 3300
>Chicago, IL 60601
>wcremer@ksslaw.com
>
>Winford L. Dunn
>State Bar No. 06255000
>Dunn, Nutter & Morgan, L.L.P.
>3601 Summerhill Road
>Texarkana, TX 75503
>wldunn@dnmlawfirm.com

>/s/ Windle Turley
>Windle Turley

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS AND TO SUPPRESS AND EXCLUDE THE ORAL SWORN STATEMENTS OF SERGIO FARIAS AND MARIANA ZARDAIN – Page 16

thn122707550.wpd