IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| HOLLY ANN SACKS, Individually and as Representative of the Estate of RICHARD TODD SACKS, MELVIN PHILLIP SACKS, and MARILYN PROCTOR, | § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 5:04-CV-73 |
| V. | § § | |
| FOUR SEASONS HOTELS LIMITED AND FOUR SEASONS PUNTA MITA, S.A. de C.V., | § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTION AND MOTION FOR LEAVE TO EXTEND THE DEADLINES IN THE FOURTH AMENDED SCHEDULING ORDER**

Plaintiffs file their Response to Defendants' Motion for Protection and Motion for Leave to Extend the Deadlines in the Fourth Amended Scheduling Order, and state as follows:

1. Pursuant to the Fourth Amended Scheduling Order, Defendants must show good cause for the Court to grant leave to modify scheduling deadlines.

2. Defendants have no good cause to justify any extension of Defendants' deadlines to depose Plaintiffs' expert witnesses Fred Del Marva and Jon Fels or to designate Defendants' rebuttal expert witnesses to these experts.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTION AND MOTION FOR LEAVE TO EXTEND THE DEADLINES IN THE FOURTH AMENDED SCHEDULING ORDER – Page 1

thn123107552.wpd

3. Plaintiffs appropriately and timely disclosed the sworn statement of Sergio Farias and Mariana Zardain in Plaintiffs' expert reports pursuant to the Court's Scheduling Order, Fed. R. Civ. P. 26, and Fed. R. Civ. P. 30.

4. Plaintiffs also voluntarily complied with Defendants' early *duces tecum* request for the entire file of expert Del Marva by producing the file 3 days <u>before</u> the deposition date and only 7 days after Defendants' *duces tecum* request.

5. Therefore, Defendants' lack of diligence and want of more preparation time are not a showing of good cause for the Court to extend any of the deadlines in the Fourth Amended Scheduling Order.

I. **BACKGROUND**

On August 31, 2007, Plaintiffs received the oral sworn statements of Sergio Farias and Mariana Zardain in Mexico.

On November 14, 2007, as Defendants have confirmed,[1] Plaintiffs disclosed to Defendants the statements in question with Plaintiffs' expert reports for Fred Del Marva and Jon Fels.

The deadline for Plaintiffs to designate expert witnesses and produce reports was November 15, 2007.[2]

On November 20, 2007, Defendants sent a *duces tecum* request with accompanying letter for each of Plaintiffs' expert files to be provided 7 days <u>before</u> their depositions.[3]

---

[1] *See* Defendants' Motion, at 4, ¶ 11.

[2] *See* Fourth Amended Scheduling Order, Doc. No. 188.

[3] *See* Defendants' Letter of November 20, 2007, attached as Exhibit D.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTION AND MOTION FOR LEAVE TO EXTEND THE DEADLINES IN THE FOURTH AMENDED SCHEDULING ORDER – Page 2

thn123107552.wpd

On November 27, 2007, even though not required by the Rules or Court Order, Plaintiffs voluntarily provided the requested expert deposition file of Fred Del Marva in advance of his deposition. The files contained the witness statements in question, as confirmed by Defendants.[4]

On the same day of November 27, 2007, Defendants noticed the deposition of Fred Del Marva[5] for November 30, 2007 and Jon Fels[6] for December 14, 2007.

The deadline for Defendants to depose Plaintiffs' expert witnesses was December 17, 2007.[7]

The deadline for Defendants to designate their experts and produce expert reports is January 14, 2008.[8]

This case is set for trial on April 8, 2008.[9]

---

[4] *See* Defendants' Motion, at 5, ¶ 11.

[5] *See* Defendants' Deposition Notice of Fred Del Marva, attached as Exhibit E.

[6] *See* Defendants' Deposition Notice of Jon Fels, attached as Exhibit F.

[7] *See* Fourth Amended Scheduling Order, Doc. No. 188, at 1.

[8] *See* Fourth Amended Scheduling Order, Doc. No. 188, at 2.

