IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| 1. HOLLY ANN SACKS, Individually and and as Representative of the Estate of RICHARD TODD SACKS, 2. MELVIN PHILLIP SACKS, and 3. MARILYN PROCTOR, | § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 5-04-073 JURY |
| VS. | § § | |
| 1. FOUR SEASONS HOTELS LIMITED and 2. FOUR SEASONS PUNTA MITA, S.A. de C.V., | § § § § § | |
| Defendants. | § § | |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS AND TO SUPPRESS AND EXCLUDE THE ORAL SWORN STATEMENTS OF SERGIO FARIAS AND MARIANA ZARDAIN**

COME NOW Four Seasons Hotels Limited and Four Seasons Punta Mita, S.A. de C.V., (collectively "Four Seasons") and would respectfully show the Court the following:

**I.     INTRODUCTION**

1.     Four Seasons' Motion for Discovery Sanctions and to Suppress and Exclude the Oral Sworn Statements of Sergio Farias and Mariana Zardain ("Motion for Discovery Sanctions") asks the Court to suppress the purported "oral sworn statements" of Sergio Farias ("Farias") and Mariana Zardain ("Zardain") and to strike Plaintiffs' experts and expert reports which rely on the "oral sworn statements." Plaintiffs' Response to Defendants' Motion for Discovery Sanctions ("Plaintiffs' Response") argues that the "oral sworn statements" are not depositions, but "statements" and that Plaintiffs properly disclosed the "oral sworn statements." The premise of Plaintiffs response is that the Farias and Zardain ex parte depositions are "statements" as defined under Rule 26(b)(3). Plaintiffs entire premise is misplaced and just plain

1

wrong. They have taken a snippet out of Rule 26 (b)(3) and crafted an argument that has in law no basis under Rule 26(b)(3). Specifically, Rule 26(b)(3) provides for how a "party" or "nonparty" can obtain a copy of a statement previously made by that person, and outlines the discovery procedure for requesting a copy of that statement. The Rule provides that "for purposes of this paragraph," a "statement" is defined. Plaintiffs then make the quantum leap that Rule 26(b)(3) justifies their taking "statements" in circumvention of this court's order of August 27, FRCP 30 on the taking of depositions and Chapter I of the Hague Convention.

2. Plaintiffs' "oral sworn statements" were performed in question-and-answer format and the form of the questions demonstrate that the so-called statements are depositions. Plaintiffs' Response lacks any authority that the format, style, and substance, of the "oral sworn statements" are not depositions or how the "oral sworn statements" do no violate the Federal Rules of Civil Procedure, the Hague Convention on the Taking of Evidence, and the August 27, 2007 Order of this Court.

3. Further, Plaintiffs' Response fails to address the crucial point that the "oral sworn statements" of Farias and Zardain should have, but were not, produced during fact discovery. In their Response Plaintiffs admittedly kept the "oral sworn statements" secret from Plaintiffs for 2 ½ months until one day before fact discovery closed and did not disclose the existence of or produce the so-called "oral sworn statements" until Plaintiffs produced their expert reports. This untimely production constitutes an improper discovery ambush by Plaintiffs. Plaintiffs cite no authority to support their position that they were not required to produce the "oral sworn statements" until expert discovery commenced. They completely ignore the fact the Farias and Zardain statements constitute fact discovery and under Rules 26 and 37 were under a duty to supplement their discovery answers. Accordingly, Defendants seek to strike the "oral sworn statements" and any expert opinions and reports relying thereon.

