IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| 1. HOLLY ANN SACKS, Individually and and as Representative of the Estate of RICHARD TODD SACKS, 2. MELVIN PHILLIP SACKS, and 3. MARILYN PROCTOR, | § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 5-04-073 JURY |
| VS. | § § | |
| 1. FOUR SEASONS HOTELS LIMITED and 2. FOUR SEASONS PUNTA MITA, S.A. de C.V., | § § § § § | |
| Defendants. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTION AND MOTION FOR LEAVE TO EXTEND THE DEADLINES IN THE FOURTH AMENDED SCHEDULING ORDER**

COME NOW Four Seasons Hotels Limited and Four Seasons Punta Mita, S.A. de C.V., ("Four Seasons") and file this Reply and in support respectfully show the following:

**I.    INTRODUCTION**

1.    On December 14, 2007, Four Seasons filed its Motion for Protection and Motion for Leave to Extend the Deadlines in the Fourth Amended Scheduling Order ("Motion for Protection"), which Four Seasons incorporates herein. Four Seasons is contemporaneously filing a Reply in Support of Defendants' Motion for Discovery Sanctions and to Suppress and Exclude the Oral Sworn Statements of Sergio Farias and Mariana Zardain ("Motion for Discovery Sanctions Reply"), which is incorporated herein.

2.    On January 7, 2008, Plaintiffs Holly Ann Sacks, Melvin Phillip Sacks and Marilyn Proctor (collectively referred to as "Plaintiffs") filed their Response to Defendants' Motion for Protection ("Plaintiffs' Response").

1

3. Defendants have demonstrated good cause to warrant an extension of time to depose Plaintiffs' hotel experts Fred Del Marva ("Del Marva") and Joachim Fels ("Fels") and to designate rebuttal expert witnesses to these witnesses. Plaintiffs' knowing failure to produce the so-called "oral sworn statements" of Sergio Farias ("Farias") and Mariana Zardain ("Zardain") until the day before the cutoff for *fact discovery* provides sufficient good cause to justify extension of these deadlines.

4. Plaintiffs' Response lacks any authority demonstrating that the present circumstances do not provide "good cause" for the remedy Defendants seek. Further, Plaintiffs' Response provides no authority that Plaintiffs were not required to produce the "oral sworn statements" of Farias and Zardain prior to the conclusion of fact discovery in this case – more than two months after Plaintiffs conducted these *ex parte* depositions.

## II. ARGUMENT AND AUTHORITIES

### A. Defendants Have Good Cause for an Extension of Time

5. At the outset, it is important to note that the characterization of the so-called "oral sworn statements" as "statements" or "depositions" is not relevant to Defendants' request to extend the present deadlines to depose Del Marva and Fels and designate rebuttal witnesses to these two experts.[1] Regardless of the nature of the so-called "oral sworn statements," the late production of such statements merely two days prior to the scheduled deposition of Del Marva is at issue.[2] Such tactics by Plaintiffs constitute discovery ambush and are precisely the reason why Defendants now seek protection from the Fourth Amended Scheduling Order.

---

[1] Defendants continue to assert that the so-called "oral sworn statements" of Farias and Zardain were impermissible *ex parte* depositions conducted without notice to Defendants and without Defendants present to cross-examine the witnesses.

[2] Plaintiffs argue that production of the "oral sworn statements" is governed by Rule 26(a)(2) of the Federal Rules of Civil Procedure governing disclosure of information considered by an expert witness in forming his opinions. Defendants, however, assert that regardless of whether Plaintiffs provided the "oral

2

6. Defendants cancelled the previously scheduled deposition of Del Marva and the deposition of Fels after receiving the "oral sworn statements" from Plaintiffs. Defendants could not decipher from the reports of Del Marva and Fels that the "oral sworn statements" were not merely affidavits containing a few paragraphs of information, but were in fact 30-35 page depositions where counsel for Plaintiff Holly Ann Sacks asked a multitude of leading and improper questions and where a Spanish language translator was not provided. Defendants did not receive these documents until two days prior to the previously scheduled deposition of Del Marva. At that time, Defendants cancelled the deposition of Del Marva and notified Plaintiffs that it intended to seek relief from the Court for Plaintiffs' failure to timely disclose and produce these *ex parte* depositions.

7. Defendants realized that additional time and discovery, as well as briefing to the Court, needed to be conducted in light of the "oral sworn statements" of Farias and Zardain. Accordingly, the untimely disclosure and production of the two "oral sworn statements" provide Defendants good cause for extension of the previous deadlines for deposing Del Marva and Fels and for designating rebuttal experts to Del Marva and Fels.[3]

8. Plaintiffs primary argument to dispute that Defendants have shown good cause is Plaintiffs' contention that Defendants should have taken the scheduled depositions of Del Marva and Fels, objected to the statements on the record, and then

---

sworn statements" to Farias and Zardain, these statements should have been produced in fact discovery to Defendants.

