**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| 1. HOLLY SACKS, Individually and | § | |
| and as Representative of the Estate of | § | |
| RICHARD TODD SACKS, 2. MELVIN | § | |
| PHILLIP SACKS, and 3. MARILYN | § | |
| PROCTOR, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 5-04-073 |
| | § | JURY |
| VS. | § | |
| | § | ECF |
| 1. FOUR SEASONS HOTELS LIMITED | § | |
| and 2. FOUR SEASONS PUNTA MITA, | § | |
| S.A. de C.V., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT FOUR SEASONS HOTELS LIMITED AND DEFENDANT FOUR**
**SEASONS PUNTA MITA, S.A. DE C.V.'S RESPONSE TO PLAINTIFF HOLLY SACKS'**
**FIFTH [sic] MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND**
**REQUEST FOR PRODUCTION**

Defendants, FOUR SEASONS HOTELS LIMITED ("FSHL") and FOUR SEASONS

PUNTA MITA, S.A. de C.V. ("FSPM") hereby respond to Plaintiff Holly Sacks' Fifth [sic]

Motion to Compel.  In support, Defendants state as follows:

## I.      BACKGROUND

1.      To date, Plaintiffs have collectively served Defendants with 16 <u>sets</u> of

interrogatories and 27 <u>sets</u> of requests for production of documents[1].  Plaintiff Holly Sacks has

also served *duces tecum* requests with the deposition notices of three of Defendants'

representatives.  Defendants responded to this voluminous number of discovery items and have

---

[1] Defendants make note of this fact instead of actually attaching each set of discovery – which would have resulted in 43 separate exhibits to this brief.  However, Defendants will certainly provide copies of all 43 <u>sets</u> of discovery if this Court requests them.

also timely supplemented their responses to many of these sets of discovery.   In short, Defendants have produced 2,362 pages of documents in response to Plaintiffs' discovery requests.

2.     As is evident from the motion to compel that is at issue here, Plaintiffs do not know what requests they have actually propounded upon Defendants, most likely due to the sheer volume of discovery requests.   In addition, Plaintiffs have listed many items in their motion to compel that misstate Defendants' actual response rather than reproduce them verbatim. Plaintiffs also list items in their motion to compel that completely disregard the fact that Defendants previously provided Plaintiffs with a full response to a discovery item without any objections whatsoever.

3.     Most relevant to the issues presented in the instant motion, Defendants supplemented their responses to numerous items of discovery in a letter to Plaintiffs dated November 30, 2007.  *See* **Exhibit A**.

4.     Plaintiffs have consistently used vague and ambiguous terms in their discovery – rather than accepted terms of art or business terms – which has made it difficult for Defendants to always understand exactly what Plaintiffs are requesting.   Nonetheless, Defendants have always responded – sometimes over objection and sometimes with no objection – to the fullest extent possible.

5.     Defendants' responses to the discovery requests at issue are attached hereto as **Exhibits B-J**.  These documents are attached so that this Court can confirm Defendants' actual responses to the discovery items.

- FSPM's Response to Plaintiff Melvin Sacks' First Set of Interrogatories     Exhibit B
- FSPM's Response to Plaintiffs' Third Request for Production               Exhibit C
- FSPM's Responses to Plaintiffs' Fourth Request for Production            Exhibit D

- FSPM's Responses to Plaintiffs' Fourth [sic – actually the Fifth Set] Request for Production                                          Exhibit E
- FSPM's Responses to Plaintiffs' Ninth Request for Production        Exhibit F
- FSPM's Responses to Plaintiffs' Tenth Request for Production        Exhibit G
- FSHL's First Supplemental Responses to Plaintiff Holly Sacks' First Request for Production                                          Exhibit H
- FSHL's Responses to Plaintiffs' Third Request for Production        Exhibit I
- FSHL's Responses to Plaintiffs' Fifth [sic – actually Eighth set] Request for Production                                          Exhibit J

## II.    ARGUMENT AND AUTHORITY

6.      Discovery under the federal rules, while liberal, has its limits, and Plaintiff Holly Sacks has exceeded those limits in requesting information that is irrelevant to the subject matter of this lawsuit.  Information is discoverable if it is relevant to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1).  It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.  *Id*.  The information sought in this case, however, is irrelevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence.

