IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| HOLLY ANN SACKS, Individually and as Representative of the Estate of RICHARD TODD SACKS, MELVIN PHILLIP SACKS, and MARILYN PROCTOR,<br><br>　　　Plaintiffs,<br><br>V.<br><br>FOUR SEASONS HOTELS LIMITED AND FOUR SEASONS PUNTA MITA, S.A. de C.V.,<br><br>　　　Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION<br>NO. 5:04-CV-73 |

# HOLLY SACKS' RESPONSE TO THE ZAMORA AFFIDAVIT AND SUPPLEMENTAL ARGUMENT REGARDING INVESTIGATION REPORTS

COMES NOW Plaintiff Holly Sacks and files this Supplemental Response to the argument submitted at the hearing on Defendants' Motion for Sanctions held January 23, 2008, and her response to the Affidavit of Samuel Zamora filed by the Defendant Four Seasons on February 1, 2008.

**I.　ZAMORA'S AFFIDAVIT ONLY REFERS TO THE MISSION INVESTIGATION REPORT WHICH HOLLY SACKS KNEW NOTHING ABOUT UNTIL AUGUST 2007.**

Zamora's affidavit goes to the Mission Investigation Report. Plaintiff Holly Sacks testified, and her counsel argued, in its brief and at the January 23rd hearing, that Holly Sacks was unaware of the existence of a Mission Report until the Defendants first inquired about it in August, 2007.

Zamora's affidavit confirms that fact and confirms that he was not hired by Holly Sacks,

she was not present at any pre- or post-investigation meetings with him, and that she was not provided a copy of his report.

While the report fails to even name or identify what person is alleged to have told Zamora about an alleged drug purchase, it is noted that Zamora still fails to address that matter in his affidavit.

In any event, Holly Sacks never had his report, and her objection to the Defendants' discovery request for it, stating that she did not have the report, was correctly asserted.

## II.   THE ATTORNEY WORK PRODUCT PRIVILEGE HAD BEEN PROPERLY AND ADEQUATELY ASSERTED IN NOVEMBER 2004 AND THEN AGAIN IN AUGUST 2007 BY PLAINTIFF HOLLY SACKS.

In the hearing on January 23rd, the Court inquired as to whether Holly Sacks had adequately asserted her privilege objection to the subsequent Hambright investigation report, an investigation that was clearly commissioned by attorney Larry Friedman. Holly Sacks had received a partial copy of that report.

In November 2004 and then the very same again in August 2007, when Defendants requested that Plaintiff Holly Sacks produce all ***documents "prepared by an investigator,"*** Plaintiff adequately and properly asserted attorney work product privilege in compliance with the Federal Rules of Civil Procedure in her discovery Responses to Request No. 26,[1] as follows:

|   | Rule 26(b)(5)(A) | Plaintiff's compliance |
|---|---|---|
| A. | Information Withheld. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged . . . , the party shall make the claim expressly | "...this information request *[sic]* attorney work product . . . that is not discoverable. . . ." |

---

[1] *See* Plaintiff's Responses of November 5, 2004 to Defendants' Request for Production, attached as Exhibit A.  *See* Plaintiff's Supplemental Responses of August 16, 2007 to Defendants' Requests for Production, attached as Exhibit B.

|   | Rule 26(b)(5)(A) | Plaintiff's compliance |
|---|---|---|
| B. | and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, | "This request also asks Plaintiff to produce . . . privileged information. This requests includes . . . attorney work product relating to witness statements and liability evaluations." |
| C. | will enable other parties to assess the applicability of the privilege or protection | "This requests includes . . . attorney work product relating to witness statements and liability evaluations."<br><br>*Defendants were thus alerted to the possibility of the Hambright report (the portion that Holly Sacks actually possessed) by this response, as shown by Defendants' reference at the 01/23/08 hearing to a follow up letter they sent to Attorney Hart. *See* Hearing Transcript at 164, lines 3-12. |

By this response, Defendants had been on notice since November 5, 2004. Defendants even responded and sent a letter starting to follow up with Attorney Hart in early 2005.[2] After being put on notice of a claimed privilege, Defendants apparently dropped the matter and did not <u>properly</u> discover the Hambright report until Plaintiff withdrew her objection and <u>gave</u> the Report to them in 2008! It was, and is, Defendants' burden to properly and diligently follow up to uncover information for their defenses. It was Defendants' burden to establish good cause existed to override Plaintiff's privilege assertion. It is certainly not Plaintiff's nor the Court's burden to do Defendants' work for them.

Defendants had not been diligent, had not properly followed up on Plaintiff's privilege assertion, and have chosen to do nothing until now. Defendants are way more than a dollar short and a day late. The Court should not reward Defendants or defense counsel for their want of competence or lack of diligence.

---

[2] *See* January 23, 2008 hearing transcript, at 164, lines 3-12.

Respectfully submitted,

TURLEY LAW FIRM

   /s/ Windle Turley
Windle Turley
State Bar No. 20304000
Linda Turley
State Bar No. 20303800
T Nguyen
State Bar No. 24051116
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802

ATTORNEYS FOR PLAINTIFF
HOLLY SACKS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document has been served upon all counsel listed below on this 18th day of February, 2008.

Marcos G. Ronquillo
José Gonzalez
Godwin Pappas Ronquillo, L.L.P.
Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, TX 75270-2084
mronquillo@godwingruber.com
kwillis@godwingruber.com
jgonzalez@godwingruber.com

Williams Cremer
Cremer, Kopon, Shaughnessy
180 North LaSalle, Suite 3300
Chicago, IL 60601
wcremer@ksslaw.com

Winford L. Dunn
State Bar No. 06255000
Dunn, Nutter & Morgan, L.L.P.
3601 Summerhill Road
Texarkana, TX 75503
wldunn@dnmlawfirm.com


                                         /s/ Windle Turley
                                         Windle Turley