IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| HOLLY ANN SACKS, Individually and<br>as Representative of the Estate of<br>RICHARD TODD SACKS, MELVIN<br>PHILLIP SACKS, and MARILYN<br>PROCTOR,<br>    Plaintiffs | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| VS. | §<br>§<br>§ | CIVIL ACTION NO. 5-04-073<br>JURY TRIAL |
| FOUR SEASONS HOTEL LIMITED<br>and FOUR SEASONS PUNTA MITA,<br>S.A. de C.V.,<br>    Defendants | §<br>§<br>§<br>§ | |

PLAINTIFF'S MELVIN PHILLIP SACKS AND MARILYN PROCTOR'S
REPLY TO DEFENDANTS' SUPPLEMENT TO THE RECORD WITH AFFIDAVITS
OF SAMUEL ZAMORA AND DANIEL PHILLIPS

COMES NOW Plaintiff's Melvin Phillip Sacks and Marilyn Proctor, and in accordance with the Court's Order of February 8, 2008, do hereby file their reply to "Defendants' Supplement to the Record of the Hearing Held on January 23, 2008, with the Affidavits of Samuel Zamora and Daniel Phillips."

I.

Plaintiffs' counsel's letter dated November 13, 2007, to Mission Investigations was for the purpose of putting Mission Investigations on notice that a motion was being filed with the Court objecting to the production of the Mission Investigations report until the Court had ruled. A copy of my letter is also attached herewith as Exhibit "1", which when read in its four line entirety, is clear as to the purpose of informing Mission Investigations in this regard. The partial quoting of Defendants' counsel's letter in indicating something improper, is unfounded. It is another of the many circumstances that counsel for Defendants' have attempted to misstate facts and circumstances in this case.

The Court did enter its Order dated December 6, 2007, denying the requested relief and the Deposition on Written Questions proceeded with Mission Investigations. Defendants' received all

*Plaintiff's Melvin Phillip Sacks and Marilyn Proctor's Reply to Defendants' Supplement to
the Record with Affidavits of Samuel Zamora and Daniel Phillips*
*-Page 1-*

documents from Mission Investigations, which obviously included documents attached to Mr. Zamora and Mr. Phillips affidavits' that Plaintiffs' counsel, nor his clients, had in their possession.

## II.

Attached herewith is the affidavit of Marilyn Proctor as Exhibit "2" in which she addresses the affidavit of Mr. Samuel Zamora and Mr. Daniel Phillips, both as to her possession and knowledge of the Mission Investigations report, as well as the misstated assertions of facts and circumstances made by Mr. Zamora and Mr. Phillips. As previously represented to the Court on January 23, 2008, the affidavit of Marilyn Proctor, which is attached hereto, reflects that her first occasion to have a copy of the report itself was after August 2007 when her attorney forwarded it to her after being received from from Melvin Sacks. (Transmittal date is November 14, 2007.)

Marilyn Proctor further states in her affidavit that she never discussed the Mission Investigations investigation or report with her previous counsel, Mr. John Hart, and the first occasion to discuss it with present counsel Winford Dunn, was after August of 2007. The attached affidavit of Marilyn Proctor also reflects that both she and Mr. Zamora acknowledged to each other at the Court's hearing held on January 23, 2008, that that was the first occasion that they had ever met. She acknowledges that she did speak by telephone with Mr. Zamora and Mr. Phillips, but takes issue with a number of the assertions regarding the purpose of the investigation and assertions regarding Holly Sacks. The deposition testimony of Marilyn Proctor, which the Defendants' attached to their motion for "Emergency Sanctions" at the hearing held on January 23, 2008, has been attached and incorporated in her affidavit. Marilyn Proctor states that her testimony she has given is correct when the questions are viewed with hearsay information that is contained in the Mission Investigations report.

## III.

The affidavit of Melvin Sacks is attached hereto as Exhibit "3". Mr. Sacks affirms his previous testimony to the Court which was given on January 23, 2008, regarding the circumstances of the Mission Investigations investigation and report. Melvin Sacks does supplement additional information in regard to the date and amount of the payment he made to Mission Investigations.

