IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| HOLLY ANN SACKS, Individually and as Representative of the Estate of RICHARD TODD SACKS, MELVIN PHILLIP SACKS, and MARILYN PROCTOR,<br>    Plaintiffs | § § § § § § § § | |
| VS. | § § § | CIVIL ACTION NO. 5-04-073<br>JURY TRIAL |
| FOUR SEASONS HOTEL LIMITED and FOUR SEASONS PUNTA MITA, S.A. de C.V.,<br>    Defendants | § § § § | |

## PLAINTIFF MELVIN SACKS' RESPONSE TO DEFENDANTS' SECOND MOTION FOR SANCTIONS FOR DISCOVERY ABUSE AGAINST PLAINTIFF MELVIN PHILLIP SACKS AND HIS COUNSEL

COMES NOW Melvin Phillip Sacks, Plaintiff, by and through his attorney and would file the following response:

### I.

Plaintiff and his counsel would deny the Defendants' motion and allegations that Defendants' counsel learned of the referenced lawsuit following the January 23, 2008 hearing in preparation of the deposition which was taken on February 11, 2008. The firm of Godwin, Pappas, Langley & Ronquillo represented one of the defendants in the lawsuit since before December 27, 2007. (See Plaintiff's First Amended Petition filed December 27, 2006 as Exhibit "B" to Defendants' motion) The firm represented defendant Felix L. Hicks, as shown by the certificate of service on the pleading. The law firm has changed names, one or more times, since this lawsuit commenced, but Mr. Marcos Ronquillo has remained a named partner. Further, the pleadings and orders are all of public record, equally available to Defendants' counsel as to

Plaintiffs'. The pleading alleges that Mr. Felix L. Hicks, is or was, an employee of the Plaintiff Atrium Companies, Inc., and one of the "primary alleged" individuals involved in certain kickbacks.

## II.

A compromise settlement was reached between the Plaintiff, Atrium Companies, Inc., Defendant, Integrated Packaging and Jeffrey Sacks, which included among other terms, a requirement that both parties were subject to a confidentiality agreement.

Plaintiff Melvin Sacks was and is an employee of Integrated Packaging. He is not, nor has he ever been, an owner of Integrated Packaging. He along with three other individual employees of Integrated Packaging were named initially as parties in the lawsuit shown as Exhibit "B" to Defendants' Motion. Melvin Sacks and each of those other three named employees were dismissed with prejudice shortly after Melvin Sacks and the three other Integrated Packaging employees were named. (See Exhibit "H" and Exhibit "I" to Defendants' Motion)

## III.

Melvin Sacks was advised that a compromise settlement had been entered into between Integrated Packaging and Plaintiff Atrium Companies, Inc. As an employee of Integrated Packaging, he was told he was subject to a confidentiality agreement and he was not to discuss the lawsuit because of the confidentiality restriction. It was on the basis of that instruction to Melvin Sacks that counsel for Melvin Sacks did object on Melvin Sacks' deposition to certain questions asked regarding that lawsuit. A copy of the Compromise Settlement Agreement is submitted to the Court under seal for the Court's review and consideration in reviewing the position of Plaintiff Melvin Sacks and counsel in regard to those privilege objections, and this response to Defendants' motion.

IV.

Melvin Sacks has never been an owner of Integrated Packaging. He was an employee. He was told, as was his attorney, and the compromise settlement agreement provided to the Court under seal reveals, that Integrated Packaging was subject to a confidentiality agreement. Melvin Sacks, as an employee, was subject to not discussing matters regarding the lawsuit. Integrated Packaging would have had to include its employees in the confidentiality agreement in regard to what, if anything, they knew or the confidentiality agreement would have no meaning. Melvin Sacks' attorney raised the confidential objection as shown in the deposition exhibit "O" attached to Defendants' motion. While the actual knowledge of Melvin Sacks regarding the lawsuit is limited, he acted as did his attorney, to object on confidentiality grounds as an employee. No further claim or motion contending to the contrary has been made by Defendants' counsel. Defendants' counsel has had the pleading in the lawsuit of Atrium vs. Integrated Packaging through their representation of defendant Felix L. Hicks since before December 27, 2006 as shown by the certificate of service in that pleading (Exhibit "B" to Defendants' motion). Defendants' could not have been prejudiced by any omission of information about names of any witnesses. Plaintiffs' have had no basis for claiming any use of matters in this lawsuit since they have not made a claim for support that would be dependent on Integrated Packaging.