[9] *See* Fourth Amended Scheduling Order, Doc. No. 188, at 2.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTION AND MOTION FOR LEAVE TO EXTEND THE DEADLINES IN THE FOURTH AMENDED SCHEDULING ORDER – Page 3

thn123107552.wpd

## II. DEFENDANTS HAVE NOT SHOWN GOOD CAUSE TO JUSTIFY MODIFICATION OF THEIR DEADLINES IN THE FOURTH AMENDED SCHEDULING ORDER.

The Court's Scheduling Order of October 12, 2007 expressly mandates:

> this Scheduling Order shall not be modified except by leave of Court upon a **showing of good cause** and shall be binding on all parties.

Fed. R. Civ. P. 16(b) states:

> A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . If that party was not diligent, the inquiry should end."[10]  Here, Defendants have been careless in seeking relief without being diligent to meet the established scheduling deadlines.

### A. Defendants Could Have, And Should Have, Taken The Depositions Of Plaintiffs' Two Experts As Scheduled.

Defendants' counsel could have very well objected to Sergio Farias and Mariana Zardain's oral sworn statements on the record during the scheduled deposition of Plaintiffs' experts, Fred Del Marva and Jon Fels on November 30, 2007 and December 14, 2007, respectively; could have asked questions with and without the experts' reliance on the statements in question; and if necessary could

---

[10] Abel v. IBM, 2006 U.S. Dist. LEXIS 9336, *13 (D. Cal. 2006).

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTION AND MOTION FOR LEAVE TO EXTEND THE DEADLINES IN THE FOURTH AMENDED SCHEDULING ORDER – Page 4

thn123107552.wpd

have sought relief from the Court *after* the depositions had taken place.

Instead, defense counsel panicked and cancelled the two experts' depositions because they wanted more preparation time, but knowing very well that Defendants' December 17, 2007 deadline to take these depositions would pass before the Court could address Defendants' concerns about the use of the sworn oral statements. There was no reason, except for Defendants' want of more preparation time, for the Court to rule on Defendants' motion to exclude the Farias and Zardain statements *prior* to taking the depositions of Plaintiffs' two experts.

### B. No Depositions Have Been Taken From Sergios Farias Or Mariana Zardain.

Defendants have guilefully over-reacted by mischaracterizing Sergio Farias and Mariana Zardain's statements as "depositions." Thus, each and every one of Defendants' arguments[11] based on Plaintiffs' taking a "deposition" of these witnesses must fail, as explained in Plaintiffs' Response to Defendants' Motion for Discovery Sanctions and To Suppress and Exclude the Oral Sworn Statements of Sergio Farias and Mariana Zardain, which Plaintiffs incorporate herein by reference.

---

[11] *See* Defendants' Motion, at 3-4.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTION AND MOTION FOR LEAVE TO EXTEND THE DEADLINES IN THE FOURTH AMENDED SCHEDULING ORDER – Page 5

thn123107552.wpd

### C. Defendants Have Not Been Diligent To Comply With The Deadlines Established By The Fourth Amended Scheduling Order.

This case is distinguishable from the case of *Arizmendi v. ORC Indus.*,[12] upon which Defendants rely.[13] In *Arizmendi*, during recent depositions of fact witnesses, the moving party had discovered a different method of calculating wages; did not have an expert to address the "propriety of those time studies" because the studies were more complex than was known; and had only asked for a two week extension to identify experts and produce expert reports.[14] The *Arizmendi* court granted the extension because the moving party "acted diligently in its discovery efforts and its attempts to act in accordance with the deadlines established in the Court's Scheduling Order."[15]

In stark contrast, here, Defendants want the Court to order Plaintiffs' two experts to rewrite their reports without reliance on the Farias and Zardain statements; extend the deadline to depose these two experts 30 days after these experts submit new reports (which Plaintiffs believe will contain the very same, or materially the same, conclusions as their current reports); and to further extend Defendants' deadline for designating rebuttal experts until 30 days after Plaintiffs'

---

[12] 2007 U.S. Dist. LEXIS 31495 (S.D. Tex. 2007).