## II. ARGUMENT AND AUTHORITIES

### A. The "Oral Sworn Statements" Were Improper

4. Despite Plaintiffs' attempts to argue to the contrary, the "oral sworn statements" are *ex parte* depositions conducted without notice to Defendants or opportunity for Defendants to cross-examine Farias and Zardain. Plaintiffs urge several definitions of "statements" to demonstrate that the "oral sworn statements" are not depositions. The definitions of "statement" Plaintiffs urge, however, are substantially different from the form of the "oral sworn statements."[1]

5. Plaintiffs argue that the "oral sworn statements" are not depositions because: (1) the statements were not taken before a person commissioned by the Court; and (2) there was no cross-examination of the witness. Plaintiffs cite the definition of "depositions" used in *United States v. Microsoft Corp.*, 165 F.3d 952 (D.C. Cir. 1999) and *Lutcher v. United States*, 72 F. 968, 972 (5th Cir. 1896). The argument that no "commissioner" took the statement is fanciful. Plaintiffs wholly ignore that the language quoted in *Microsoft* refers to depositions before "judicial officers." Plaintiffs took the statements before a certified court reporter who is a judicial officer. In *Microsoft Corp.*, the court defined a deposition as "the pretrial examination of a witness in which testimony is given under oath pursuant to a process authorized by law[.]"[2] Moreover, in *Microsoft Corp.* the court noted that the U.S. Supreme Court has "consistently used the term 'deposition' to describe a pretrial examination even when made for the purpose of discovery."[3] The "oral sworn statements" of Farias and Zardain fall squarely within these

---

[1] As aforementioned, Plaintiff rely on Rule 26(b)(3) and Rule 801(a) of the Federal Rules of Evidence. Noticeably absent from Rule 26(b)(3) and 801(a)'s definitions of "statement" is that a "statement" encompasses a question and answer format or verbal responses to verbal interrogatories. The format, style, and substance of the "oral sworn statements" demonstrate that these documents do not fall within the definitions of "statement" provided in the Federal Rules and advanced by Plaintiffs.

[2] 165 F.3d at 954-55. The definition quoted by Plaintiffs was not a definition accepted by the court in *Microsoft*, rather it was the definition of "deposition" in a Black's Law Dictionary asserted by the defendants case.

[3] *Id.* at 956. *Microsoft Corp.*, the case cited by Plaintiffs provides, a deposition is "testimony of a witness taken upon oral question....in pursuance of a commission to take testimony issued by a court, ***or under a general***

definitions.

6. Further, the definition of "deposition" provided by the Fifth Circuit in *Lutcher* is consistent with the form of the "oral sworn statements" of Farias and Zardain. In fact, the only portion of this extensive definition that the "oral sworn statements" do not meet is the absence of "cross-interrogatories." Such cross-interrogatories are not present *a fortiori* because Four Seasons was never noticed for these depositions and hence could not be present to conduct "cross-interrogatories".

**B.    Plaintiffs Did Not Timely Disclose Or Produce The "Statements"**

7. Plaintiffs' focus ***solely*** on Rule 26(a)(2) of the Federal Rules of Civil Procedure which governs disclosure of information considered by an expert witness, but wholly fails to address Plaintiffs' obligation under Rule 26 or 37 to produce the "oral sworn statements" on or before the deadline for <u>fact</u> discovery in this case. The "oral sworn statements" were not discoverable merely because of Plaintiffs' experts reliance upon them; they are required to be disclosed and produced during <u>fact</u> discovery upon request.

8. Defendants repeatedly requested such documents in Defendants' discovery to all Plaintiffs.[4] *See* Exhibits "A" through "E." Plaintiffs never supplemented their responses to Defendants' discovery requests after taking or obtaining the "oral sworn statements." Prior to taking the "oral sworn statements," Plaintiffs either asserted objections based on work-product

---

***law or court rule on the subject***...[.]" *See* Docket Entry 206 at 5 (quoting *United States v. Microsoft Corp.*, 165 F.3d 952, 956 (D.C. Cir. 1999)(citing Black's Law Dictionary 357)(6th ed. 1990))(emphasis added). The so-called "oral sworn statements" of Farias and Zardain clearly meet this definition.

[4]    Request for Production No. 39 in Defendants' Requests for Production to Plaintiff Holly Ann Sacks, Individually, served on September 20, 2004, requested "[a]ll statements of any person pertaining to the Lawsuit." *See* Exhibit "A" at 10. Further, in Request for Production No. 37, Defendants requested: "[a]ll records of any comments, *statements*, photographs, or video relating to Richard Todd Sacks or you made during *or after* your stay at the Punta Mita Resort in June 2003." *See* Exhibit "B" at 9 (emphasis added) and Exhibit "C" at 5 (emphasis added).