[3] *See Arizmendi v. ORC Indus.*, 2007 U.S. Dist. LEXIS 31495 (S.D. Tex. 2007). Plaintiffs attempt to distinguish *Arizmendi* on a very fact intensive basis. However, the ultimate premise in *Arizmendi* is similar to the present case. In *Arizmendi*, the plaintiff sought extension of deadlines for designation of experts and production of expert reports based upon new evidence discovered at a deposition. Similarly, Defendants now seek an extension to conduct depositions and to designate rebuttal experts based upon newly discovered information – i.e. the "oral sworn statements" of Farias and Zardain. In fact, the facts and circumstances of the present dispute actually favor Defendants more than the plaintiff seeking relief in *Arizmendi*. In *Arizmendi*, there was no discussion or contention that the defendants had knowingly failed to disclose information to plaintiffs or that defendants in any way had failed to comply with their discovery obligations. In the present dispute, the discovery documents demonstrate that Defendants diligently asked Plaintiffs to produce documents and the "oral sworn statements" fall squarely within those requests. There is no contention here that Defendants were not diligent in their discovery efforts in attempting to obtain all

sought relief of the Court. Plaintiffs' suggestion wholly fails to consider the lack of efficiency and the amount of expense such tactics would have taken. Had Defendants proceeded as Plaintiffs suggest, Defendants would have borne the cost of deposing Plaintiffs' experts, seeking relief from the Court, obtaining amended reports from Plaintiffs' experts, re-deposing Plaintiffs' experts with respect to their amended reports, and altering what had been provided to Defendants' own rebuttal experts and amending Defendants' rebuttal expert reports, and potentially re-deposing Defendants' expert witnesses. This is an entirely inefficient and costly use of Defendants' time all resulting from the improper acts of Plaintiffs for failure to comply with the Federal Rules of Civil Procedure, the Hague Convention on the Taking of Evidence, and the Court's August 27 Order. The result of Plaintiffs' suggestion would compound the problems created by Plaintiffs.

### B.    Plaintiffs' Disregard Their Culpability for the Relief Defendants' Seek

9.     Plaintiffs produced the expert reports of Del Marva and Fels on November 15, 2007. The Fourth Amended Scheduling Order allowed Defendants to receive the reports from Plaintiffs' experts and conduct their depositions by December 17, 2007. Upon receipt of reports from Plaintiffs' experts, Defendants began seeking dates to depose Plaintiffs' experts. Defendants were provided with merely one date upon which to depose Del Marva and adjusted their schedules accordingly. On November 27, 2007, Defendants sent a deposition notice for the deposition of Del Marva. Upon the late receipt of the Farias and Zardain statements, Defendants cancelled this deposition. Defendants learned that Del Marva would be leaving the country and would not be available for deposition after that time. Further, Defendants acted diligently in trying to secure a deposition of Fels – however this deposition also was cancelled when Defendants learned that he too

---

statements procured by Plaintiffs.                                         4

had relied on exparte depositions.

10. Defendants' request is not a result of inadvertence or failure to diligently secure fact or expert discovery. Defendants' request for an extension is based upon the abuse of the discovery process by Plaintiffs in obtaining the "oral sworn statements" of Farias and Zardain in violation of the court's August 27 order, Chapter I of the Hague Convention, Federal Rules 28(b), 30 and 32, and Local Rule CV-30. Plaintiffs ask this Court to disregard Plaintiffs' culpability in the need for Defendants to request such relief from the Court and, instead, ask the Court to find that Defendants were not diligent in taking expert depositions of Plaintiffs' hotel experts merely two days after disclosure of questionably obtained and untimely produced "oral sworn statements."

### C. Del Marva and Fels Relied on the "Oral Sworn Statements"

11. It is evident from a review of the expert report of Del Marva and Fels that both relied on the "oral sworn statements" of Farias and Zardain in forming their opinions. The report of Fels, on its face, demonstrates that Fels relied heavily on the "oral sworn statements." Fels' report is merely ten pages and mentions Farias and/or Farias' "oral sworn statement" seven times[4] and also mentions Zardain and/or Zardain's "oral sworn statement."

### III. CONCLUSION AND PRAYER

12. Defendants have demonstrated good cause for the deadline extensions and relief they seek. Accordingly, Defendants pray that this Court extend the deadline for Defendants to depose Plaintiffs' experts Del Marva and Fels and for Defendants to designate rebuttal experts to Del Marva and Fels until Defendants have sufficient time to conduct fact discovery relating to the untimely produced "oral sworn statements."

---

[4] *See* Fels Report, pp. 2, 3, 9.

**Respectfully submitted,**

By:  /s/ Jose L. Gonzalez

MARCOS G. RONQUILLO (*attorney in charge*)
State Bar No. 17226000
JOSE L. GONZALEZ
State Bar No. 08129100
RAMONA SOTO
State Bar No. 24051756

1201 Elm Street, Suite 1700
Dallas, Texas 75270-2084
(214) 939-4400 (Telephone)
(214) 760-7332 (Telecopier)
E-mail: mronquillo@godwingruber.com
E-mail: jgonzalez@godwingruber.com

**CREMER, KOPON, SHAUGHNESSY & SPINA, LLC**

WILLIAM J. CREMER
Illinois State Bar No. 6180833
180 N. LaSalle, Suite 3300
Chicago, Illinois 60601
(312) 980-3014 (Telephone)
(312) 726-3818 (Telecopier)
E-mail: wcremer@cksslaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document was served on the following counsel of record via U.S. Mail and E-mail this 15th day of January, 2008:

Windle Turley
Linda Turley
Law Offices of Windle Turley, P.C
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206

Winford L. Dunn
Dunn, Nutter & Morgan, L.L.P.
Suite Six, Stateline Plaza, Box 8030
Texarkana, Texas 71854

                                              /s/Jose L. Gonzalez
                                              Jose L. Gonzalez

D 1427809 v1-12952/0016 PLEADINGS