7.      The problems with Plaintiffs' discovery items notwithstanding, Defendants have produced voluminous documentation to Plaintiffs relating to the Sacks incident and relating to the subject Four Seasons Punta Mita resort.  Defendants have also properly responded and lodged objections to the discovery items listed in Plaintiffs' motion to compel.

8.      The instant case concerns the Four Seasons Punta Mita resort in Mexico.  Therefore, Plaintiffs' discovery seeking information relating to other "Four Seasons" properties is overbroad, unduly burdensome, irrelevant to the subject matter of the lawsuit and not reasonably calculated to lead to discoverable evidence.  *See In re Towner Petroleum Co. Securities Litigation*, 1986 WL 2445 at *1 (E.D. Pa. Feb. 21, 1986) (compelling discovery only

after plaintiffs agreed to limit their interrogatories to advertising disseminated into the geographical area where any plaintiff worked or resided during the relevant time period).

9.      Further, Plaintiff Holly Sacks' Fifth [sic] Motion to Compel is entirely unsupported by legal discussion or argument.  Plaintiff Holly Sacks has not cited to a single case to support the argument that Defendants' objections are improper under the law or under the facts and circumstances herein.  In light of Plaintiff Holly Sacks' failure to support her arguments with legal citation or analysis describing how the discovery items are relevant, combined with this Court's authority to impose reasonable limitations on discovery, Plaintiff Holly Sacks' Fifth [sic] Motion to Compel must be denied.  Fed. R. Civ. P. 26(b)(1); *see also* Rule 26 (b)(2)(C)(iii).

10.      Each item listed in Plaintiffs' motion to compel is individually addressed below.

### A.      INTERROGATORIES

### 1.      FSPM's Answers to Plaintiff Melvin Sacks' First Set of Interrogatories

INTERROGATORY NO. 7:  What had been the total development cost up to June 8, 2003 of the Punta Mita property?

**ANSWER:      Defendant objects to this interrogatory on the ground that it seeks the disclosure of information that is not relevant to any claim or defense in this action and seeks information not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1).     Defendant further objects to this interrogatory on the ground that it is vague and ambiguous because Plaintiff failed to identify and/or define the phrase "total development cost."** (Exhibit B).

11.      Plaintiffs argue that this information is discoverable so that they can compare the total development cost to the cost of a standby ambulance.  Plaintiffs do not cite to a single piece of legal authority supporting their position that such evidence is discoverable, admissible, or likely to lead to admissible evidence.  This is not surprising given the state of the law on this issue.  This type of financial information is not admissible or discoverable in a standard premises liability wrongful death case – as we have here.  Defendants have not found – and Plaintiffs have

not cited – any personal injury/wrongful death/premises liability cases where development or construction costs were admitted into evidence or found to be properly discoverable.

12.     Further, Plaintiffs' intended argument – comparing the development cost to the cost of a standby ambulance – is not an argument that would be admissible at trial.  *See Eimann v. Soldier of Fortune Magazine, Inc.*, 880 F.2d 830 (5th Cir. 1989) (federal courts apply Texas law of risk-utility analysis to determine existence of duty in negligence cases), *citing United States v. Carroll Towing*, 159 F.2d 169 (2d Cir. 1947) (defendants owe a duty only when their burden (cost) is less than the value of injury times its probability (harm)).  In the instant case, Plaintiffs are attempting to compare costs with costs, which is irrelevant and therefore inadmissible at trial under FRE 402.  Therefore, Defendants' objection is proper and this Court should deny Plaintiffs' motion relative to this interrogatory.

## B.     REQUEST FOR PRODUCTION

### 1.   FSPM's Responses to Plaintiffs' Third Request for Production

REQUEST FOR PRODUCTION NO. 9:     True and correct copy of all current medical emergency policies and procedures for the subject Punta Mita resort.

**RESPONSE: Defendant objects to this request on the ground that it seeks the disclosure of subsequent remedial acts and information that is not relevant to any claim or defense in this action and seeks information not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1).**  (Exhibit C).