The record reflects that he paid the initial retainer of $2,500.00 on June 16, 2003, and the

balance of $550.90 by check dated July 1, 2003. The bill was not sent to Marilyn Proctor with the report. He has further addressed his belief that Marilyn Proctor did not meet at anytime with Mr. Zamora, or was she delivered a copy of the Mission Investigations report. Mr. Sacks' affidavit also recites his hearing Mr. Zamora state to Marilyn Proctor on January 23, 2008, at the Court's hearing, that he had not met Marilyn before.

The affidavit of Mr. Sacks regarding the Mission Investigations report and the supplemental Hambright Consulting report to counsel being delivered for the first time in August of 2007, is as he testified to the Court on January 23, 2008. There are additional references in which he has attempted to refresh and recall his memory about which attorneys may have been involved in getting him and/or his son Jeffrey initially in contact with Mission Investigations. There are also a number of issues in the affidavit of Mr. Zamora that Mr. Sacks states he believes to be incorrect and misstated.

## IV.

To date, Defendants' have taken the deposition of no fact witnesses, except Jeffrey Sacks, which was taken on February 11, 2008. As acknowledged by defense counsel Jose Gonzales at the Court's hearing held on January 23, 2008, fact discovery in this matter did not commence by Defendants' until about a year and half ago. This was the result of the Defendants' request that fact discovery not commence until after the determinations regarding the Defendants' Motion to Dismiss on Forum Non Conveniens grounds were heard. Defendants' were able to delay the commencement of fact discovery by taking an interlocutory appeal to the Fifth Circuit. Thus, any argument about being prejudiced with not having the Mission Investigations report or the Hambright Consulting report, is unfounded. To indicate prejudice or even lack of information is contrary to the same factual information identified as early as August 2, 2004, by Defendants' two named witnesses Ms. Nancy Chacon and Mr. Cesar Vidrio Torres.

It is also obvious from Four Seasons' prepared timeline of events and individual witnesses named herein that Four Seasons information included reference to "illicit drugs" since June 8, 2003. The June 17, 2003 letter in this record gave them the name, address and telephone number of Mission Investigations.

---

In addition, Defendants' counsel has had the personal statement of activity of Richard and Holly Sacks, prepared by Holly Sacks since November 5, 2004, that was produced in response to Interrogatory No. 3 to Defendants' First Set of Interrogatories to Plaintiff Holly Ann Sacks, Individually which is attached hereto as Exhibit "4".   None of those witnesses have been sought by Defendants' for deposition.

Discovery and Rule 26 Disclosure of both Plaintiffs' and Defendants', dated August 2, 2004, gave names of the specific taxi driver from Four Seasons that delivered and waited for Holly and Richard to have dinner at Cafe de Artistes in Puerto Vallarta, Mexico.  The reports of Mission Investigations and Hambright Consulting, gave no additional information than that which they already had about "illicit drugs."   Each of these reports are hearsay and contain no information that Defendants' did not know about, and Defendants' have acknowledged that they knew about by their own disclosures dated August 2, 2004, July 20, 2005 and September 21, 2005.

## V.

Defendants' Initial Disclosures dated August 2, 2004, Defendants' First Amended Initial Disclosures dated September 21, 2005, and their statements about fact witnesses in their Forum Non Conveniens motion filed with this Court on July 20, 2005, all listed Mr. Cesar Vidrio Torres (taxi driver) and Ms. Nancy Chacon (Four Seasons Director of Rooms).   Defendants' First Amended Disclosures dated September 21, 2005,  states the following:

Cesar Vidrio Torres

> Cesar Vidrio Torres (taxi driver)
> Calle Cardenal #160, Ing. 1, Col. Los Sauces
> Puerto Vallarta, Jal., Mexico
> Tel. +52 (322) 225 6103

> "This witness is expected to have information regarding Mr. and Mrs. Sacks' activities in Mexico on June 6 and 7, 2003, including but not limited, where Mr. and Mrs. Sacks visited and ate on those days and also what type of activities Mr. and Mrs. Sacks inquired about on those days.  More specifically, this witness is expected to have information regarding Mr. Sacks' request to use illegal drugs in this witness' taxi during this time frame."