V.

Defendants' make assertions in their motion indicating that there may be additional documents and issues related to the Atrium lawsuit. Counsel for Melvin Sacks has not received discovery documents from attorneys for Four Seasons regarding the Atrium lawsuit. It is difficult for counsel to understand how that might have merit in this lawsuit for the claims they

are asserting. Again, counsel for Defendant Four Seasons took no deposition of other witnesses available to them and known to them during the time for fact discovery in this case. Defendants' have now taken the Jeffrey Sacks deposition on February 11, 2008, well past the Court's cut off under the then existing Scheduling Order. Defendants' counsel has never taken the deposition of their own client, Felix L. Hicks, who is alleged in the pleading to have considerable knowledge about the allegations made in the lawsuit.

## VI.

Defendants' assert that certain notes of Dr. Neil Ravella bear on the issues regarding non-disclosures of this motion. Defendants' counsel has again overstated and/or misstated the testimony of Dr. Ravella regarding the significance of the disclosure of Melvin Sacks' emotional trauma and concern. Dr. Ravella's deposition reveals that his notes should not be interpreted as a substantive record of facts. Dr. Ravella testified on his deposition that his notes did not reflect real fact, as oppose to the highly emotional and even fantasized causes for feelings that his patient Melvin Sacks had about the death of his son Richard Sacks. See attached pages 109-122 of his deposition as Exhibit "A" in regard to the assertions by Dr. Ravella that his notes do not reflect an indication of the existence of underlying facts.

## VII.

In regard to the expert Dr. Thomas H. Mayor, I am not addressing the issues raised for the reason that neither Melvin Sacks or Marilyn Proctor, the parents of Richard Sacks, have had the financial information referenced in the motion, nor did they provide it except as was made available by Mr. John Hart who represented all three parties, or more recently by the Law Firm of Windle Turley in behalf of Holly Sacks.

WHEREFORE PREMISES CONSIDERED, Plaintiff Melvin Sacks moves that the Defendants' Second Motion for Sanctions for Discovery Abuse Against Plaintiff Melvin Phillip Sacks and His Counsel be denied.

Respectfully submitted,

**DUNN, NUTTER & MORGAN, L.L.P.**

/s/ Winford L. Dunn, Jr.
Winford L. Dunn, Jr.
State Bar No. 06225000
3601 Richmond Road
Texarkana, Texas  75503-0716
wldunn@dnmlawfirm.com

**ATTORNEYS FOR PLAINTIFF'S
MELVIN SACKS & MARILYN PROCTOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff Melvin Sacks' Response to Defendants' Second Motion for Sanctions for Discovery Abuse Against Plaintiff Melvin Phillip Sacks and His Counsel has been served upon all counsel listed below via electronic transmission via clerk on this <u>10th</u> day of March, 2008.

Marcos G. Ronquillo
José Gonzalez
Godwin, Pappas & Ronquillo, L.L.P.
Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2084
mronquillo@godwinpappas.com
jgonzalez@godwinpappas.com

Williams Cremer
Cremer, Kopon, Shaughnessy
180 North LaSalle, Suite 3300
Chicago, IL 60601
wcremer@cksslaw.com

Windle Turley
Linda Turley
Turley Law Firm
1000 Turley Law Center
6440 N. Central Expressway
Dallas, Texas 75206
win@wturley.com
lindat@wturley.com

/s/ Winford L. Dunn, Jr.
Winford L. Dunn, Jr.