[13] *See* Defendants' Motion, at 5.

[14] *Arizmendi v. ORC Indus.*, 2007 U.S. Dist. LEXIS 31495, *3-4 (S.D. Tex. 2007).

[15] *Arizmendi v. ORC Indus.*, 2007 U.S. Dist. LEXIS 31495, *4 (S.D. Tex. 2007).

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTION AND MOTION FOR LEAVE TO EXTEND THE DEADLINES IN THE FOURTH AMENDED SCHEDULING ORDER – Page 6

thn123107552.wpd

expert witnesses are deposed.  Defendants seek <u>at least</u> a 60 day extension from when the Court rules on this issue!

Yet, at the same time, Defendants have not been diligent in their attempts to meet the December 17, 2007 deadline to depose Plaintiffs' experts.  Rather than showing actual diligence to comply with the Scheduling Order by taking the depositions of Plaintiffs' two experts as scheduled, and as explained above in Section II(A), Defendants attempt to force the Court and Plaintiffs to give them more time to prepare their defense and questions for Plaintiffs' experts– neither of which is good cause to warrant modification of the Scheduling Order.  Therefore, the Court should not reward Defendants for their crafty, but groundless, maneuver.

**D.   Defendants Do Not Know, And Cannot Know, Without Having Taken The Depositions Of Plaintiffs' Two Experts That These Experts Relied "Heavily" On Farias And Zardain's Oral Statements.**

Neither expert, as erroneously stated by Defendants, relied "heavily" on the oral statements.[16]  If Defendants had taken the depositions of Plaintiffs' two experts as scheduled, Defendants would have known that.  Defendants have absolutely no basis for making their unilateral and erroneous assertion that Plaintiffs two experts "relied heavily on the depositions [statements] of Farias and Zardain."[17]  Rather, these experts reviewed numerous documents that also included

---

[16] *See* Defendants' Motion, at 3, 6.

[17] *See* Defendants' Motion, at 3, 6.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTION AND
MOTION FOR LEAVE TO EXTEND THE DEADLINES IN THE FOURTH AMENDED
SCHEDULING ORDER – Page 7

thn123107552.wpd

many inculpating depositions of current Four Seasons employees.[18]

Therefore, Defendants cannot show there was any good cause to cancel and refuse to take the scheduled depositions of Plaintiffs' experts. And Defendants' opportunity to take the depositions of Plaintiffs' experts should be forfeited because Defendants elected not to take the depositions and the deadline to do so has passed.

### E. Plaintiffs Have Timely Disclosed The Statements Of Sergio Farias And Mariana Zardain.

Pursuant to Fed. R. Civ. P. 26(a)(2), Plaintiffs must disclose information considered by an expert witness in forming his opinions[19] at the time directed by the Court or at least 90 days before trial.[20] The Plaintiffs did that.

In addition, on August 24, 2007, in two separate documents,[21] Plaintiff Holly Sacks gave Defendants notice that Plaintiffs would comply with the Court's Scheduling Order regarding Defendants' request for production of Plaintiffs' expert files. On August 27, 2007, Plaintiff Melvin Sacks objected to Defendants'

---

[18] *See* List of Documents reviewed by Fred Del Marva, attached as Exhibit K, which included the depositions of Four Seasons employees, Ivan Goh, Martin Rhomberg, Christian Clerc, Nancy Chacon, Lesley Brown, Ricardo Acevedo, Craig Reid.

[19] Fed. R. Civ. P. 26(b)(3)(B).

[20] Fed. R. Civ. P. 26(b)(3)(C).