Further, Request for Production Nos. 56 and 59 request "[a]ll statements of any person pertaining to the Lawsuit" and "[a]ll records of any comments, *statements*, photographs, or video relating to Richard Todd Sacks or you made during *or after* your stay at the Punta Mita Resort in June 2003." *See* Exhibit "D" at 12 (emphasis added) and Exhibit "E" at 11-12 (emphasis added).

4

privilege, indicated that they did not have any witness statements, or falsely stated that documents had already been provided when in fact they knew they had not. They admit they produced them 2 ½ months after they obtained the statements.[5] Plaintiffs have not provided any reason why Plaintiffs did not supplement their written discovery after obtaining the "oral sworn statements." When Plaintiffs finally produced the statements, they apparently forgot to reassert their claims of privilege, which is telling in itself.

9. Plaintiffs have impermissibly and knowingly withheld the "oral sworn statements" of Farias and Zardain. Such clear and knowing abuse of the discovery process by Plaintiffs to the detriment of Defendants to prepare and conduct fact discovery, prepare for depositions of Plaintiffs' expert witnesses, and to prepare Defendants' own rebuttal experts should not be tolerated.

### III. CONCLUSION AND PRAYER

10. Defendants ask this Court to sanction Plaintiffs and to exclude the impermissibly obtained and untimely disclosed and produced "oral sworn statements." In addition, Defendants urge that Plaintiffs should not be able to enjoy the fruits of their discovery abuse and, therefore, Plaintiffs' experts, and their reports relying on the "oral sworn statements" should be excluded.

---

[5] On November 5, 2004, Holly Sacks responded to Request for Production No. 39: "Plaintiff objects to Request for Production No. 39 in which Defendant asks for witness statements. Non-party witness statements are work product. FRCP 26(b)(3)." See Exhibit "F" at 11. On August 16, 2007 Holly Ann Sacks' used an identical response to Request for Production No. 39. See Exhibit "G" at 18. On August 24, 2007, Plaintiff Holly Sacks, responded to Request for Production No. 4 simply: "Photograph previously provided." See Exhibit "H" at 5; see also Exhibit "I" at 15-16.

Plaintiff Melvin Sacks responded on August 27, 2007 to Request for Production No. 56: "[o]bjection to extent that Request calls for any attorney work product or attorney/client privilege." See Exhibit "J" at 10. In response to Request for Production No. 59, Melvin Sacks responded simply "[n]one in the possession of this Plaintiff." Id. at 11. Marilyn Proctor filed her Responses on August 27, 2007 and responded to Request for Production Nos. 56 and 59: "[o]bjection as being ambiguous, overly broad and attorney/client privilege and work product." See Exhibit "K" at 9 & 10.

5

**Respectfully submitted,**

By:   /s/ Jose L. Gonzalez

MARCOS G. RONQUILLO (*attorney in charge*)
State Bar No. 17226000
JOSE L. GONZALEZ
State Bar No. 08129100
RAMONA SOTO
State Bar No. 24051756

1201 Elm Street, Suite 1700
Dallas, Texas 75270-2084
(214) 939-4400 (Telephone)
(214) 760-7332 (Telecopier)
E-mail: mronquillo@godwingruber.com
E-mail: jgonzalez@godwingruber.com

**CREMER, KOPON, SHAUGHNESSY & SPINA, LLC**

WILLIAM J. CREMER
Illinois State Bar No. 6180833
180 N. LaSalle, Suite 3300
Chicago, Illinois 60601
(312) 980-3014 (Telephone)
(312) 726-3818 (Telecopier)
E-mail: wcremer@cksslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on the following counsel of record via U.S. Mail and E-mail this 15th day of January, 2008:

Windle Turley
Linda Turley
Law Offices of Windle Turley, P.C
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206

Winford L. Dunn
Dunn, Nutter & Morgan, L.L.P.
Suite Six, Stateline Plaza, Box 8030
Texarkana, Texas 71854

/s/Jose L. Gonzalez
Jose L. Gonzalez