13.     Defendant has previously produced copies of medical emergency policies and procedures that were in force and effect at the subject resort on the day of the accident – June 8, 2003.  In this Request, Plaintiffs seek the policies and procedures that are in effect currently – more than 4 years after the day of the accident.  Plaintiffs argue that the current policies to show feasibility of the measures and control back on June 8, 2003.

14.     However, admissible evidence in this case will relate to what happened or could have happened at the Four Seasons Punta Mita resort in Mexico on or before June 8, 2003, the date of the Sacks incident.  Plaintiffs' request seeks current information which is inappropriate and not relevant.

15.     Evidence of what policies and procedures are now in place at the subject resort – 4 ½ years after the Sacks incident – are completely irrelevant, and compelling production of such information will not lead to the discovery of admissible evidence in this case.  Plaintiffs failed to argue to the contrary.  Moreover, any materials prepared *after* the Sacks incident would be in the nature of subsequent remedial measures.  Subsequent remedial measures are not admissible. Fed. R. Evid. 407; *see also Specialty Prods. Int'l, Ltd. v. Con-Way Transp. Servs., Inc*., 410 F. Supp. 2d 423, 427- 428 (M.D.N.C. 2006) (when feasibility and control are not in dispute, evidence of subsequent remedial measures is not admissible).

16.     Finally, Plaintiffs' argument that she seeks this request to show "feasibility" and "control" is unsupported by legal authority.  Plaintiffs have not argued to this Court that issues of control or feasibility are in dispute.  Rule 407 of the Federal Rule of Evidence provides that when, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event unless the subsequent remedial measure is offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted.  *See* Fed. R. Evid. 407.  The application of Rule 407 depends upon the circumstances of each case.  Ownership, control, or feasibility of any and all precautionary measures, however, are not in dispute.  Assuming, *arguendo,* that they are in dispute, Plaintiffs have failed to explain how discovery of the current policies and procedures in place – 4 ½ years

after the Sacks incident – could lead to the discovery of <u>admissible</u> evidence against the subject

Mexican resort relating to feasibility or control on or before June 8, 2003.  *See Philadelphia Nat'l*

*Bank v. Depository Trust Co*., 38 Fed. R. Serv. 2d 1314, 1316 (E.D. Pa. 1984) (refusing to allow

discovery of information regarding the period subsequent to the date in question because

plaintiffs failed to explain how discovery of material subsequent to the date of the incident, in

any way related to the actions of the defendants and plaintiffs on the date in question).  Thus, by

failing to claim these issues are in dispute and by failing to explain how this will lead to

discoverable evidence, Plaintiffs motion to compel should be denied.  *See Specialty Prods. Int'l,*

*Ltd., Inc*., 410 F. Supp. 2d at 427- 28.

<u>REQUEST FOR PRODUCTION NO. 10:</u>      True and correct copy of all policies, procedures, and training manuals for the security guards in dealing with medical procedures, which manuals and training materials are currently in effect at the subject Punta Mita resort.

<u>**RESPONSE:**</u> **Defendant objects to this request on the ground that it seeks the disclosure of subsequent remedial acts and information that is not relevant to any claim or defense in this action and seeks information not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1).**  (Exhibit C).

        17.      Defendant has previously produced copies of policies and procedures that were in

force and effect at the subject resort on the day of the accident – June 8, 2003.  In this Request,

Plaintiffs seek the policies and procedures that are in effect currently – more than 4 years after

the day of the accident.  Plaintiffs argue that they seek these policies and procedures that are

currently in effect, claiming that this information "is relevant to the procedures taken during the

course of assisting Mr. Sacks during his medical emergency [on June 8, 2003]."  This argument

defies logic.  Policies and procedures that were in place on June 8, 2003 would be relevant, but

the policies and procedures currently in place – 4 ½ years after the incident – are not remotely

relevant to what happened on the day of the incident, June 8, 2003.  Therefore, for all the reasons

more fully argued above, this request for subsequent remedial information is improper,

unsupported by legal authority, and Plaintiffs' motion to compel should be denied.

REQUEST FOR PRODUCTION NO. 15:   All daily bluebook or daily log of occurrences maintained by the resort or its employees from the opening date until sixty days post-incident in question.