Nancy Chacon:

> "Ms. Chacon is the Director of Rooms at the subject Hotel. She is expected to have information regarding the incident involving Richard Todd Sacks on June 8, 2003, as she called security following Mrs. Sacks' request for medical assistance and she was an eyewitness to Dr. Barajas' treatment of Mr. Sacks on June 8, 2003. Also, Ms. Chacon observed Mr. Sacks' dispose of a large bag of Marijuana Following Mr. Sacks' death. She is also expected to have information regarding Hotel policies and procedures relevant to responding to medical needs of a guest. This witness may be contacted through Defendants' legal counsel."

In addition to the Defendants' above-referenced disclosures about the activities of Richard and Holly Sacks on June 6, 7 and 8, 2003, the Plaintiffs' Initial Disclosures dated August 2, 2004, disclosed to the Defendants' the following names and information:

> "All agents, representatives and/or employees of:
> Blue Van Concession Service
> Address and telephone number unknown
> Francisco Salazar, Owner
> Mr. Glass- Driver of van that took the Sacks to Cafe de Artistes"

> "All agents, representatives and/or employees of:
> Cafe de Artistes
> Guadalupe Sanchez 740, Centro
> Puerto Vallarta, Mexico
> 01 (322) 22 232 28 / 29
> Restaurant where Richard and Holly Sacks had dinner night before incident"

The Defendant's have never sought to depose Mr. Cesar Vidrios Torres, Mr. Glass, Mr. Francisco Salazar, or any employees of Cafe de Artistes. The Defendants' have not disclosed any investigation that they have done as a follow up or a more detailed description of their reference to Mr. Cesar Vidrios Torres' "information regarding Mr. Sacks' request to use illegal drugs in his taxi during this time frame." To this date, the Defendants' have not sought to depose, nor have they disclosed any further interview with witnesses concerning any "illicit" drug activity of

*Plaintiff's Melvin Phillip Sacks and Marilyn Proctor's Reply to Defendants' Supplement to the Record with Affidavits of Samuel Zamora and Daniel Phillips*
*-Page 5-*

Richard and Holly Sacks, even though they have had ample opportunity. Only the Plaintiffs' have sought to obtain testimony of various fact witnesses regarding this incident which include Ms. Nancy Chacon.

**VI.**

Even when witnesses were located by Plaintiffs', who now live considerable distances from Punta Mita, Mexico, and were voluntarily willing to testify on deposition, Defendants' have objected. Defendants' have sought and obtained orders quashing depositions under the Hague Convention, even after Plaintiffs' went through the difficult time of contacting and scheduling available times and locations of these witnesses who were willing to testify under oath, and coordinated those dates with Defendants' counsel. These witnesses in particular include Sergio Farias and Mariana Zardain. Their sworn statements were taken on August 31, 2007, in Los Cabos, Mexico as the Court is aware, before the cut off date for fact witness discovery under the Court's Scheduling Order.

The timeline of activities prepared by Four Seasons starting with June 8, 2003 and testified to by their manager Mr. Ricardo Acevedo in his deposition, which was taken by Plaintiffs' in Miami, Florida, reveals that Defendants' had more than ample access to any information contained in the Mission Investigations or Hambright Consulting reports to pursue the issue of "illicit drugs." (Attached as Exhibit 5 Defendants' counsel have been so proud to reference what Ms. Nancy Chacon knew about the incident in question, including the disposition of a bag by Holly Sacks in front of Four Seasons employees that "they determined to be marijuana." Four Seasons never did any toxicology testing on the marijuana, yet they have criticized Plaintiffs' on their deposition for not doing such toxicology testing.