[21] *See* Plaintiff Holly Sacks, as Representative of the Estate of Richard Todd Sacks's Objections and Responses to Defendants' Second Request for Production of Documents, Request No. 8, at 6, attached as Exhibit G; Plaintiff Holly Sacks, Individually's Objections and Responses to Defendants' Second Request for Production of Documents, Request No. 41, at 17, attached as Exhibit H.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTION AND MOTION FOR LEAVE TO EXTEND THE DEADLINES IN THE FOURTH AMENDED SCHEDULING ORDER – Page 8

thn123107552.wpd

request for production of Plaintiffs' expert files based on attorney work product and attorney/client privilege.[22]

Here, the deadline for Plaintiffs to designate expert witnesses and produce reports was November 15, 2007.[23] On November 14, 2007, as Defendants have confirmed,[24] Plaintiffs disclosed to Defendants the oral sworn statements in question with Plaintiffs' expert reports for Fred Del Marva and Jon Fels.

On November 20, 2007 and prior to sending notice of their depositions, Defendants sent a *duces tecum* request for the file of each of Plaintiffs' experts.[25] In their letter, Defendants requested that the *duces tecum* materials be produced seven days prior to the respective depositions to allow for "more efficient depositions."[26] Plaintiffs could not comply by voluntarily producing the materials within 3 days, but did voluntarily provide the *duces tecum* materials 3 days ahead of Del Marva's deposition.

However, the Federal Rules do not require Plaintiffs' expert witnesses to produce documents prior to the time of their depositions.[27] Specifically, Fed. R.

---

[22] *See* Plaintiff Melvin Phillip Sacks' Responses to Defendants' First Request for Production of Documents, Request No. 64, at 11-12, attached as Exhibit I.

[23] *See* Fourth Amended Scheduling Order, Doc. No. 188.

[24] *See* Defendants' Motion, at 4, ¶ 11.

[25] *See* Defendants' Letter of November 20, 2007, attached as Exhibit D.

[26] *See* Defendants' Letter of November 20, 2007, attached as Exhibit D, at 1.

[27] *See* Fed. R. Civ. P. 30(b)(1).

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTION AND MOTION FOR LEAVE TO EXTEND THE DEADLINES IN THE FOURTH AMENDED SCHEDULING ORDER – Page 9

thn123107552.wpd

Civ. P. 30(b)(1) states, in relevant part:

> . . . If a subpoena *duces tecum* is to be served on the person to be examined, the designation of the materials to be produced as set forth in the subpoena shall be attached to, or included in, the notice.

Hence, it is proper for Plaintiffs' experts to have produced the requested documents at their respective depositions.

Nonetheless, as a professional courtesy to Defendants and only **7 days** after Defendants' request, on November 27, 2007, Plaintiffs produced the requested documents to Defendants, as confirmed by Defendants.[28] On the same day, Defendants noticed the deposition of Fred Del Marva[29] for November 30, 2007 and Jon Fels[30] for December 14, 2007.  Thus, Plaintiffs have produced the statements to Defendants in a timely manner, indeed, in advance of when they were required. And any discovery sanctions or extension of Defendants' deadlines to accommodate Defendants' lack of diligence or want of preparation are grossly unwarranted.

## III. CONCLUSION

Defendants have not shown good cause for the Court to modify the established deadlines in the Fourth Amended Scheduling Order.  First, Defendants

---

[28] *See* Defendants' Motion, at 5, ¶ 11.

[29] *See* Defendants' Deposition Notice of Fred Del Marva, attached as Exhibit E.

[30] *See* Defendants' Deposition Notice of Jon Fels, attached as Exhibit F.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTION AND MOTION FOR LEAVE TO EXTEND THE DEADLINES IN THE FOURTH AMENDED SCHEDULING ORDER – Page 10

thn123107552.wpd

have not been diligent in their efforts to comply with the established deadlines because:

(1) Defendants did not proceed to take the depositions of Plaintiffs' two experts to probe the level of reliance of the Farias and Zardain statements when, *in arguendo*, if the Court were to strike Sergio Farias and Mariana Zardain's statements, Plaintiffs' experts in all reasonableness would be provided an opportunity to amend or modify their final opinions;

(2) Defendants have mischaracterized the Farias and Zardain statements as "depositions" to justify cancelling the two experts' depositions; and

(3) Defendants are attempting to strike Plaintiffs' two experts and the witness statements unnecessarily, before deposing these experts.