**RESPONSE: Defendant objects to this request on the ground that it seeks the disclosure of subsequent remedial acts and information that is not relevant to any claim or defense in this action and seeks information not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1).  Defendant also objects to this request as overly broad and unduly burdensome because the time period for this request is too expansive and not limited to a relevant time period.  Defendant also objects to this request on the ground that it is vague and ambiguous because the phrases "daily bluebook" and "daily log of occurrences" are undefined.   Subject to and without waiving said objections, this Defendant has produced responsive documents relating to Mr. Sacks.** (Exhibit C).

18.    As stated, Defendant has produced all responsive "log" related documents relating

to Mr. Sacks.  Further, all of the "log" documents relating to the Sacks incident actually contain

the name Sacks in the log entries.   Therefore, it is preposterous that Plaintiffs argue that

"Defendant has not identified the produced documents by Bates numbers" because there is

nothing unclear about the "log" documents that Defendants have produced – all of which

specifically mention the name Sacks.

19.    Further, Plaintiffs' request for "log" documents for 60-days after the Sacks'

incident, could not possibly go to notice – as Plaintiffs argue – because the events would have

taken place after the Sacks incident.  Further, "log" documents after the Sacks incident are

subsequent remedial in nature, making this request improper on that basis as well – for all the

reasons more fully argued above.

20.    Finally, Defendants have disclosed documents and information regarding past

personal injury and/or death claims for the subject resort in response to Plaintiffs' discovery.  *See*

**Exhibit A**, pp. 3, 9-10.  Plaintiffs' have not defined "daily bluebook," as used in their request,

and its not a term Defendants use, but Defendants have nonetheless produced all the above

information regarding past claims relating to personal injury and/or death for the subject hotel.

REQUEST FOR PRODUCTION NO. 18:    All documents indicating any changes in emergency medical procedures applicable to the subject Punta Mita resort subsequent to the incident in question.

**RESPONSE: Defendant objects to this request on the ground that it seeks the disclosure of subsequent remedial acts and information that is not relevant to any claim or defense in this action and seeks information not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1).**  (Exhibit C).

21.    Defendants have produced the policies and procedures in place on June 8, 2003.

As with many of the requests discussed above, this request seeks disclosure of subsequent

remedial information – changes in policies and procedures made after the Sacks incident.

Therefore, for all the reasons more fully argued above, this request for subsequent remedial

information is improper, unsupported by legal authority, and Plaintiffs' motion to compel should

be denied.

## 2.   FSPM's Responses to Plaintiffs' Fourth Request for Production

REQUEST FOR PRODUCTION NO. 12:    The list of ambulance and contact numbers maintained in June, 2003, and at present at Punta Mita Four Seasons.  (See cleric Deposition, p.95.)

**RESPONSE: Defendant objects to this request on the ground that it seeks the disclosure of subsequent remedial acts and information that is not relevant to any claim or defense in this action and seeks information not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1).  Defendant also objects to this request as overly broad and unduly burdensome because the time period for this request is too expansive and not limited to a relevant time period.  Subject to and without waiving said objections, this Defendant has no documents responsive to this request, but did disclose the requested information in answer to an interrogatory.**  (Exhibit D).

22.    The final sentence of Defendant's response says everything this Court needs to

know.  There is no such list of ambulances and contact numbers as maintained in June 2003.

Regardless, Defendants have gone further and  – in response to an interrogatory and also through

deposition testimony of one of the hotel employees – provided Plaintiffs with all the information relating to the ambulances.  *See* **Exhibit A**, p. 2; *see also* Chacon deposition referenced in **Exhibit A**, attached hereto as **Exhibit K**.  Therefore, Plaintiffs motion to compel must be denied.

### 3.  FSPM's Responses to Plaintiffs' Fourth [sic – actually the Fifth Set] Request for Production

REQUEST FOR PRODUCTION NO. 5:      A complete copy of the personnel records for the following employees and former employees:
1.      Sergio Farias
2.      Nancy Chacon
3.      Gerardo Haro
4.      Phillip Real
5.      Rosa Isela
6.      Marina Zordain
7.      Andrew Lopez

**RESPONSE: Defendant objects to this request on the ground that it seeks the disclosure of subsequent remedial acts and information that is not relevant to any claim or defense in this action and seeks information not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1).  Defendant also objects to this request on the ground that it is oppressive, harassing, and seeks confidential and personal information relating to these seven individuals.**  (Exhibit E).