**VII.**

After Plaintiffs' obtained sworn factual statements from witnesses in various parts of Mexico and provided them to Defendants' and Plaintiffs' expert Fred Del Marva, the Defendants' canceled the agreed deposition and filed another complaint to this Court about discovery. Defendants' filed a motion to extend or modify the discovery cut off date from the date set by the Court's last Scheduling Order, which ended fact discovery on November 15, 2007. Yet without

obtaining the Court's ruling or permission, they proceeded to notice the deposition of Jeffrey Sacks for February 11, 2008, and take his deposition.

## VIII.

There have been many disclosed witnesses by both Plaintiffs' and Defendants' that have been identified. Most of the witnesses identified by Plaintiffs' were initially stated to be subject to being located by contact with Defendants' counsel. Witnesses that were employees of Four Seasons, by the time they were willing to go forward with fact discovery starting less than a year and a half ago, (which was more than three years after the June 8, 2003 death of Richard Sacks) had almost all moved or scattered to places other than Punta Mita, Mexico. Defendants' were unwilling to even depose some of them after first agreeing to and then refusing by raising the rules of the Hague Convention even on witnesses who volunteered to testify. The management and related employees that planned the construction of Four Seasons in Punta Mita, Mexico, and who acted as Four Seasons Punta Mita managers at various levels, had relocated to among other places, Chicago, Miami, Los Angeles, Dallas and other places around the world. Plaintiffs' have deposed some of those Four Seasons managers in the United States. Two were deposed by Plaintiff's in Puerto Vallarta, Mexico since Defendants' objected to them being deposed at Four Seasons Punta Mita where they were still located at that time. Again, the Defendants' have not sought any fact witness depositions other than the parties during the Court's time period for fact witness discovery. Only after the close of fact witness discovery have Defendants' seen fit to depose Jeffrey Sacks on February 11, 2008.

## IX.

Four Seasons attorneys have shown that they know the procedure for obtaining the deposition of a witness in accordance with the Hague Convention. They have made no effort to depose Mr. Cesar Vidrios Torres, Mr. David Glass, Mr. Francisco Salazar, any employee of the restaurant Cafe de Artistes, or even the doctor who treated Richard Sacks and no longer lives in Punta Mita, Mexico. To contend now that the Hague Convention rules will make the pursuit of discovery of facts contained in the Mission Investigations and Hambright Consulting reports a major issue for completing discovery is contrary to the Defendant's efforts to discover this same

information that Defendants' have had since June of 2003 by their timeline and certainly by Plaintiffs' Initial Disclosures dated August 2, 2004 and Holly's statement of events delivered to Defendants' on November 5, 2004.   Yet Defendants' complain about reports and label their objection as creating the need for an "Emergency" motion. Their historical diligence in this case is continuing with the several present motions pending with this Court.

Respectfully submitted,

**DUNN,  NUTTER & MORGAN, L.L.P.**

/s/ Winford L. Dunn, Jr.
Winford L. Dunn, Jr.
State Bar No. 06225000
3601 Summerhill Road
Texarkana, Texas  75503-0716
wldunn@dnmlawfirm.com

**ATTORNEYS FOR PLAINTIFF'S
MELVIN SACKS & MARILYN PROCTOR**

## CERTIFICATE OF SERVICE

I, Winford L. Dunn, Jr., attorney for Plaintiff's Melvin Phillip Sacks and Marilyn Proctor, hereby certify that the foregoing Plaintiff's Melvin Phillip Sacks and Marilyn Proctor's Reply to Defendants' Supplement to the Record with Affidavits of Samuel Zamora and Daniel Phillips has been forwarded to the following attorneys of record on this 18th day of February, 2008 via electronic transmission via clerk:

Marcos G. Ronquillo
José Gonzalez
Godwin, Pappas & Ronquillo L.L.P.
Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2084
mronquillo@godwinpappas.com
jgonzalez@godwinpappas.com

William Cremer
Cremer, Kopon, Shaughnessy
180 North LaSalle, Suite 3300
Chicago, IL 60601
wcremer@cksslaw.com

Windle Turley
Linda Turley
Turley Law Firm
1000 Turley Law Center
6440 N. Central Expressway
Dallas, Texas 75206
win@wturley.com
lindat@wturley.com