Second, Defendants have done everything they can to prevent their own former employees' knowledge of facts from being exposed. Defendants management and attorneys have contacted various former employees to ask them not to talk to Plaintiffs' counsel. Both Sergio Farias and Mariana Zardain were asked not to talk but volunteered to do so anyway.

Third, Plaintiffs have timely complied with the Federal Rules of Civil Procedure and the Scheduling Order. Plaintiffs have properly responded to Defendants' discovery requests by timely disclosing the sworn statements of Sergio Farias and Mariana Zardain in Plaintiffs' expert reports and voluntarily producing the requested documents ahead of the expert depositions. Plaintiffs have done nothing, except advance their claims against Defendants, to justify Defendants' total shut down in taking the depositions of Plaintiffs' two experts.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTION AND MOTION FOR LEAVE TO EXTEND THE DEADLINES IN THE FOURTH AMENDED SCHEDULING ORDER – Page 11

thn123107552.wpd

Hence, Defendants have shown no good cause for the Court to protect Defendants from the deadlines established in the Fourth Amended Scheduling Order; or to order Del Marva or Fels to rewrite their reports prior to their depositions; or to extend the deadline for deposing Plaintiffs' expert witnesses Del Marva and Fels until 30 days after they have resubmitted their expert reports without reliance on the Farias or Zardain statements; or to extend Defendants' deadline for designating rebuttal experts until 30 days after Plaintiffs' expert witnesses Del Marva and Fels are deposed.  Accordingly, Defendants' deadlines in the Fourth Amended Scheduling Order should remain as scheduled.

WHEREFORE, Plaintiffs asks the Court to deny Defendants' Motion for Protection and Motion for Leave to Extend the Deadlines in the Fourth Amended Scheduling Order.

Respectfully submitted,

TURLEY LAW FIRM

   /s/ Windle Turley
Windle Turley
State Bar No. 20304000
Linda Turley
State Bar No. 20303800
T Nguyen
State Bar No. 24051116
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTION AND MOTION FOR LEAVE TO EXTEND THE DEADLINES IN THE FOURTH AMENDED SCHEDULING ORDER – Page 12

thn123107552.wpd

ATTORNEYS FOR PLAINTIFF
HOLLY SACKS

   /s/ Winford Dunn
Winford L. Dunn
State Bar No. 06255000
Dunn, Nutter & Morgan, L.L.P.
3601 Summerhill Road
Texarkana, TX 75503

ATTORNEY FOR PLAINTIFFS
MARILYN PROCTOR AND MELVIN
PHILLIP SACKS

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTION AND
MOTION FOR LEAVE TO EXTEND THE DEADLINES IN THE FOURTH AMENDED
SCHEDULING ORDER – Page 13

thn123107552.wpd

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document has been served upon all counsel listed below on this 7th day of January, 2008.

Marcos G. Ronquillo
Kirk Willis
José Gonzalez
Godwin Gruber, L.L.P.
Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, TX 75270-2084
mronquillo@godwingruber.com
kwillis@godwingruber.com
jgonzalez@godwingruber.com

Williams Cremer
Cremer, Kopon, Shaughnessy
180 North LaSalle, Suite 3300
Chicago, IL 60601
wcremer@ksslaw.com

Winford L. Dunn
State Bar No. 06255000
Dunn, Nutter & Morgan, L.L.P.
3601 Summerhill Road
Texarkana, TX 75503
wldunn@dnmlawfirm.com

/s/ Windle Turley
Windle Turley

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTION AND MOTION FOR LEAVE TO EXTEND THE DEADLINES IN THE FOURTH AMENDED SCHEDULING ORDER – Page 14

thn123107552.wpd