23.      Plaintiffs have not provided any showing of belief that these personnel records they seek contain information reasonably calculated to lead to the discovery of evidence admissible at trial.  *EEOC v. Ian Schrager Hotels, Inc.*, No. CV 99-0987GAFRCX, 2000 WL 307470 at *4 (C.D. Cal Mar. 8, 2000), *citing Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 448 (D. Minn. 1997) ("At a minimum, before a Court compels the production of non-party personnel files, it should be satisfied that the information in those files is, indeed, relevant."). Dr. Barajas – a licensed medical doctor – was always on-site during the Sacks incident and he was always in control of the response to Mr. Sacks' medical emergency because never was there a point in time when a member of the hotel staff was alone with Mr. Sacks during his medical emergency – Dr. Barajas was there at all times and was, understandably, directing and

controlling the medical treatment and response.   Therefore, the training of the hotel staff members is irrelevant in this case because the medical doctor on-scene was directing the treatment and response at all times.

24.     If the Court finds that Plaintiffs have made such a showing – Defendants believe they have not – an *in camera* review before an order compelling the production of the files is required to balance the need for the files against the non-party individual employees' interest in privacy.  *Stiward v. United States*, No. 05-1926, 2007 WL 2417382 at * 2 (E.D. La. Aug. 24, 2007) (discovery of the personnel files of non-party individual employees raises special concerns about the privacy rights of the individuals involved); *Coughlin v. Lee*, 946 F.2d 1152, 1160 (5th Cir. 1991).

### 4.   FSPM's Responses to Plaintiffs' Ninth Request for Production

REQUEST FOR PRODUCTION NO. 3:     A copy of the "night audit pack" for end of the day on June 8, 2003.

**RESPONSE: This Defendant produces documents responsive to this request herewith – with the credit card information for each guest (with the exception of Sacks) redacted for privacy reasons.**  (Exhibit F).

25.     As stated, Defendant has produced the requested "night audit pack."  Further, as can been seen from the attached letter, Plaintiffs statement that "Defendant has not identified the produced documents by Bates numbers" is completely false.   Exhibit A, p. 7.   Therefore, Plaintiffs' motion to compel must be denied.

REQUEST FOR PRODUCTION NO. 5:     A copy of the entire personnel file for Philip Real.

**RESPONSE: Defendant objects to this request on the ground that it seeks the disclosure of subsequent remedial acts and information that is not relevant to any claim or defense in this action and seeks information not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1).   Defendant also objects to this request on the ground that it is oppressive, harassing, and seeks confidential and personal information relating to this individual.**   (Exhibit F).

26.     For all the reasons more fully argued above – relating to the production of hotel employees' personnel files – Plaintiffs' motion to compel the personnel file for Philip Real is unsupported by legal authority, is improper, and must be denied.

### 5. **FSPM's Responses to Plaintiffs' Tenth Request for Production**

REQUEST FOR PRODUCTION NO. 1:     Copies of the operating budgets for 2002 and 2003 for the Four Seasons Punta Mita resort.

**RESPONSE: Defendant objects to this request on the ground that it seeks the disclosure of information that is not relevant to any claim or defense in this action and seeks information not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1). Defendant also objects to this request on the ground that it is oppressive, harassing, and seeks confidential information.** (Exhibit G).

27.     Defendants' financial information is not discoverable because it is irrelevant to Plaintiffs' allegations in this case.  *See, e.g.*, *Valdan Sportswear v. Montgomery Ward & Co.*, 591 F. Supp. 1188, 1193 (S.D.N.Y. 1984) (financial information not discoverable in suit for breach of contract and business torts); *In re Vitamins Antitrust Lit.*, 198 F.R.D. 296, 302 (D.D.C. 2000) (financial information not discoverable when no counterclaims for punitive damages or relevance to lost profits claim); *Am. Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 213-14 (D.D.C. 2006) (profitability did not provide insight on credibility of defense witnesses regarding lengths they might go to protect their enterprise).  The information sought by Plaintiffs in the instant premises liability case is even more remote to Plaintiffs' claims than in the cited cases.  Such information would not support Plaintiffs' claims, influence the outcome of this case, nor aid in the evaluation of the case.  For all the reasons argued above, comparing costs to costs is irrelevant—only comparing costs to harm is relevant in tort cases.  Therefore, Plaintiffs' motion to compel should be denied.

REQUEST FOR PRODUCTION NO. 2:     Copies of the profit and loss statements for the 2002

and 2003 for the Four Seasons Punta Mita resort.

**RESPONSE:  Defendant objects to this request on the ground that it seeks the disclosure of information that is not relevant to any claim or defense in this action and seeks information not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1).  Defendant also objects to this request on the ground that it is oppressive, harassing, and seeks confidential information.** (Exhibit G).

28.     For all the reasons argued above—namely that comparing costs to costs and

financial information are irrelevant in this tort action—Plaintiffs motion to compel should be

denied.

### 6.  FSHL's First Supplemental Responses to Plaintiff Holly Sacks' First Request for Production

REQUEST FOR PRODUCTION NO. 4:     True copies of all of the Defendant's advertising or other promotional material which was displayed or released through any media into the State of Texas between 1994 and January 2004.  Such request includes, but is not limited to:

    a.     Newsprint advertising;
    b.     travel industry publications and promotions;
    c.     internet website pages and links;
    d.     television and radio advertisements;
    e.     direct mail to travel agencies, cruise lines and airlines;
    f.     telephone or similar directory advertisements;
    g.     material distributed at trade and travel shows;
    h.     press releases and/or news releases describing Defendant's resorts or hotel
            properties located outside the state of Texas.

**OBJECTION:      Defendant objects to this request on the ground that it seeks the disclosure of information that is not relevant to any claim or defense in this action and seeks information not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1).    Defendant also objects to this request as overly broad and unduly burdensome because the time period for this request is too expansive and not limited to a relevant time period.** (Exhibit H).

29.     In Plaintiffs' complaint, there are no allegations of deceptive marketing or

advertising, and there are no allegations that Richard Sacks or Holly Sacks viewed any

advertising relating to medical facilities/treatment available or offered at the subject resort.

Plaintiffs' allegations are carefully and narrowly crafted to allege that Defendants maintained defective policies and procedures and/or Defendants' employees failed to follow the policies and procedures. *Am. Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 213-14 (D.D.C. 2006) (denying discovery of advertising and public relations documents that did not relate to claims of plaintiffs).  Further, this request is not limited to marketing and advertising regarding the subject resort in Punta Mita, Mexico – in fact is requests information applicable to any and all of the "Four Seasons" properties located throughout the world. Therefore, in the context of this case and Plaintiffs' actual allegations, the requested advertising and marketing information is completely irrelevant.  Finally, the 10 year time-period of material requested makes this request overbroad and unduly burdensome – particularly since the request requests material from as long ago as 14 years (1994).

## 7.   FSHL's Responses to Plaintiffs' Third Request for Production

REQUEST FOR PRODUCTION NO. 23:    All documents, meeting notes (including telephone or electronic) or emails reflecting any discussion of emergency medical services (including ambulance services) at any Four Seasons properties.

**RESPONSE: Objection, this request is vague and ambiguous as the phrase "Four Seasons properties" is undefined.  Objecting further, this request is overbroad and unlimited in time.   Subject to and without waiving said objections, this Defendant has no documents responsive to this request as it pertains to the subject Resort.**  (Exhibit I).

30.    Voluminous documents relating to the medical service at the subject resort have been produced to Plaintiffs by Defendant Four Seasons Punta Mita S.A. de C.V.  This request, however, seeks all documents, notes, and emails reflecting any discussion of emergency medical services at any of the 74 Four Seasons branded properties located throughout the world.  This request is not limited in any way by time – i.e. this request is not limited to a certain number of

years.  This request is not limited to documents generated prior to the Sacks incident, and it therefore seeks subsequent remedial information.

31.     There are currently 74 operating "Four Seasons" hotels located throughout the world.  Plaintiffs request for documentation from all 74 of these hotels for an unlimited period of time is overbroad and unduly burdensome.  *See Gutescu v. Carey Int'l, Inc.,* No. 01-4026-CIV, 2003 WL 25589031 at * 4 (S.D. Fla. Jun. 24, 2003) (denying discovery equaling nationwide canvass of all subsidiaries and locations when the alleged act involved only two locations).

32.     Further, admissible evidence in this case will relate to what happened or could have happened at the Four Seasons Punta Mita resort in Mexico on or before June 8, 2003, the date of the Sacks incident.  Evidence of what medical services may have been available in other countries of the world are completely irrelevant, and compelling production of such information will not lead to the discovery of admissible evidence in this case.  Plaintiffs have failed to argue to the contrary.  Moreover, any materials prepared *after* the Sacks incident would be in the nature of subsequent remedial measures – and improper for all the reasons more fully argued above. Therefore, Plaintiffs' motion to compel must be denied.

### 8.  <u>FSHL's Responses to Plaintiffs' Fifth [sic – actually Eighth set]<br>Request for Production</u>

<u>REQUEST FOR PRODUCTION NO. 1:</u>     Copies of the operating budgets for 2002 and 2003 for the Four Seasons Punta Mita resort.

**<u>RESPONSE:</u> Defendant objects to this request on the ground that it seeks the disclosure of information that is not relevant to any claim or defense in this action and seeks information not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1).** (Exhibit J).

33.     For all the reasons argued above—namely that comparing costs to costs and financial information are irrelevant in this tort action—Plaintiffs motion to compel should be denied.

REQUEST FOR PRODUCTION NO. 2:    Copies of the profit and loss statements for 2002 and 2003 for the Four Seasons Punta Mita resort.

**RESPONSE:  Defendant objects to this request on the ground that it seeks the disclosure of information that is not relevant to any claim or defense in this action and seeks information not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1).**  (Exhibit J).

34.    For all the reasons argued above—namely that comparing costs to costs and financial information are irrelevant in this tort action—Plaintiffs motion to compel should be denied.

### III.    PLAINTIFFS "AMENDED DISCOVERY REQUESTS"

### A.  Plaintiff Holly Sacks' First Request for Production to FSHL

AMENDED REQUEST FOR PRODUCTION NO. 5:  True copies of all written material that should have been provided by Defendants to Holly Sacks and/or Richard Sacks when they registered and checked into Defendant's Four Seasons Resort at Punta Mita.

**RESPONSE:  This Defendant has no documents responsive to this request.**  (Exhibit A).

35.    As stated, Defendant – without objection – previously responded that it has no documents responsive to this request.  *See* **Exhibit A**, p. 10.  Further, as can been seen from the attached letter, Plaintiffs statement that "Defendant has not addressed this request a [sic] should answer this request fully" is completely false.  *Id.*  Plaintiffs motion to compel must be denied.

### B.  Plaintiff Holly Sacks' Second Request for Production to FSPM

AMENDED REQUEST FOR PRODUCTION NO. 4:    The annual operating plan for Four Seasons Punta Mita from 1999 to date.

**RESPONSE:  Defendant objects to this request on the ground that it seeks the disclosure of subsequent acts and information that is not relevant to any claim or defense in this action and seeks information not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1).  Objecting further, the phrase "annual operating plan" is vague, ambiguous and undefined.**   (Exhibit A).

36.     As Defendant understands the vague terms "annual operating plan" as used in this request, it is a financial document that lists separate items of income and expenses, and other financial items at the resort.  Contrary to Plaintiffs' argument, this document does not contain information about allocation and planning for medical emergencies, it does not contain any information relating to "feasibility" and "control," it does not contain information regarding number of staff members on duty on certain days, and it does not contain information relating to "service maintenance."  It appears that Plaintiffs have just thrown these buzz words into their argument in an attempt to get this Court to compel production.  However, the "annual operating plan" is a financial document – akin to a budget and profit and loss statement.  For all the reasons more fully argued above, this type of financial documentation is not admissible and not discoverable in this case.

37.     Further, to the extent that Plaintiffs' seek "annual operating plans" in effect after June 8, 2003, such would be considered subsequent remedial in nature – and this information is not admissible and not discoverable for all the reasons more fully argued above.   Plaintiffs' motion to compel must be denied.

AMENDED REQUEST FOR PRODUCTION NO. 3[sic]: Each capital plan for Four Seasons Punta Mita Resort from 1999 to date.

**RESPONSE**: **Defendant objects to this request on the ground that it seeks the disclosure of subsequent acts and information that is not relevant to any claim or defense in this action and seeks information not reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1).   Objecting further, the phrase "capital plan" is vague, ambiguous and undefined.**  (Exhibit A).

38.     Defendant does not understand how this request for a "capital plan" is any different from Plaintiffs' request for "annual operating plan" in the previous request.  Defendant does not have a document it designates as a "capital plan."   Therefore, even if compelled to produce documents responsive to this request, Defendant would be unsure what to produce other

than the "annual plan" financial document discussed in response to the previously request above.

However, to the extent that Plaintiffs are seeking documents of a financial nature, these are not

admissible or discoverable for all the reasons more fully argued above.  Further, any documents

in effect after June 8, 2003 are subsequent remedial in nature.  Plaintiffs motion to compel must

be denied.

### C.  Plaintiff Holly Sacks' First Set of Interrogatories to FSPM

<u>AMENDED INTERROGATORY NO. 9</u>:     Identify if there is any law or rule on June 6, 2003
that must be complied with by Four Seasons Punta Mita as to medical emergencies.

**RESPONSE: Defendant objects to this interrogatory as seeking a legal opinion and/or
conclusion.  Defendant further objects to this interrogatory on the ground that it is vague
and ambiguous because the phrase "medical emergencies" is undefined.**  (Exhibit A).

39.     Texas law states that plaintiffs bear the burden to prove duty, breach, causation,

and damages in negligence cases.  *Urbach v. United States*, 869, F.2d 829, 831 (5th Cir. 1989).

When an interrogatory attempts to shift the burden onto a defendant, the interrogatory is

improper.  *See In re Vitamins Antitrust Lit.*, 120 F. Supp. 2d 45, 57 (D.D.C. 2000) (holding that

interrogatory attempting to shift burden of establishing personal jurisdiction is improper).  If

Plaintiffs believe that Defendant has breached an applicable law or rule, Plaintiffs bear the

burden of proving such – and the law does not allow Plaintiffs to switch the burden to Defendant,

as they attempt to do in this interrogatory, to identify laws or rules that Plaintiffs can argue were

breached.  Therefore, Plaintiffs motion to compel must be denied.

WHEREFORE, Defendants Four Seasons Hotels Limited and Four Seasons Punta Mita,

S.A. de C. V., request that this Court deny Plaintiff Holly Sacks Fifth [sic] Motion to Compel,

pay Defendants costs incurred in responding to this motion on the discovery items that have

previously been resolved, and for such other and further relief to which Defendants may be justly

entitled both at law and equity.

Respectfully submitted,

CREMER, KOPON, SHAUGHNESSY & SPINA, L.L.C.


By:     /s/William J. Cremer
         WILLIAM J. CREMER (*Of Counsel*)
         State Bar No. 6180833
         180 N. LaSalle, Suite 3300
         Chicago, Illinois 60601
         (312) 980-3014 (Telephone)
         (312) 726-3818 (Telecopier)
         E-mail: wcremer@cksslaw.com

         MARCOS G. RONQUILLO (*attorney in charge*)
         State Bar No. 17226000
         JOSE L. GONZALEZ (*of counsel*)
         State Bar No.  08129100
         GODWIN, PAPPAS, RONQUILLO, LLP
         1201 Elm Street, Suite 1700
         Dallas, Texas 75270-2084
         (214) 939-4400 (Telephone)
         (214) 760-7332 (Telecopier)
         E-mail: mronquillo@godwinpappas.com
         E-mail: jgonzalez@godwinpappas.com

## CERTIFICATE OF SERVICE

This is to certify that on January 17, 2008, this response to Plaintiff Holly Sacks' Fifth [sic] Motion to Compel was served on the following counsel electronically via the Court's ECF system:

Windle Turley
Law Offices of Windle  Turley, P.C.
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206

Winford L. Dunn
Dunn, Nutter & Morgan, L.L.P.
Suite Six, Stateline Plaza, Box 8030
Texarkana, Texas 71854

Marcos G. Ronquillo
Jose L. Gonzalez
Godwin, Pappas, Ronquillo, LLP
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2084

/s/William J. Cremer_____